# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | § | |
| | § | **Civil Action No. 6:12-CV-100-LED** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **APPLE, INC.,** | § | |
| | § | <u>ORAL ARGUMENT REQUESTED</u> |
| *Defendant*. | § | |

**DEFENDANT APPLE INC.'S MOTION TO TRANSFER VENUE**
<u>**TO THE NORTHERN DISTRICT OF CALIFORNIA**</u>

## Table of Contents

Page

I.  INTRODUCTION ...........................................................................................................1

II.  FACTUAL BACKGROUND ........................................................................................3
  A.  Core Wireless Licensing S.a.r.l. ...................................................................3
  B.  Apple Inc. ........................................................................................................4
  C.  The Patents and Inventors ..............................................................................4
  D.  Apple's Baseband Chip Suppliers ..................................................................5

III.  THE NORTHERN DISTRICT OF CALIFORNIA IS A CLEARLY MORE
  CONVENIENT FORUM ...............................................................................................5
  A.  Core Wireless's Strategic Efforts to Create Venue in This District
    Are Entitled to No Weight ..............................................................................6
  B.  The Private Interest Factors Favor Transfer to the Northern District of
    California .........................................................................................................7
    1.  Relevant Evidence is Located in the Northern District of
      California ............................................................................................7
    2.  The Northern District of California Will be More Convenient
      for Willing Witnesses .........................................................................9
    3.  More Unwilling Witnesses Will be Subject to Compulsory Process
      in the Northern District of California...............................................10
    4.  Judicial Economy Favors Transfer to the Northern District of
      California ..........................................................................................11
  C.  The Public Interest Factors Favor Transfer to the Northern District of
    California .......................................................................................................11
    1.  The Northern District of California Has a Strong Local Interest in
      Deciding this Case While the Eastern District of Texas Has No
      Particularized Local Interest in this Litigation................................11

IV.  CONCLUSION...........................................................................................................13

**Table of Authorities**

Page

<u>Federal Cases</u>

*Affinity Labs of Texas, LLC v. Apple Inc.*,
   No. 9:09-CV-47, 2009 WL 7376918 (E.D. Tex. Aug. 25, 2009) ............................................. 2

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*,
   261 F.R.D. 112 (E.D. Tex. 2009).................................................................................... 10, 11

*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008) ................................................................................. 10

*Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc.*,
   No. 2:10-CV-448, 2012 WL 122562 (E.D. Tex. Jan. 9, 2012)................................................ 12

*Fujitsu Ltd. v. Tellabs, Inc.*,
   639 F. Supp. 2d 761 (E.D. Tex. 2009) ............................................................................ *passim*

*GPNE Corp. v. Amazon.com, Inc., et al.*,
   No. 11-00426 SOM-RLP, 2012 WL 1656923 (D. Haw. May 9, 2012) ................................... 3

*Harvey v. Apple Inc.*,
   No. 2:07-CV-327, 2009 WL 7233530 (E.D. Tex. Oct. 8, 2009) ................................................ 2

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)........................................................................................... 7, 9

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)...................................................................................... 2, 8, 12

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011)........................................................................................... 1, 7

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)......................................................................................... 6, 10

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ......................................................................................... 5, 6, 10

*Internet Machs. LLC v. Alienware Corp., et al.*,
   No. 6:10-CV-023, 2011 WL 2292961 (E.D. Tex. June 7, 2011)............................................ 11

*Network Prot. Sci., LLC v. Juniper Networks, Inc.*,
   No. 2:10-CV-224-JRG, 2012 WL 194382 (E.D. Tex. Jan 23, 2012) ...................................... 12

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
   No. 6:09-CV-390, 2010 WL 3855520 (E.D. Tex. Sep. 30, 2010).................................... *passim*

**Table of Authorities**

<u>Page</u>

*Optimum Power Solutions LLC v. Apple Inc., et al.*,
   794 F.Supp.2d 696 (E.D. Tex. 2011) ............................................................. *passim*

*Prust v. Apple Inc.*,
   No. 2:09-CV-92 (TJW), 2009 WL 7376919 (E.D. Tex. Oct. 7, 2009) ...................................... 3

*Shared Memory Graphics LLC v. Apple Inc., et al.*,
   No. 5:09-CV-5128 BSM, 2010 WL 5151612 (W.D. Ark. May 27, 2010) ............................... 3

*U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*,
   No. 6:09-CV-448-JDL, 2010 WL 2771842 (E.D. Tex. July 13, 2010) ..................................... 2

<u>Federal Statutes</u>

28 U.S.C. § 1404(a) ................................................................................................................. 1, 5

<u>Other Authorities</u>

Fed. R. Civ P. 45 ....................................................................................................................... 10

## I.      INTRODUCTION

Plaintiff Core Wireless Licensing S.a.r.l. ("Core Wireless") has sued Apple Inc.

("Apple") in the Eastern District of Texas for patent infringement, alleging that Apple's iPhone

and iPad products infringe thirteen Core Wireless asserted patents.  Core Wireless is a European

non-practicing entity, asserting patents that were allegedly transferred to Core Wireless by Nokia

Corporation ("Nokia") in 2011, the same year that Apple and Nokia reached a settlement of their

patent litigations.  Core Wireless and Apple are the only two parties in this case.  Apple moves to

transfer this action, pursuant to 28 U.S.C. § 1404(a), to the Northern District of California,

because that district has direct, concrete, and extensive connections to this case—and the Eastern

District of Texas, in contrast, has none.

*First*, the Eastern District of Texas has no meaningful interest in or connection to this

litigation.  Core Wireless is a European company incorporated and based in the Grand Duchy of

Luxembourg.  Core Wireless's only tie to the Eastern District of Texas was created on

September 13, 2011—just six months before Core Wireless sued Apple—when it formed Core

Wireless Licensing Ltd. ("Core Wireless USA"), a nonparty subsidiary located in Plano, Texas.

As the Federal Circuit has made clear, these strategic efforts to create ties to a jurisdiction for

litigation purposes are entitled to no weight in evaluating the appropriate venue.  *See In re*

*Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (courts should not "honor connections to

a preferred forum made in anticipation of litigation and for the likely purpose of making that

forum appear convenient").  In addition, all the inventors are located in Finland, China, or

Denmark—and Nokia, the original assignee of the asserted patents, is based in Finland and has a

regional office in Sunnyvale, California in the Northern District of California.

*Second*, the Northern District of California is both uniquely connected to and clearly the

most convenient venue for this case.  Since its founding in 1976, Apple has had its headquarters

and primary research and development facilities in Cupertino, California in the Northern District
of California—currently employing approximately 12,200 individuals there.  All the accused
products, which are eight versions of Apple's iPhone and iPad, were designed and developed by
engineers at Apple's facilities in the Northern District of California.  The companies that supply
Apple with the semiconductor chips that include the cellular functionality that Core Wireless
appears to accuse—Qualcomm Incorporated ("Qualcomm") and Intel Corporation ("Intel")—are
both located in California, and Intel is headquartered in the Northern District of California.  The
original assignee of the patents, Nokia, has a regional office located in the Northern District of
California.  Relevant witnesses and documents—including Apple's and its suppliers' engineers
and employees with knowledge of the accused products and documents relating to the accused
products—are all in the Northern District of California.  All this makes the Northern District of
California unquestionably the most convenient United States venue for hearing this dispute.

Moreover, the Northern District of California possesses a unique, particularized local
interest in passing judgment on the accused products, whose design occurred within its
boundaries.  *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding a
strong local interest where case "calls into question the work and reputation of several
individuals residing in or near that district").  Apple's strong connections to the Northern District
of California have been recognized time and time again by courts in this district (and others)
when transferring patent infringement suits brought against Apple to the Northern District of
California.  *See, e.g.*, *Optimum Power Solutions LLC v. Apple Inc., et al.*, 794 F. Supp. 2d 696
(E.D. Tex. 2011); *U.S. Ethernet Innovations, LLC v. Acer, Inc., et al.*, No. 6:09-CV-448-JDL,
2010 WL 2771842 (E.D. Tex. July 13, 2010); *Harvey v. Apple Inc.*, No. 2:07-CV-327, 2009 WL
7233530 (E.D. Tex. Oct. 8, 2009); *Affinity Labs of Texas, LLC v. Apple Inc.*, No. 9:09-CV-47,

2009 WL 7376918 (E.D. Tex. Aug. 25, 2009); *Prust v. Apple Inc.*, No. 2:09-CV-92 (TJW), 2009

WL 7376919 (E.D. Tex. Oct. 7, 2009); *see also GPNE Corp. v. Amazon.com, Inc., et al.*, No. 11-

00426 SOM-RLP, 2012 WL 1656923 (D. Haw. May 9, 2012); *Shared Memory Graphics LLC v.

Apple Inc., et al.*, No. 5:09-CV-5128 BSM, 2010 WL 5151612 (W.D. Ark. May 27, 2010).

For these reasons and as fully described below, Apple respectfully requests that the Court

transfer this case to the Northern District of California.

## II.     FACTUAL BACKGROUND

### A.     Core Wireless Licensing S.a.r.l.

The plaintiff in this case, Core Wireless Licensing S.a.r.l., is a corporation organized

under the laws of the Grand Duchy of Luxembourg with its headquarters and principal place of

business in Luxembourg.  (Second Amended Complaint, Dkt. No. 18, ¶ 1 (Apr. 2, 2012)

(hereinafter "Second Am. Compl.").)  Core Wireless exists solely to license its patent portfolio

and collect royalties from the sale of mobile devices.  (Ex. A, at 6.[1])  On September 13, 2011,

fewer than six months before suing Apple, Core Wireless incorporated a wholly-owned

subsidiary, Core Wireless Licensing Ltd., in Texas.  (*See* Second Am. Compl. ¶ 1; Ex. B, at 1.)

This subsidiary was set up only days after Canadian corporation MOSAID Technologies Inc.

("MOSAID") acquired Core Wireless.  (Ex. C.)  The subsidiary has no offices of its own, instead

sharing an office with MOSAID Corporation Ltd., a Texas-subsidiary of MOSAID, a non-party

to this case.  (Ex. D.)  One of the three directors listed on Core Wireless's corporate filings (*see*

Ex. B, at 4) resides in the Northern District of California, and none has a strong connection to the

Eastern District of Texas:

---

[1]     Unless otherwise noted, "Ex.__" refers to the exhibits to the Affidavit of Michael Wolin
in Support of Defendant Apple Inc.'s Motion for Transfer Venue ("Wolin Decl."), filed
herewith.

- Mr. Carl Schlachte serves as President and CEO of Ventiva, Inc., based in Santa Clara, California, and resides in the San Francisco Bay Area.  (*See* Ex. E.)

- Mr. Joseph Brown serves as the Chief Financial Officer for Core Wireless's parent MOSAID, based in Ottawa, Canada.  (*See* Ex. F.)

- Mr. Jerry Mills is a director of MOSAID and retired patent attorney from Dallas, Texas. (*See* Exs. G, H.)

### B.     Apple Inc.

Apple, the sole defendant in this patent litigation, is a consumer electronics company founded in 1976.  (Declaration of Mark Buckley In Support of Defendant Apple Inc's Motion to Transfer Venue ("Buckley Decl."), ¶¶ 2-3.)  Apple is a California corporation with headquarters in Cupertino, California.  (*Id.* ¶ 3.)  Apple's management and primary research and development facilities are located in Cupertino.  (*Id.*)  Apple currently employs approximately 12,200 people who work in or near its headquarters in Cupertino.  (*Id.*)  The research, design, and development of the accused products—Apple's iPad, iPad 2, new iPad, iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and iPhone 4S—took place in Cupertino.  (*Id.* ¶ 4.)  In addition, virtually all Apple business documents and records concerning the research, design, development, marketing strategy, and product revenue relating to the accused products are located in or near Cupertino. (*Id.*)  None of Apple's operations relevant to the research, design, and development of the accused products is located in the Eastern District of Texas.  (*Id.* ¶¶ 5-6.)

### C.     The Patents and Inventors

The thirteen patents asserted by Core Wireless against Apple are U.S. Patent Nos. 6,792,277, 6,697,347, 7,447,181, 6,788,959, 7,529,271, 6,266,321, 6,978,143, 7,804,850, 7,817,679, 7,415,045, 6,674,860, 7,383,022, and 7,599,664.  (Second Am. Compl. ¶¶ 6-18.) These patents are alleged by Core Wireless to be essential to practicing various standards for

high-speed wireless communication of voice and data promulgated by the 3GPP standards-setting organization.  (*See generally id.*)

All thirteen patents were allegedly developed by and assigned to Nokia, a company based in Espoo, Finland with a regional office in the Northern District of California.  (*See* Exs. 1-13 to Second Am. Compl.; *see also* Ex. I (listing address for regional office in Sunnyvale, California).)  The patents list 21 different individuals as inventors.  (*See* Exs. 1-13 to Second Am. Compl.)  Of the 21 individuals, 19 are listed as being located in Finland and at least 10 remain Nokia employees; the remaining two are located in Denmark and China.  (*Id.*)

### D.    Apple's Baseband Chip Suppliers

To the extent that Apple can discern Core Wireless's theory of infringement from the Complaint, Core Wireless is targeting certain cellular communications capabilities of Apple's accused products.  In Apple's accused products, the cellular communications functionality is implemented primarily in baseband processor chips, supplied by Qualcomm and Intel.  (Buckley Decl. ¶ 7.)  Qualcomm has its headquarters and principal place of business in San Diego, California (within the Southern District of California), and Intel has its headquarters and principal place of business in Santa Clara, California (within the Northern District of California).  (*Id.*)

## III.    THE NORTHERN DISTRICT OF CALIFORNIA IS A CLEARLY MORE CONVENIENT FORUM

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Transfer is appropriate upon a "good cause" demonstration by the moving party "that the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter "*Volkswagen II*").

In deciding whether a transferee venue is "clearly more convenient," the court must assess and balance both private and public interest factors.  *Id.* at 315.  The plaintiff's choice of venue is ***not*** a factor in this analysis.  *Id.* at 314 n.10.  The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.* at 315.  The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*

Application of the public and private factors compels the conclusion that the Northern District of California is a clearly more convenient forum—and Core Wireless's attempt to create venue by setting up a (non-party) Texas subsidiary carries no legal weight.

## A.   Core Wireless's Strategic Efforts to Create Venue in This District Are Entitled to No Weight

Core Wireless's efforts to manufacture a connection between the Eastern District of Texas and this litigation are unavailing and irrelevant.  To begin, the Complaint makes certain generalized allegations of "local" interests.  (*See* Second Am. Compl. ¶ 4 (alleging that Apple places products into the "stream of commerce, which stream is directed at this district").)  These "'could apply virtually to any judicial district or division in the United States' [and] are disregarded in favor of particularized local interests."  *Optimum Power Solutions*, 794 F. Supp. 2d at 702 (quoting  *Volkswagen II*, 545 F.3d at 318); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (holding that where the allegedly infringing products are sold "throughout the United States," the "citizens of the Eastern District of Texas have no more or

less of a meaningful connection to [the] case than any other venue"); *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *7 (E.D. Tex. Sep. 30, 2010) ("[W]hen products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue.").

Perhaps recognizing the futility of the generalized allegations, the Complaint also notes the recently created presence of Core Wireless's nonparty Texas subsidiary (created fewer than six months before filing of this litigation), but the courts do not accord such tactics weight in the transfer analysis.  (*Cf.* Second Am. Compl. ¶ 1.)  The nonparty subsidiary's Texas presence is recent—particularly in comparison to Apple's long-standing presence in the Northern District of California; limited in scope—particularly in comparison to the approximately 12,200 people employed by Apple in the Northern District of California; and manifestly designed to create a "hook" for asserting claims in the Eastern District of Texas.  *See In re Microsoft*, 630 F.3d at 1364 (courts should not "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient").

### B.     The Private Interest Factors Favor Transfer to the Northern District of California

#### 1.     Relevant Evidence is Located in the Northern District of California

"[T]ypically in a patent case, the defendant has the majority of relevant documents."  *On Semiconductor*, No. 6:09-CV-390, 2010 WL 3855520, at *4.  "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Optimum Power Solutions*, 794 F. Supp. 2d at 701 ("This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and the transferor venues.").

Apple researched, designed, and developed the accused products in the Northern District of California at its headquarters in Cupertino.  (Buckley Decl. ¶ 4.)  Apple's baseband chip suppliers Intel and Qualcomm, which provide the chips that enable cellular communications—which is what Core Wireless appears to be accusing—are also based in California, with Intel headquartered in the Northern District.  (*Id*. ¶ 7.)  Thus, documents that are relevant to the accused functionality reside in California.  In contrast, Core Wireless is a European company whose strategy to move documents to the Eastern District of Texas to create ties to the district should be given no weight because "documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered."  *Optimum Power Solutions*, 794 F. Supp. 2d at 701 (citing *In re Hoffmann-La Roche*, 587 F.3d at 1336-37).  Core Wireless's assurance that all "pertinent documents and discovery relevant to this matter" either "reside at" or "will be produced at" Core Wireless's subsidiary in Texas, therefore, does not outweigh the evidence located in California.  (*See* Second Am. Compl. ¶ 1.)

Moreover, documents held by third parties will almost certainly be relevant.  Again, the suppliers of the baseband chips that contain functionality apparently accused by Core Wireless—Qualcomm and Intel—will have relevant technical evidence.  These suppliers are headquartered in California, in Santa Clara (Intel) and San Diego (Qualcomm).  (Buckley Decl. ¶ 7.)  Santa Clara is within the Northern District of California, and San Diego is far closer to the Northern District of California than the Eastern District of Texas.  Thus, it will be much more convenient for Qualcomm and Intel to produce documents (and, as necessary, witnesses) in the Northern District of California.

Finally, the foreign inventors and Nokia, the original assignee of the patents-in-suit, may have documents relevant to the conception and reduction-to-practice of the alleged inventions

claimed by the patents-in-suit.  Nokia, while based in Finland, has a regional office in

Sunnyvale, California in the Northern District of California.  (Ex. I.)  Any documents located in

Nokia's headquarters in Finland or with the inventors in Finland, Denmark, or China, are not

relevant to the transfer analysis.  *See In re Genentech*, 566 F.3d at 1346 (discounting documents

housed in Europe because they "will need to be transported in any event" and "it is only slightly

more inconvenient or costly to require the transportation of those materials to California than

Texas"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009) (holding that

"since it is equally burdensome to transport documents from Japan to either Texas or Illinois,

Japanese documents are discounted under this factor").

### 2.     The Northern District of California Will be More Convenient for Willing Witnesses

The convenience and cost of attendance for willing witnesses also heavily favors transfer

to the Northern District of California.  The Fifth Circuit has adopted a "100-mile rule," which

requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed

venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases

in direct relationship to the additional distance to be traveled."  *In re Genentech*, 566 F.3d at

1343; *see also Volkswagen II*, 545 F.3d at 317 (favoring transfer where the proposed venue is a

shorter average distance away from witnesses than the plaintiff's chosen venue); *In re TS Tech

USA*, 551 F.3d at 1320.  However, "[w]hen a particular witness will be required to travel 'a

significant distance no matter where they testify,' then that witness is discounted for the purposes

of the '100 mile rule' analysis."  *Fujitsu*, 639 F. Supp. 2d at 767 (quoting *In re Genentech*, 566

F.3d at 1343-45); *On Semiconductor*, No. 6:09-CV-390, 2010 WL 3855520, at *5 (same).

Apple's likely witnesses are located in the Northern District of California.  (Buckley

Decl. ¶ 4.)  To testify at trial in the Eastern District of Texas, these witnesses would be burdened

with a trip of 1567 miles from San Francisco, California to Tyler, Texas on two separate flights,

lasting over four hours.  (*See* Wolin Decl. ¶ 12; Ex. K.)  *See also In re TS Tech USA*, 551 F.3d at

1320 (finding that failure to consider that witnesses would have to travel approximately 900

more miles to attend trial in Texas than in transferee district was "clear error").  If Core Wireless

wishes to call witnesses located at its headquarters in Luxembourg, or call the inventors of the

patents who reside in Finland, Denmark, and China, any additional distance they would travel to

the Northern District of California instead of the Eastern District of Texas is immaterial to the

transfer analysis because witnesses who would travel a significant distance to either venue are

discounted in the transfer analysis.  *See Fujitsu*, 639 F. Supp. 2d at 767 (discounting a variety of

overseas witnesses from transfer analysis); *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261

F.R.D. 112, 125 (E.D. Tex. 2009) (discounting witnesses from Asia under transfer analysis).

> **3.     More Unwilling Witnesses Will be Subject to Compulsory Process in the Northern District of California**

The availability of compulsory process to secure the attendance of third party witnesses

weighs in favor of transfer when "more third-party witnesses reside within the transferee venue."

*Optimum Power Solutions*, 794 F. Supp. 2d at 701 (citing *Volkswagen II*, 545 F.3d at 316); *see*

*On Semiconductor*, No. 6:09-CV-390, 2010 WL 3855520, at *5 (finding that this factor weighs

in favor of transfer where several third-party witnesses would "not be subject to this Court's

subpoena power, but would be subject to the Northern District's").

Relevant third party witnesses are located in California and thus would be subject to

compulsory process in the Northern District of California, but not the Eastern District of Texas.[2]

---

[2]     Any third party witnesses residing in the Northern District of California would be subject to absolute subpoena power for depositions and trial, and any residing elsewhere in California would be subject to subpoena power for trial.  *See* Fed. R. Civ. P. 45; *see also Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) ("The California district courts have the power to subpoena witnesses throughout the state . . . .").

As discussed above, Apple's chip suppliers Intel and Qualcomm are based in California and the original assignee of the patents-in-suit, Nokia, has a regional office in California.  (*See* Ex. I.) The presence of third party witnesses associated with these companies in California weighs heavily in favor of transfer to the Northern District of California.  *Optimum Power Solutions*, 794 F. Supp. 2d at 703 (transferring patent infringement suit against Apple to the Northern District of California on the basis, in part, that "many non-party entities and individuals relevant to this case are located in California"); *see also ATEN Int'l*, 261 F.R.D. at 125 ("[T]he parties' evidence is clear that there are a substantial number of potentially relevant witness who reside in California . . . . As a result, both the Central and Northern Districts of California clearly have a distinct advantage in securing the attendance of any unwilling witnesses.").  The other likely third party witnesses—the inventors of the patents located abroad, and Nokia employees located at its headquarters in Finland—would not be subject to compulsory process in either venue.

### 4. Judicial Economy Favors Transfer to the Northern District of California

Judicial economy also weighs in favor of transferring this case to the Northern District of California.  This case has only recently been filed, and this Court has not yet decided any substantive issues, nor has any discovery occurred in this matter.  *See, e.g.*, *Internet Machs. LLC v. Alienware Corp., et al.*, No. 6:10-CV-023, 2011 WL 2292961, at *8 (E.D. Tex. June 7, 2011) (stating that transfer is more convenient if the request is before a scheduling order is issued).

### C. The Public Interest Factors Favor Transfer to the Northern District of California

### 1. The Northern District of California Has a Strong Local Interest in Deciding this Case While the Eastern District of Texas Has No Particularized Local Interest in this Litigation

The Northern District of California has a strong local interest in deciding this case, and, in contrast, the Eastern District of Texas has none.  Apple was founded in the Northern District

of California in 1976, and has maintained its headquarters there ever since.  (Buckley Decl. ¶ 3.)

The bulk of Apple's operations are located in the Northern District of California, including

virtually all the research, design, and development of the accused products.  (*Id*. ¶¶ 3-4.)  Indeed,

Apple employs approximately 12,200 people at its facilities in the Northern District of

California.  (*Id*. ¶ 3.)  These connections create a strong local interest because this case calls into

question the "work and reputation" of these individuals.[3]  *See, e.g.*, *In re Hoffman-La Roche*, 587

F.3d at 1336 (finding a strong local interest where case "calls into question the work and

reputation of several individuals residing in or near that district); *see also Fujitsu*, 639 F. Supp.

2d at 769 (finding a "particularized local interest" where "the accused products are designed and

developed" and "Defendants' principal places of business are located"); *Network Prot. Sci., LLC

v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *7 (E.D. Tex. Jan 23,

2012) (local interest favored transfer where "[d]efendants developed the allegedly infringing

products in the Northern District of California and collectively employ thousands of people

residing in California," while plaintiff had only "small and fairly recent operation in Texas");

*Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-CV-448, 2012 WL 122562, at *5

(E.D. Tex. Jan. 9, 2012) (granting transfer, despite plaintiff's incorporation in Texas two years

prior to suit, because plaintiff's presence was "outweighed" by defendants' presence in

California").

---

[3]   The remaining public interest factors—the administrative difficulties flowing from court congestion, familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or application of foreign law—are neutral.  The median time from filing to trial is similar in each venue (25.4 months in the Northern District of California versus 27.1 months in the Eastern District of Texas, *see* Ex. J); both venues frequently handle patent infringement litigation; and Core Wireless's complaint raises no issues implicating conflict of laws or foreign law.  (*See generally* Second Am. Compl.)

IV.     **CONCLUSION**

For the reasons stated above, the relevant private and public interest factors weigh

heavily in favor of transfer.  Apple respectfully asks that the Court transfer this action to the

Northern District of California.

Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Joseph J. Mueller
Massachusetts Bar No. 647567
joseph.mueller@wilmerhale.com
John J. Regan
Massachusetts Bar No. 415120
Cynthia D. Vreeland
Texas Bar No. 20625150
Massachusetts Bar No. 635143
**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, Massachusetts  02109 USA
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Counsel for Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 6th day of June 2012.

Eric M. Albritton

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant Apple Inc. has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on June 6, 2012 via telephone conference with the following participants: Henry Bunsow for the Plaintiff and Joseph Mueller for the Defendant.  No agreement could be reached because the parties disagreed on the merits.  Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

Eric M. Albritton