IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | § § | **Civil Action No. 6:12-CV-100-LED** |
| *Plaintiff*, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **APPLE, INC.,** | § § | |
| | § | <u>ORAL ARGUMENT REQUESTED</u> |
| *Defendant*. | § | |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER
<u>VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**I.      INTRODUCTION**

As explained below, Core Wireless's opposition overlooks this case's strong connections to the Northern District of California and exaggerates its scant ties to this District. This is a case in which a Luxembourg corporation is asserting patents it recently acquired from a Finnish company against products that were designed by a California company and that include accused components from other California companies. The case belongs in California, not Texas.

**II.     ARGUMENT**

    **A.      Core Wireless Has No Meaningful Connections To This District**

Core Wireless's purported connections to this District are not legally meaningful. Core Wireless is itself a Luxembourg corporation. Of the "14 full-time individuals" that Core Wireless alleges are working in this District, six are at Core Wireless's non-party subsidiary, and the remaining eight are at non-party MOSAID Corporation Ltd.[1] (Opp. at 3.) These purported ties are irrelevant—this case is not about anything Core Wireless or its subsidiary or MOSAID has done. This case is about patents prosecuted by Nokia, a Finnish company, and asserted against products sold by Apple, a California company, with the infringement allegations targeting components from Intel and Qualcomm, which are also California companies.

    The contrast between these weak ties and Apple's deep ties to the Northern District of California weighs heavily in favor of transfer. *See Network Prot. Sci., LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224-JRG, 2012 WL 194382, at *7 (E.D. Tex. Jan. 23, 2012) (transferring case to N.D. Cal. where plaintiff had only "small and fairly recent operation in Texas").

---

[1]      Core Wireless admits that its non-party subsidiary has only six employees in the Eastern District of Texas: three attorneys and three patent administrators (*id*. at 3); that it has no principals residing in the Eastern District of Texas (*see* Smetana Decl. ¶ 17 (listing one director in Dallas)); that the only activities it conducts in the Eastern District of Texas are related to monetizing its patent portfolio (opp. at 8 (listing "engineering analysis," prosecuting patents, and "maintaining" its patent portfolio)); and that its Plano employees only began work six months before the filing of this litigation. (*Id*. at 7.)

### B. The Private Interest Factors Strongly Favor Transfer

#### 1. The Location of Relevant Documents Strongly Favors Transfer

Core Wireless admits that the defendant "usually" has the greater volume of documents, and that this factor "turns" on where those documents are located. (Opp. at 9.) The uncontroverted evidence is that most of the relevant documents in Apple's possession relating to the accused products are located in the Northern District of California. (*See* Buckley Dec. ¶ 4.) With no rebuttal to this,[2] Core Wireless is left to argue that Apple's position that relevant documents are in California conflicts with Apple's pleading, in which Apple disclaimed sufficient information to respond to Core Wireless's allegations that Apple's products comply with certain provisions of telecommunications standards. No conflict exists: as Apple explained in its opening brief, Core Wireless appears to be accusing features and functionality that would be located (if anywhere) in the baseband chips in Apple's products. Those chips are from Intel and Qualcomm. Key technical information is thus in the possession of Intel and Qualcomm, not Apple. That does not mean, however, that Apple has no documents relevant to this case—as one example, financial and licensing documents could be relevant, and those are in California. Intel and Qualcomm are also headquartered in California—yet further cause for transfer.

Core Wireless does not dispute that it is targeting features and functionality allegedly located in the Intel and Qualcomm baseband processors. Nor does it dispute that the best evidence for how those components work is in the possession of Intel and Qualcomm. As to Intel, Core Wireless only argues that prior to Intel's 2011 acquisition of Infineon, relevant documents may have been in Germany. (Opp. at 4.) But Core Wireless makes no showing that

---

[2]   Core Wireless's assertion that over 50 gigabytes of documents are present in the Eastern District of Texas is misleading. That number refers to documents relevant to Core Wireless's "larger global patent portfolio" of over 2,000 patents, only thirteen of which are asserted here. (*See* Smetana Dec. ¶¶ 6, 16.)

Intel will not be able to produce relevant documents.  As to Qualcomm, Core Wireless identifies certain Qualcomm research facilities located abroad, apparently trying to suggest that foreign discovery may be required.  But Qualcomm's website states that "Qualcomm Research San Diego is the headquarters for Qualcomm R&D," *see* http://www.qualcomm.com/about/ research/locations/san-diego (last visited July 5, 2012), and as with Intel, Core Wireless makes no showing that Qualcomm will not be able to produce relevant documents.

Finally, even if Core Wireless were correct that Intel and Qualcomm have certain relevant documents abroad, the large volume of Apple's own documents located in Cupertino, California clearly outweighs the small number of potentially relevant documents located in Plano.  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("[T]he place where the defendant's documents are kept weighs in favor of transfer to that location.").

### 2. The Location of Relevant Witnesses Strongly Favors Transfer

Core Wireless claims that traveling to Tyler would be more convenient for "one or more" Plano employees who may need to testify as "a corporate representative."  (Opp. at 12-13.)  But again, Core Wireless is a Luxembourg corporation, and Core Wireless has made no showing that Texas is more convenient for international travel than California.  (*See* Mot. at 9-10.)  Moreover, Core Wireless's suggestion that the burden on Apple's witnesses is irrelevant because Apple is a "large and powerful corporation" is without merit—Apple is equally deserving of an even-handed application of this District's transfer factors, and Core Wireless has not proffered any evidence that it would be unable to litigate this case in California because of financial hardship.[3]

Core Wireless's analysis of the availability of compulsory process to secure unwilling witnesses suffers from the same flaws as its arguments about the location of documents and

---

[3]  Core Wireless's lead counsel is based in the Northern District of California, at an office in San Francisco.  *See* Notice of Change of Firm and Address for Henry C. Bunsow, Dkt. No. 26 (May 28, 2012).

willing witnesses. Core Wireless ignores entirely that it can serve subpoenas on Intel and Qualcomm to obtain testimony of a corporate representative. As applied to Intel and Qualcomm, this subpoena power is more appropriately invoked in California—where those companies are headquartered—not the Eastern District of Texas.[4]

### C. The Public Interest Strongly Factors Favor Transfer

The central public interest factor at issue is whether the Eastern District of Texas has any "localized interest" in the issues in this case. It does not. Any interest created by Core Wireless's non-party subsidiary's recent presence in the Eastern District of Texas is outweighed by Apple's longstanding, substantial presence in the Northern District of California. (*See* Mot. at 11-12.) Although Core Wireless is targeting baseband chips from Intel and Qualcomm, Core Wireless is challenging the work and reputation of Apple and its employees who design the larger devices into which these chips are incorporated. Thus, the *NovelPoint* case cited by Core Wireless is inapplicable. *See NovelPoint Learning LLC v. Leapfrog Enter., Inc.*, No. 6:10-CV-229 JDL, 2010 WL 5068146, at *7 (E.D. Tex. Dec. 6, 2010) ("[T]he *design* of VTECH's accused products occurred in Hong Kong and China . . .") (emphasis added). (*Cf.* Opp. at 15.)

Core Wireless ignores cases holding that this factor weighs heavily in favor of transfer to where the accused products were designed.[5] *See Network Prot.*, 2012 WL 194382, at *7 (local

---

[4] On the final private factor ("all other practical problems") Core Wireless argues only that trials in the Northern District of California are typically longer than trials in the Eastern District of Texas. (Opp. at 13-14.) However, the cited authority is two years old, and Core Wireless cites nothing showing this discrepancy still exists. (*Id.* at 14.) In addition, as Core Wireless also argues, the proper comparison is patent trials, not to all trials—a point on which Core Wireless offers no evidence. (*Id.*)

[5] On the other disputed public factor ("administrative difficulties flowing from court congestion") Core Wireless argues that patent cases are resolved faster in the Eastern District of Texas. (Opp. at 14.) Courts have repeatedly held that such arguments are the "most speculative" and "should not alone outweigh" the other factors. *In re Genentech*, 566 F.3d at 1347; *see also NovelPoint*, 2010 WL 5068146, at *7; *Lonestar Inventions, LP v. Sony Elec. Inc.*, No. 6:10-CV-588-LED-JDL, 2011 WL 3880550, at *6 (E.D. Tex. Aug. 29, 2011) ("The use of different statistical valuations only underscores the speculative nature of this factor.") Where, as here, the other factors weigh in favor of transfer, a longer average time to trial cannot preclude transfer. [*Footnote continued on next page*]

interest favored transfer where defendants "developed" and employ "thousands of people" in California while plaintiff had "small and fairly recent" operation in Texas); *Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-CV-448, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012) (transferring case where defendant's presence in California "outweighed" plaintiff's incorporation in Texas two years prior to filing of suit).

### III. CONCLUSION

For these reasons, and as set forth fully in Apple's Motion, Apple respectfully asks that the Court transfer this action to the Northern District of California.

Respectfully submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Joseph J. Mueller
Massachusetts Bar No. 647567
joseph.mueller@wilmerhale.com
John J. Regan
Massachusetts Bar No. 415120
John.Regan@wilmerhale.com
Cynthia D. Vreeland
Texas Bar No. 20625150
Massachusetts Bar No. 635143

---

In addition, Core Wireless's argument regarding the scheduling of an initial conference—properly considered under the private factors—is unpersuasive. When the "parties had not yet even appeared for a scheduling conference" at the time the motion to transfer was filed, courts have found no practical problems barring a transfer that was otherwise warranted. *Internet Machs. LLC v. Alienware Corp.*, No. 6:10-CV-023, 2011 WL 2292961, at *7-*8 (E.D. Tex. June 7, 2011).

**Wilmer Cutler Pickering Hale & Dorr LLP**
60 State Street
Boston, Massachusetts 02109 USA
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Counsel for Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by electronic mail on this the 5th day of July 2012.

Eric M. Albritton