**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L,** )<br>)<br>) | |
| **Plaintiff,** ) | **CIVIL ACTION NO. 6:12-CV-100** |
| ) | |
| vs. ) | **JURY TRIAL DEMAND** |
| ) | |
| **APPLE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**CORE WIRELESS LICENSING'S SUR-REPLY IN OPPOSITION**

**TO APPLE'S MOTION TO TRANSFER VENUE**

Apple has completely failed to show that the Northern District of California is "clearly more convenient" than the Eastern District of Texas. In its Reply, rather than providing factual support for its assertions, Apple again relies only on unsubstantiated conclusions and attorney arguments. Having apparently realized that its motion has no sound factual basis, Apple instead improperly attempts to place the legal burden of proof on Core Wireless. That is contrary to the law. Indeed, there is a "significant burden on [Apple] to show good cause for the transfer." *In re Volkswagen of Am., Inc. (Volkswagen II),* 545 F.3d 304, 315 n.10 (5th Cir. 2008) (en banc) Apple has not met this significant burden. Thus, Core Wireless' choice of venue should not be disturbed and Apple's motion to transfer should be denied.

Apple's Reply makes no effort to identify the type or volume of relevant documents in its possession except to argue without support that its documents in Cupertino "clearly outweigh" the documents in Core Wireless' Plano office. (Reply at 3). Yet, Apple only points to "financial and licensing documents [that] *could* be relevant." (Reply at 2 (emphasis added)). Apple makes no attempt to show that those limited categories of documents would be larger in volume than the many gigabytes of documents in Core Wireless' possession in Texas.

Apple does *not* argue that it has a large volume of technical documents in its possession in California. Instead, in its opening brief, Apple argues that the relevant technical documents would be in the hands of its suppliers Intel and Qualcomm. Apple's unsupported argument that the documents of those suppliers are located somewhere in California was based entirely on Apple's observation that those two international corporations (with offices and employees around the globe) happen to be headquartered in California. In its opposition, Core Wireless points out that public records suggest that any relevant Intel documents would more likely reside with Intel's German subsidiary that designed the identified chips, rather than in California, and it further pointed out that Qualcomm has research and development facilities around the world, not just in southern California. Rather than disputing those facts, or providing any specific facts regarding the location of the documents in its Reply, however, Apple merely argues that Core Wireless "makes no showing that [these companies] will not be able to produce relevant

1

documents." (Reply at 3). The Court, however, must look at *where* these documents are located and the convenience in transporting the documents for trial, not just whether a company might produce relevant documents during discovery. *See, e.g., Ctr. One v. Vonage Holdings Corp.,* Case No. 6:08CV467, 2010 U.S. Dist. LEXIS 84258 at *11 (E.D. Tex. Aug. 17, 2010) ("Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue.").

Further, it is *Apple's* burden to provide evidence that the technical documents are more convenient to the Northern District of California – not Core Wireless's burden to prove that they are not. Apple has failed to provide a scintilla of evidence on this point. And Apple has done nothing to counter Core Wireless' evidentiary showing that it has numerous relevant documents located in the Eastern District of Texas.

The same is true of witnesses. Apple has failed to identify a single specific witness in the Northern District of California. Apple appears to deny it has any technical knowledge of the specifics of the infringement allegations; therefore Apple is unable to claim that any of its employees in Cupertino will be necessary technical witnesses. Further, Apple has no evidence that any technical witnesses will be found in any part of California, beyond the bare observation that its suppliers' headquarters are located in California. And as Core Wireless points out in its opposition, it is in fact likely that any technical witnesses from Apple's suppliers will *not* reside in the Northern District of California. Apple also fails to identify any witnesses on any other topics. Even though Apple has failed to name a single witness on its side, Apple argues that the specific witnesses that Core Wireless has identified are not enough to defeat its motion. Once again, it is Apple's burden – not Core Wireless' – to prove that the Northern District of California is more convenient for potential witnesses.[1] Unidentified witnesses who *might* be in

---

[1] Apple argues, irrelevantly, that "Core Wireless has made no showing that Texas is more convenient for international travel than California." (Reply at 2). It is *not* Core Wireless' burden to prove this point. Rather, Apple must prove that travel to California is more convenient than

(Continued...)

California should not be taken into account, since the Court "will not base its conclusion on unidentified witnesses." *Novelpoint Learning v. Leapfrog Enter.,* No 6:10-cv-229, 2010 U.S. Dist. LEXIS 128906, at *6 (E.D. Tex Dec. 6, 2010).  As this Court has explained, a moving party's mere speculation that third party documents or witnesses might be located at the company's headquarters is insufficient to support transfer.  *See Lonestar Inventions, L.P. v. Sony Elecs. Inc.,* No. 6:10-CV-588, 2011 U.S. Dist. LEXIS 96828, *6-8 (E.D. Tex. Aug. 29, 2011).

Finally, Apple appears to argue that the local interest factor hinges on which company has been in existence the longest.  This is not the test.  The two cases cited by Apple, in which the defendants' presence "outweighed" plaintiff's, involved multiple defendants headquartered in the transferee forum whose relevant design work also occurred in the transferee forum; significantly, the defendants also identified relevant witnesses and documents in the transferee forum.  *See Network Prot. Sci., LLC v. Juniper Networks, Inc.,* No. 2:10-CV-224-JRG, 2012 WL 194382, at *7 (E.D. Tex. Jan. 23, 2012) (local interest factor favored transfer where three defendants were headquartered in the Northern District of California, relevant design work occurred in that district, and identified documents and witnesses resided there); *Eon Corp. IP Holdings, LLC v. Sensus, USA, Inc.,* No. 2:10-CV-448, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012) (local interest factor favored transfer where five defendants resided in transferee district, defendants identified relevant witnesses and documents in that district, and decisions giving rise to the case occurred in that district).  By contrast, this case involves one plaintiff with a Texas presence and one defendant with a California presence.  Further, Apple argues that relevant chip design was done by Intel or Qualcomm, yet it fails to identify where the relevant design occurred.  The evidence indicates that such design did not occur in the Northern District of California.  Thus, the Northern District of California has no greater local interest in deciding this

---

(...Continued)

travel to Texas.  Because it cannot do so, it tries to improperly persuade the Court to reverse the burden of proof.

matter than the Eastern District of Texas.  *See NovelPoint Learning,* 2010 U.S. Dist. LEXIS 128906 at *23-24.

In the transfer analysis, "no single factor is dispositive." *Ctr. One*, 2010 U.S. Dist. LEXIS 84258 at *11.  Here, Apple has failed to show that any of the factors favor transfer, let alone that on balance the Northern District of California would be clearly more convenient.  Its failure to provide evidence about the location of witnesses or documents, and its attempt to place the burden of proof on Core Wireless regarding the location of those documents is "inappropriate and unrealistic."  *See id*.  Because Apple has failed to meet its substantial burden, its motion to transfer should be denied.


Dated:  July 13, 2012                             Respectfully Submitted,

By:     */s/ Craig Y. Allison*
Henry Bunsow (California State Bar # 60707)
Denise M. De Mory (California State Bar #168076)
Brian A.E. Smith (California State Bar # 188147)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
55 Francisco Street, 6th Floor
San Francisco, CA  94133
Telephone:  (415) 675-8889
Facsimile:  (415) 675-8892
Email:  hbunsow@bdiplaw.com
Email:  ddemory@bdiplaw.com
Email:  bsmith@bdiplaw.com
Email:  callison@bdiplaw.com

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  July 13, 2012

                                                       */s/ Craig Y. Allison*
                                                         Craig Y. Allison