# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** ) ) ) | Civil Action No. 6:12-CV-100-LED |
| Plaintiff, ) ) | |
| v. ) ) | JURY TRIAL REQUESTED |
| **APPLE INC.,** ) ) | |
| Defendant. ) ) | |

**DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 9 OF U.S. PATENT NO. 6,266,321 BASED ON 35 U.S.C. § 112, ¶ 2**

**I.     INTRODUCTION**

As permitted by the Court's July 29, 2013 Order (Dkt. 123), Apple moves for partial summary judgment of invalidity of claim 9 of U.S. Patent No. 6,266,321 ("'321 patent") based on 35 U.S.C. § 112, ¶ 2 (indefiniteness). Claim 9 is a method claim that depends on independent claim 8. Claim 9 repeats two "calculating" substeps that are also recited in claim 8, suggesting that these "calculating" substeps must be performed twice to infringe claim 9. The specification, however, only discloses performing the "calculating" substeps once. This creates ambiguity as to whether claim 9 covers a method in which the "calculating" substeps are performed once or twice. This ambiguity cannot be resolved by application of well-settled claim construction principles. Accordingly, Apple respectfully requests that the Court find that claim 9 of the '321 patent is invalid as indefinite.

**II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

Whether dependent method claim 9 of U.S. Patent No. 6,266,321, which repeats certain substeps of the independent method claim from which it depends, making it insolubly ambiguous whether those substeps are performed once or twice, is invalid as indefinite under 35 U.S.C. § 112, ¶ 2.

**III.   BACKGROUND**

The '321 patent describes transmission of data from two parallel "channels" in a cellular transmission system. Asserted method claim 8 recites two steps of "spreading"[1] the data; a step of changing the power level of the data; and a step of compiling a transmission from the spread data. (Ex. A ('321 patent), at claim 8.) The "compiling" step is defined as including two "calculating" substeps. In particular, claim 8 states (in relevant part):

A method for simultaneously transmitting data related to two channels using code

---

[1]     Spreading increases the bandwidth of the data.

division, comprising the steps of:

…

compiling a transmission from spread data related to the first channel and spread data related to the second channel the power level of which has been change, said compiling step comprising the substeps of:

> *calculating the difference between data related to a first channel, spread with a first spreading code, and data related to a second channel, spread with a second spreading code and the power level of which has been changed*, and
>
> *calculating the sum of the data related to the first channel, spread with the second spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed*.

(*Id*. (emphases added).) Dependent claim 9 recites:

> The method of claim 8, wherein the step of compiling a transmission further comprises the substeps of:
>
> > *calculating the difference between the data related to the first channel, spread with the first spreading code, and the data related to the second channel, spread with the second spreading code, the lower level of which has been changed*,
> >
> > multiplying said difference by a certain first oscillation signal,
> >
> > *calculating the sum of the data related to the first channel, spread with the second spreading code, and the data related to the second channel, spread with the first spreading code, the power level of which has been changed*,
> >
> > generating a second oscillation signal from said first oscillation signal by performing a 90-degree phase shift,
> >
> > multiplying said sum by said second oscillation signal, and
> >
> > combining said difference multiplied by the first oscillation signal and said sum multiplied by the second oscillation signal.

(*Id*. at claim 9 (emphases added).) The "calculating" substeps (emphasized above) are recited in both independent claim 8 and dependent claim 9. Although these substeps are recited in both claims, the specification discloses performing the "calculating" substeps only once. (*See, e.g.*, *id*. at 5:14-21, 6:4-8, Fig. 2a, Fig. 2b.)

## IV. ARGUMENT

### A. Legal Standards

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005). "Indefiniteness under 35 U.S.C. § 112, ¶ 2 is an issue of claim construction and a question of law." *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1331 (Fed. Cir. 2009). Determining whether a claim is indefinite requires "an analysis of whether one skilled in the art would understand the bounds of the claim when read in light of the specification." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1320-21 (Fed. Cir. 2003) (internal quotation omitted). A claim term which is "not amenable to construction" or "insolubly ambiguous" is indefinite. *Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 898 (Fed. Cir. 2013); *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1358 (Fed. Cir. 2003). An indefiniteness determination can be properly made at summary judgment. *UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, No. 6:11-CV-496-LED, 2013 WL 2325118, at *23 (E.D. Tex. May 28, 2013) (Davis, J.) (granting defendants' motion for summary judgment that claims are indefinite under 35 U.S.C. § 112, ¶ 2).

### B. Claim 9 Is Insolubly Ambiguous As To Whether the Repeated Substeps Are Performed Once or Twice

In determining whether a claim is indefinite, courts start with the customary principles of claim construction. *See Biosig Instruments, Inc. v. Nautilus Inc.*, 715 F.3d 891, 898 (Fed. Cir. 2013) ("General principles of claim construction apply when determining indefiniteness."); *E-Watch, Inc. v. March Nets. Corp.*, No. 9:06-CV-25, 2006 WL 2239069, at *9 (E.D. Tex. Aug. 4, 2006) ("In determining whether a claim is insolubly ambiguous, the court should construe the terms according to the general principles of claim construction."). Here, however, application of

those principles cannot resolve whether claim 9 requires that the "calculating" substeps be performed once or twice.

### *Performed Twice*

The language of claim 9 itself, and certain principles of claim construction and patent law, suggest that the "calculating" substeps must be performed twice. Claim 8 introduces the substeps by stating "said compiling step *comprising* the substeps of …." (Ex. A, at claim 8 (emphasis added).) Claim 9 necessarily includes all these substeps, because claim 9 depends on claim 8. 35 U.S.C. § 112, ¶ 4 ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers."); *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1242 (Fed. Cir. 2003) (same). In addition, claim 9 states: "The method of claim 8, wherein the step of compiling a transmission *further comprises* the substeps of …" (Ex. A, at claim 9 (emphasis added).)

This literal language recites "*further*" additional requirements—and courts emphasize that each word of the claims must be considered and given meaning. *See Pause Tech., LLC v. TiVo, Inc.*, 419 F.3d 1326, 1334 (Fed. Cir. 2005) ("In construing claims, however, we must give each claim term the respect it is due."); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1557 (Fed. Cir. 1995) ("[Courts] must give meaning to all the words in [the] claims.").

Thus, the basic grammar of the claim language and certain patent law and claim construction principles suggest that claim 9 is *adding to* the substeps listed in claim 8 so the "calculating" substeps must be performed twice to infringe claim 9.

### *Performed Once*

Other intrinsic evidence and principles of claim construction, however, suggest that the "calculating" substeps should be performed only once. Notably, the specification and disclosed

embodiments only disclose performing the "calculating" substeps once. (*See, e.g.*, Ex. A, at 5:14-21, 6:4-8, Fig. 2a, Fig. 2b.) A claim construction that excludes a preferred embodiment, in the absence of evidence that the inventor intended that exclusion, is disfavored. *See On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1138 (Fed. Cir. 2004). This supports the alternative interpretation that the "calculating" substeps should be performed only once.

### *Insoluble Ambiguity*

The two interpretations (performed twice, performed once) are equally plausible, and the choice between them cannot be resolved by resort to claim-construction principles. Where, as here, the claim construction process fails to define the bounds of the claim, the claim is indefinite. *Biosig Instruments, Inc. v. Nautilus Inc.*, 715 F.3d 891, 898 (Fed. Cir. 2013) ("[I]f reasonable efforts at claim construction result in a definition that does not provide sufficient particularity and clarity to inform skilled artisans of the bounds of the claim, the claim is insolubly ambiguous and invalid for indefiniteness."); *PureChoice, Inc. v. Honeywell Int'l Inc.*, No. 2:06-CV-244, 2008 WL 190317, at *7 (E.D. Tex. Jan. 22, 2008) (finding limitation indefinite where "term is incapable of construction").

In particular, courts find claims insolubly ambiguous where two different meanings are equally likely. *See E-Watch, Inc. v. March Nets. Corp.*, No. 9:06-CV-25, 2006 WL 2239069, at *10 (E.D. Tex. Aug. 4, 2006) (holding claim term to be insolubly ambiguous where one interpretation was "just as likely" as the second—a "50-50 chance"—and the only "'debate' is how the coin toss comes out"); *see also Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1342 (Fed. Cir. 2003) (holding that claim is indefinite where one of ordinary skill would encounter "conundrum" and "cannot logically determine" the bounds of a claim).

Nor can this ambiguity be cured by effectively re-writing the claim. *See Realtime Data, LLC v. Packeteer, Inc.*, 652 F. Supp. 2d 791, 799 (E.D. Tex. 2009) (holding claim indefinite where term is "amendable [sic] to only one reasonable construction" which would render the claim "nonsensical," and emphasizing that courts "must construe the claim as the patentee has drafted it" and "may not redraft claims to make them operable or to sustain their validity, regardless how the patentee wished they had drafted it"); *Synqor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497, 2010 WL 2991037, at *28 (E.D. Tex. July 26, 2010) (interpretation that would "completely rewrite the claims by ignoring express language of the claims" was not "reasonable interpretation[]" that could "correct the ambiguous and defective claim"); *see also Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1341 (Fed. Cir. 2003) ("We may not rewrite claims to preserve validity ….").

## V.  CONCLUSION

For the reasons stated above, Apple respectfully requests that the Court grant its motion for summary judgment of invalidity of claim 9 of the '321 patent.

| | |
|---|---|
| Dated: August 22, 2013 | */s/ Joseph J. Mueller*<br>Joseph J. Mueller<br>(Massachusetts Bar No. 647567)<br>John J. Regan<br>(Massachusetts Bar No. 415120)<br>Cynthia D. Vreeland<br>(Texas Bar No. 20625150,<br>Massachusetts Bar No. 635143)<br>Kate Saxton<br>(Massachusetts Bar No. 150150)<br>WILMER CUTLER PICKERING HALE<br>    AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br><br>Eric Miller Albritton<br>ALBRITTON LAW FIRM<br>111 West Tyler Street |

- 7 -

      Longview, TX 75601
      (903) 757-8449

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet-and-confer requirement in Local Rule CV-7(h).

Dated: August 22, 2013

*/s/ Joseph J. Mueller*
Joseph J. Mueller

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

Dated: August 22, 2013

*/s/ Joseph J. Mueller*
Joseph J. Mueller