# Exhibit E

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

| | | | |
|---|---|---|---|
| APPLICANT(s): | Vialen, J. | | |
| SERIAL NO.: | 09/507,804 | ART UNIT: | 2684 |
| FILING DATE: | 2/2/00 | EXAMINER: | Corsaro, N. |
| TITLE: | METHOD AND ARRANGEMENT FOR MANAGING PACKET DATA TRANSFER IN A CELLULAR SYSTEM | | |
| ATTORNEY DOCKET NO.: | 297-009211-US (PAR) | | |

Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450
ATTENTION: BOARD OF PATENT APPEALS AND INTERFERENCES

## APPELLANT'S REPLY BRIEF

(37 C.F.R. §1.192)

Concerning Examiner's response to argument (11), and especially paragraphs 1a) and 1b) thereof, the Examiner still contends that Wallentin, Wright and Mann can be combined with ease according to their partially convergent topics. It is admitted that the references generally cover issues relating to packet networks and capacity allocation, but, for example, in Wright the problem definition is about variable arrival rate of packets, and how to modify the system to provide more stable contention access procedure. As Wallentin relates to channel selection between two different channel types (dedicated/common), Wright to access a certain channel, and Mann to access to a channel of a plurality of channels of same type, the differences between the

problems the references try to solve are quite obvious. Considering the huge number of references available with these topics, it is highly improbable that a person willing to select the channel (dedicated/common) type with an alternative and maybe more advantageous solution as to the one of Wallentin would somehow find Wright and Mann and consider them as relevant without already knowing the current invention in advance. This is impermissably relying on hindsight, see In re Sporck, 133 USPQ360,364.

References to "reciprocity" are not completely plausible either because motivation to reverse the solution of Wallentin due to the solution of Mann is still absent. Mann hints at a possibility of a mobile station being a proper location for executing a PCCH selection with a "hash" type selection algorithm, which is a selection of a channel from a plurality of similar (of same type) channels in order to prevent situations to occur in which too many mobile stations try to utilize the very same channel and therefore overload it. Whenever two or three separate problems and also two/three separate solutions are presented, it is neither straightforward nor likely that someone is able to derive a "reverse" solution in relation to a one problem/solution through another problem/solution, in which cases the problem definitions are different from the starting point. For example, one cannot really consider than an algorithm defining a certain moment in time to access a certain channel teaches that it is advantageous to sent real-time parameters from the network to a mobile station to be exploited by the mobile station in channel type selection/re-selection. Wright, wherein transmission of a threshold parameter from the network to a mobile station in order to adjust the mobile's

2

access attempts to a common channel is disclosed, and by which the Examiner changes the real-time parameter in the combination of Wallentin and Mann to a threshold parameter, is as far from the current invention as ever before.

A simplified hypothetical example will help clarify the situation.

A) Background: person A sends cargo to person B that receives shipments from other suppliers as well. Person A may utilize a certain taxi from a plurality of taxis or a bus from a plurality of busses, the busses thus sharing capacity available to many suppliers at the same time, to deliver the goods.

In other words, data (cargo) is transmitted from the mobile (A) to the network (B). In transmission one can use one of two different channel types, i.e., dedicated channel(s) (taxi) or common channel(s) (bus). The system (a city, etc.) has a certain fixed amount of resources (the city has a certain taxi and bus capacity, that both spend the overall traffic capacity, of course).

The dedicated channel (taxi), that is always reserved by a single person at a time, can, on average, transfer more cargo by that single person than a common channel (bus), but partially empty/pointlessly reserved taxis in traffic are not the optimum solution what comes to the effectivity of the overall system (regarding, e.g., a road infrastructure). If the person sends only some cargo at a times and/or the cargo is not high-priority, such cargo may fit to the bus among other possible cargo from the other suppliers.

3

B) Wallentin: Person A checks some real-time parameter, e.g., the amount of cargo to be sent, in order to make a decision on a proper channel type (taxi/dedicated, bus/common). Wallentin discloses a possibility (Col. 11, lines 54-67) to send real-time parameters ("current value") between A and B, so that, e.g., B may make the decision on the basis of the information provided by A. Such continuous data transfer unnecessarily consumes the traffic resources, causes additional headaches to B and slows down the decision making in overall; some deliveries may be very urgent ones after all.

C) Wright: Person A tries to cram his cargo to a bus already full, and receives a notice from B that in order to estimate the following moment in time when the same bus (that may be continuously driving the same route between A and B, for example) has some room for the aforesaid cargo (the same bus – the same common channel).

D) Mann: Person A receives beforehand information concerning he cargo space status of the preferred bus. If the preferred bus seems to be full, Person A tries some other bus (some other common channel) that is also heading for B.

The current invention: Person A receives from Person B threshold type information in a timed manner/upon change in traffic scenario, on the basis of which A may conduct a <u>general</u> selection between taxis and busses as an applicable cargo delivery technique. This can be performed by comparison of some local real-time parameter with a possibly slower-changing threshold type information. B may, as a receiving party, have a

4

better knowledge of the overall congestion and bus/taxi allocation on the roads, and therefore, it's well-grounded to let B at least partially affect A's decision on the used delivery technique.

Wright and Mann only provide solutions to get the cargo into a bus, i.e., "when is the certain bus available?", or "shall we use some other bus instead of the intended one?". Therefore, the solution of the current invention can not be considered as obvious by any means, even if Wright and Mann are combined with Wallentin.

In any case, the prior art references still do not anticipate or make obvious the current invention if they are really interpreted with care; "transmission of a threshold parameter from the network to the mobile station in order to affect the channel type selection (dedicated/common)."

It's true that the RLC layer may be used to implement the selection algorithm without actual consideration, but it is emphasized the RLC buffer's extraordinary suitability to such use, as the prior art references omit this feature.

In conclusion, it is again stated that it would not be obvious to combine the references since there is not motivation to do so, and even if the references are somehow combined, the result is not the present invention from such a combination. In particular, the transmission of the threshold value for channel selection purposes feature recited in all independent claims would still be missing from such a combination. Thus a *prima*

5

*facie* case of obviousness as required by M.P.E.P. 2143 has not been made out.

Thus a reversal of the rejection of claims 23-43 by this Honorable Board again is requested.

The Commissioner is hereby authorized to charge payment for any additional fees associated with this communication or credit any over payment to Deposit Account No. 16-1350.

Respectfully submitted,

_____                    Dec 3, 2003
Henry I. Steckler                             Date
Reg. No.: 24,139

Perman & Green, LLP
425 Post Road
Fairfield, CT   06824
(203) 259-1800
Customer No.: 2512

### CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service on the date indicated below as first class mail in an envelope addressed to the Commissioner of Patents, P.O. Box 1450, Alexandria, VA 22313-1450, Attention: BOARD OF PATENT APPEALS AND INTERFERENCES

Date: 12/3/03                    Signature: Carolina Rodriguez
                                            Person Making Deposit

6