# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** ) | **CIVIL ACTION NO.  6:12-CV-100** |
| ) | |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMAND** |
| vs. ) | |
| ) | |
| **APPLE INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF CORE WIRELESS LICENSING S.A.R.L.'S OPPOSITION TO DEFENDANT APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 9 OF U.S. PATENT NO. 6,266,321 BASED ON 35 U.S.C. § 112, ¶ 2**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Legal Standard ...........................................................................................................2

        1. Summary Judgment Standard .........................................................................2

        2. Indefiniteness Standard ...................................................................................2

        3. Issues of Fact Underlying the Issue of Indefiniteness Preclude Summary Judgment ...............................................................................3

    A. Apple Fails To Meet Its Burden To Show By Clear And Convincing Evidence That Claim 9 Of The '321 Patent Is Indefinite ......................................................................................................................3

    B. It Is Clear To One Of Ordinary Skill In The Art That Claim Steps [9A] and [9C] Are Performed Only Once ..........................................................4

    C. There Is No Insoluble Ambiguity As To Whether The Sum and Difference Calculation Substeps Are Performed Once Or Twice ...................7

III. CONCLUSION ......................................................................................................................8

## TABLE OF AUTHORITIES

**Page No.**

**CASES**

*Accuhale LLC v. AstraZeneca LP, et al.*,
  CASE NO. 6:11-cv-707, 2013 U.S. Dist. LEXIS 114129,
  (E.D. Tex. Aug. 7, 2013) ................................................................................................ 5, 7

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................ 2

*BJ Servs. Co. v. Halliburton Energy Servs., Inc.*,
  338 F.3d 1368 (Fed. Cir. 2003) .......................................................................................... 3

*CEATS, Inc. v. Cont'l Airlines.*,
  CASE NO. 6:10cv120 PATENT CASE,
  2011 U.S. Dist. LEXIS 80376 (E.D. Tex. July 21, 2011) .................................................. 4

*Dow Chem. Co. v. Nova Chems. Corp. (Canada)*,
  629 F. Supp. 2d 397 (D. Del. 2009) ................................................................................... 3

*Exxon Res. & Eng'g Co. v. United States*,
  265 F.3d 1371 (Fed. Cir. 2001) .......................................................................................... 3

*Intellectual Prop. Dev., Inc. v. UA Columbia Cablevision of Westchester, Inc.*,
  336 F.3d 1308 (Fed. Cir. 2003) .......................................................................................... 4

*Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*,
  554 F.3d 1010 (Fed. Cir. 2009) .......................................................................................... 3

*L.C. Elridge Sales Co., v. Azen Manufacturing Pte.*,
  No. 6:11-cv-599, 2013 U.S. Dist. LEXIS
  73359 (E.D. Tex. May 23, 2013) ................................................................................ 2, 3, 4

*Stragent LLC v. Intel Corp.*,
  No. 6:11-cv-421-LED-JDL,
  2013 U.S. Dist. LEXIS 128979 (E.D. Tex. Aug. 8, 2013) ................................................. 2

*Tech. Licensing Corp. v. Videotek, Inc.*,
  545 F.3d 1316 (Fed. Cir. 2008) .......................................................................................... 3

*United States v. Diebold, Inc.*,
  369 U.S. 654 (1962) ............................................................................................................ 2

**STATUTES**

35 U.S.C. §112 ................................................................................................................... 2, 4, 5

Fed. R. Civ. P. 56(c) ................................................................................................................. 2

I.      **INTRODUCTION**

Apple contends that asserted method claim 9 of the patent in suit, U.S. 6,266,321 (the "'321 patent") is indefinite under 35 U.S.C. § 112 ¶2, because Apple purportedly finds the claim confusing as to whether two of the recited steps ("calculating the difference . . ." and "calculating the sum . . .") are performed once or twice. First, Apple falls well short of meeting the high burden to prove by clear and convincing evidence that Claim 9 is indefinite. Apple's failure to meet this requisite burden is not surprising because the claim can be only be understood by one of ordinary skill in the art to mean that the calculation steps are performed once, not twice. Apple cites to nothing in the specification or file history that would come close to suggesting the opposite because no such evidence exists.

Apple is causing confusion where none exists. Apple itself admits the only proper interpretation under established principles of claim construction is for the sum and difference calculation steps to be performed once, and not twice. Yet, Apple posits a specious interpretation of the claim to contend that there is an equally plausible interpretation for the steps to be performed twice. Apple suggests this second interpretation in the face of an entirely contrary patent specification and in the absence of any evidence supporting such an interpretation. In other words, Apple's suggestion is a bald assertion that amounts to nothing more than attorney argument. This is insufficient to meet Apple's burden of clear and convincing evidence.

When read in view of the specification, any person of ordinary skill in the art would clearly understand Claim 9 of the '321 patent — that the sum and difference calculation steps are performed only once. Therefore, the Court should deny Apple's request to find that Claim 9 of the '321 patent is invalid as indefinite.

## II. ARGUMENT

### A. Legal Standard

#### 1. Summary Judgment Standard

A party moving for summary judgment bears the burden of proving that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A motion for summary judgment must be denied unless the moving party demonstrates that no reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the facts must be viewed in the light most favorable to the non-movant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Thus, the Defendants must show that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law.

#### 2. Indefiniteness Standard

A party seeking to invalidate a patent must overcome a presumption that the patent is valid by showing clear and convincing evidence that the patent is invalid, where "close questions of indefiniteness 'are properly resolved in favor of the patentee.'" *Stragent LLC v. Intel Corp.*, No. 6:11-cv-421-LED-JDL, 2013 U.S. Dist. LEXIS 128979, at *6 (E.D. Tex. Aug. 8, 2013) (Love, J.) (finding a claim term not indefinite because a reading of the patent makes evident that the applicant made a drafting error and one of ordinary skill in the art could reasonably understand the claim even in the absence of an antecedent basis). The definiteness analysis requires a determination of whether one skilled in the art would understand the bounds of the claim when read in light of the specification. *L.C. Elridge Sales Co., v. Azen Manufacturing Pte.*, No. 6:11-cv-599, 2013 U.S. Dist. LEXIS 73359, at *4-5 (E.D. Tex. May 23, 2013) (Schneider, J.) (denying defendants' motion for summary judgment that claims are indefinite under 35 U.S.C. § 112 ¶2); *see also Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554

2

F.3d 1010, 1022 (Fed. Cir. 2009) (citations omitted). A claim will be found indefinite only if it "is insolubly ambiguous, and no narrowing construction can properly be adopted . . . ." *Exxon Res. & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). On the other hand, "[t]he definiteness requirement does not mandate absolute clarity. The proper inquiry is whether the terms can be given any reasonable meaning, and a difficult issue of claim construction does not automatically require a finding of indefiniteness." *L.C. Elridge Sales*, 2013 U.S. Dist. LEXIS 73359, at *4-5 (citing *Exxon Research*, 265 F.3d at 1375).

### 3. Issues of Fact Underlying the Issue of Indefiniteness Preclude Summary Judgment

Indefiniteness is not a pure legal issue. While indefiniteness is a question of law, any factual determinations underlying the indefiniteness conclusion must be proven by clear and convincing evidence. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1338 (Fed. Cir. 2008). Summary judgment on the issue of indefiniteness is inappropriate where there are issues of fact underlying the indefiniteness determination. *See BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003) ("Like enablement, definiteness, too, is amenable to resolution by the jury where the issues are factual in nature."); *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 629 F. Supp. 2d 397, 403-04 (D. Del. 2009) ("Although it may generally behoove the Court to address indefiniteness as a legal matter in the context of claim construction, there may arise cases where genuine issues of fact simply preclude such a treatment.").

### A. Apple Fails To Meet Its Burden To Show By Clear And Convincing Evidence That Claim 9 Of The '321 Patent Is Indefinite

Apple contends that Claim 9 is insolubly ambiguous as to whether the sum and difference calculation steps are performed once or twice because the claim could possibly be interpreted such that the steps are performed twice. Apple, however, as the party seeking to invalidate a

3

claim under 35 U.S.C. §112 as indefinite, "must show by clear and convincing evidence that one skilled in the art would not understand the scope of the claim when read in light of the specification." *See CEATS, Inc. v. Cont'l Airlines.*, CASE NO. 6:10cv120 PATENT CASE, 2011 U.S. Dist. LEXIS 80376, at *14 (E.D. Tex. July 21, 2011) (Davis, J.) (citing *Intellectual Prop. Dev., Inc. v. UA Columbia Cablevision of Westchester, Inc.*, 336 F.3d 1308, 1319 (Fed. Cir. 2003)). To meet its evidentiary burden, Apple must show facts that support the invalidity conclusion by clear and convincing evidence. *See L.C. Elridge Sales*, 2013 U.S. Dist. LEXIS 73359, at *5; see also *id* at *22 (denying indefiniteness challenge because defendants neither submitted nor cited any evidence that a person of ordinary skill in the art would be unable to understand the claim in the context of the patent). Indeed, Apple has not cited any evidence from the specification or the file history as to why a person of ordinary skill in the art would suspect that the calculation steps might be performed twice, nor has it cited any evidence that a person of ordinary skill in the art would be unable to understand whether the calculation steps are to be performed once or twice. The only support Apple points to is the claim itself, which is circular at best, and does not provide the clear and convincing evidence required to find indefiniteness. *See id.* (finding that defendants failed to meet their evidentiary burden of proving indefiniteness as attorney argument is no substitute for evidence).

### B. It Is Clear To One Of Ordinary Skill In The Art That Claim Steps [9A] and [9C] Are Performed Only Once

Apple contends that Claim 9 could possibly be interpreted to mean that the steps are performed twice. Apple's argument, however, rings hollow in view of the specification. "It is well established that whether a claim complies with the 'definiteness' portion of § 112 ¶2 depends on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the specification." *Accuhale LLC v. AstraZeneca LP, et al.*, CASE NO.

4

6:11-cv-707, 2013 U.S. Dist. LEXIS 114129, at *37-38 (E.D. Tex. Aug. 7, 2013) (Davis, J.) (denying defendants' motion for summary judgment of invalidity based on indefiniteness under 35 § 112 ¶2).

Here, any person of ordinary skill in the art who read the '321 patent would understand that the steps of calculating the difference and calculating the sum should only be performed once. The figure from the face of the '321 patent (which is also Fig. 2a) shown below clearly depicts the sum and difference calculated once, not twice. Two other figures (Figures 2b and 4) show the same thing. No figure shows that the steps are performed twice. Further, nothing in the specification shows or even suggests performing the steps twice. *See*, *e.g.*, '321 patent at 2:45-51, 5:14-36.



**'321 Patent Figure at Front Page (annotations added)**

When read in light of the specification as illustrated above, it is clear to one of ordinary skill in the art that the sum and difference calculation steps in claim 9 are not to be performed again, but rather were included in claim 9 to clarify the relationship between the addition and calculation steps originally recited in claim 8 and two additional steps ("multiplying said difference . . ." and "multiplying said sum . . .") found only in in claim 9.

5

As can be seen from the chart below, claim 9 repeats verbatim the "calculating the difference" and "calculating the sum" steps found in claim 8 and then adds a qualifying "multiplying" step to each of these steps:

| '321 Patent Claim 8 | '321 Patent Claim 9 |
|---|---|
| [8E]: *calculating the difference* between data related to a first channel, spread with a first spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed, | [9A]: *calculating the difference* between data related to a first channel, spread with a first spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed, <br> . . . <br><br> [9B]: *multiplying said difference* by a certain first oscillation signal, <br> . . . |
| [8F]: *calculating the sum* of data related to the first channel, spread with the second spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed, | [9C]: *calculating the sum* of data related to the first channel, spread with the second spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed, <br> . . . <br><br> [9E]: *multiplying said sum* by said second oscillation signal, |

The "multiplying *said difference*" step [9B] in claim 9 refers back to the "calculating *the difference*" step [9A]. In other words, claim 9 calls for "calculating the difference" between two types of data, and then multiplying the result of that calculation by a certain oscillation signal. Similarly, the "multiplying *said sum*" step [9E] refers back to the "calculating *the sum*" step [9C]. Claim 9 calls for "calculating the sum" of the two types of data, and then multiplying the result of that calculation by another oscillation signal. One of ordinary skill in the art would understand that the calculation steps 8E and 8F are reiterated in claim 9 to show that the two distinct calculated values from claim 8 are to be further multiplied by two distinct oscillation signals recited in claim 9. The purpose was to make clear which calculated values were to be

6

multiplied by which oscillation signals.  This intent is apparent from the way that claim 9 is drafted, *i.e.*, claim step 9A precedes 9B, and 9B specifically refers back to 9A.  The same is true for 9C and 9E.  No other interpretation is even plausible, because there is absolutely no disclosure in the specification that the calculating steps be each performed more than once.

The facts here are similar to those in a case decided recently by this Court, *Accuhale LLC v. AstraZeneca LP, et al.*, 2013 U.S. Dist. LEXIS 114129, at *37-38 (E.D. Tex. Aug. 7, 2013) (Davis, J.) (denying defendants' motion for summary judgment of invalidity based on indefiniteness under 35 § 112 ¶2).  In *Accuhale*, the invention comprised a canister or cylinder for which the claim recited two "second end" limitations" — "a second end" and "a second end opposite the first end." *Id.*, at *16.  This Court rejected defendant's contention that the claim was insolubly ambiguous because it was allegedly unclear whether the canister had only one second end or two different second ends.  The Court found that it was evident that the claim did not recite two different second ends in addition to the first end because no embodiments disclosed a canister with two distinct second ends, and a person of ordinary skill in the art would understand that the canister had a first end with a port and a second end opposite the end with the port. *Id.*, at *18.  Similarly, in this case, it is clear that the recitation of the sum and difference calculation steps in both claim 8 and claim 9 does not mean that the steps are performed twice because no embodiments in the specification disclose performing the steps twice.

### C.  There Is No Insoluble Ambiguity As To Whether The Sum and Difference Calculation Substeps Are Performed Once Or Twice

Apple contends that Claim 9 is insolubly ambiguous as to whether the sum and difference calculation steps are performed once or twice because either interpretation is equally plausible. When read in light of the '321 patent's specification, there is only one plausible understanding of Claims 8 and 9 to a person of ordinary skill in the art — the sum and difference calculation steps

7

are only performed once. Indeed, Apple admits that the "intrinsic evidence . . . suggest[s] that the 'calculating' substeps *should be performed only once*." Apple's Brief at 4 (emphasis added). There is no evidence in the '321 patent's specification that would suggest that the sum and difference calculation steps are performed twice. Moreover, Apple agrees that "a claim construction that excludes a preferred embodiment, in the absence of evidence that the inventor intended that exclusion, is disfavored." *See* Apple's Brief at 5. Apple's own argument underscores the fact that any alternative interpretation of claim 9 is not plausible either factually or legally. Apple's suggestion of an alternative interpretation is no more than a bald assertion to cause ambiguity where there is none.

## III. CONCLUSION

For the reasons stated above, Core Wireless respectfully asks the Court to deny Apple's motion for summary judgment of invalidity of claim 9 of the '321 patent.

Dated: September 19, 2013　　　　　　　　　Respectfully Submitted,

By:    /s/ Craig Y. Allison
Henry Bunsow (California State Bar # 60707)
Denise M. De Mory (California State Bar #168076)
Brian A.E. Smith (California State Bar # 188147)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW DE MORY SMITH & ALLISON LLP**
55 Francisco Street, 6th Floor
San Francisco, CA 94133
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: callison@bdiplaw.com

Wesley Hill
State Bar No. 24032294
E-mail: wh@wsfirm.com
T. John Ward, Jr.
State Bar No. 00794818

8

E-mail: jw@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  September 19, 2013

                                            */s/ Craig Y.Allison*
                                            Craig Y. Allison