**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) | Civil Action No. 6:12-CV-100-LED |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL REQUESTED |
| **APPLE INC.,** | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIM 9 OF U.S. PATENT NO. 6,266,321 BASED ON 35 U.S.C. § 112, ¶ 2**

Core Wireless's opposition largely ignores the actual language of claim 9 of the '321 patent, and fails to resolve the conflict between that claim language, on the one hand, and the specification, figures, and disclosed embodiments, on the other. Whether certain claimed substeps must be performed once or twice is insolubly ambiguous; the claim is indefinite.

1. The preamble of claim 9 clearly states that dependent claim 9 is ***adding to*** the steps listed in claim 8: "The method of claim 8, wherein the steps of compiling a transmission ***further comprises*** the substeps of: . . . ." ('321 patent, Ex. A to Mot., at claim 9 (emphasis added).) Core Wireless wrongly ignores this language, and never addresses it in its opposition. *See, e.g.*, *Pause Tech. LLC v. TiVo Inc.*, 419 F.3d 1326, 1334 (Fed. Cir. 2005) ("In construing claims, however, we must give each claim term the respect it is due."). Instead, Core Wireless improperly tries to re-write the language of claim 9 to remove the repeated substeps. *See Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1341 (Fed. Cir. 2003) ("We may not rewrite claims to preserve validity . . . .").

2. The Patent Act states that claims in dependent form must be construed as ***adding to*** the limitations in the claim on which they depend: "A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112, ¶ 4. Core Wireless fails to explain why this provision does not apply to claim 9.

3. Core Wireless properly notes that the specification, figures, and disclosed embodiment suggest that the claimed steps are only performed once. But this is precisely why the claim is ambiguous: on the one hand, the claim language states that the steps are performed twice; on the other hand, the remaining intrinsic evidence states that the steps are performed once. Core Wireless argues that Apple has failed to meet its evidentiary burden of showing indefiniteness (opp. at 3-4), but does not identify any material facts in dispute. Apple's motion is

based on the undisputed plain language and intrinsic evidence.[1]

4.  Core Wireless also argues that the substeps are repeated to "clarify the[ir] relationship" with the additional substeps. (Opp. at 5-7.) But the repeated substeps do not add clarity. Without them, the relationship would nonetheless be clear from the antecedent "said" in the additional substeps of "multiplying said difference" and "multiplying said sum," because the independent claim recites only one difference or sum. The patentee plainly understood how to use the antecedent "said" to refer to elements in the independent claim. (*E.g.* '321 patent, Ex. A to Mot., at claim 4 (reciting "further comprising means, within *said* means for changing the power level" to refer back to element of claim 1) (emphasis added).)

5.  The principal case cited in support of Core Wireless's construction (opp. at 7) is inapposite because the alleged ambiguity was simply an errant indefinite article—the claim referred twice to "*a* second end," instead of "*a* second end" and "*the* second end," as other claims did. *Accuhale, LLC v. AstraZeneca, LP*, No. 6:11-CV-707, 2013 WL 4045904, at *5 (E.D. Tex. Aug. 7, 2013). That authority cannot override the express "further comprises" language in claim 9 and the statutory provision governing dependent claims.

Apple respectfully requests that the Court grant its motion for summary judgment of invalidity of claim 9 as indefinite. The choice between the two interpretations—one supported by the claim language and the other by the specification, figures, and disclosed embodiment—cannot be resolved by claim-construction principles, and thus claim 9 is indefinite. *See Biosig Instruments, Inc. v. Nautilus Inc.*, 715 F.3d 891, 898 (Fed. Cir. 2013).

---

[1] The Court has found indefiniteness on similar grounds at summary judgment. *E.g.*, *Realtime Data, LLC v. Packeteer, Inc.*, 652 F. Supp. 2d 791, 799 (E.D. Tex. 2009) (Davis, J, adopting report and recommendation of Love, J.) (term indefinite where its use was "inconsistent" with "remainder of the claims, specification, and prosecution history"); *see also Advanced Display Techs. of Texas, LLC v. AU Optronics Corp.*, No. 6:11-CV-011, 2012 WL 2872121, at *14 (E.D. Tex. July 12, 2012) (Davis, J.).

Dated: September 26, 2013      */s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A).

Dated:  September 26, 2013

*/s/ Joseph J. Mueller*
Joseph J. Mueller