IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING, S.A.R.L** § § § § *Plaintiff,* § § **v.** § § **APPLE, INC.** § § *Defendant.* § § § | **CIVIL ACTION NO. 6:12-CV-100** **JURY TRIAL DEMANDED** |

## ORDER

Before the Court is the Parties' Joint Motion to Modify the Docket Control Order (Doc. No. 145). The Motion is **GRANTED-IN-PART**. The Parties are **ORDERED** to file a Notice of Compliance with this Order, incorporating the dates specified in the chart below in a complete Amended Docket Control Order attached as an exhibit by November 11, 2013.[1]

| New Date Parties are ORDERED to Include In The Amended Docket Control Order: | Date Specified In The Current Docket Control Order (Doc. No. 66): | Deadline: |
|---|---|---|
| Fri., June 6, 2014 | Fri., May 9, 2014 | **Parties to identify Rebuttal Trial Witnesses** |
| Fri., May 30, 2014 | Wed., April 30, 2014 | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It |

---

[1] Per the Court's Standing Order Regarding Motions to Modify/Amend Docket Control Orders, available on the Court's website, a complete Docket Control Order must be filed in every instance where a motion amending or modifying a date in a Docket Control Order is granted. The Amended Docket Control Order should only incorporate changes expressly provided in this Order, and should otherwise be identical to the most current Docket Control Order governing this case (Doc. No. 66). The Parties are further reminded that all documents, including Docket Control Orders, should be submitted in a "searchable PDF" format, in accordance with Local Rule CV-7(a).

|  |  | is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
|---|---|---|
| Fri. May 2, 2014 | Fri., April 4, 2014 | **Expert Discovery Deadline** |
| Fri. Apr. 4, 2014 | Fri., Feb. 28, 2014 | **Parties designate rebuttal expert witnesses** (non-construction issues), **Rebuttal expert witness reports due**. |
| Mon. Mar. 3, 2014 | Fri., Jan. 24, 2014 | **Party with the burden of proof to designate Expert Witnesses** (non-construction issues); **Expert Witness Reports due**.<br><br>**Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions**.<br><br>**Apple shall make an election of no more than ten (10)** |
| Fri. Jan. 31, 2014 | None | **Core Wireless shall make an election of no more than four (4) asserted claims per patent**. |
| Fri., Jan. 24, 2014 | Fri., Dec. 6, 2013 | **Fact Discovery Deadline** |
| Fri., Dec. 20, 2013 | Mon., Nov. 11, 2013 | **Document Production Deadline. Comply with P.R. 3-7 – Furnish documents and privilege logs pertaining to willful infringement. Exchange privilege logs as directed in paragraph 5 of the Discovery Order**. |

The Parties are further **ORDERED** to include the below language into the Amended Docket Control Order:

II. COMPLETING PARTY (NOT THIRD-PARTY) DOCUMENT DISCOVERY
   a. On Friday, November 1, 2013, the parties will exchange bullet-point lists that specifically describe the remaining documents that each side seeks from the other. These should be as specific as practicable and not open-ended.
   b. On Wednesday, November 6, 2013, the parties will exchange responses to the bullet-point lists, with specific agreements to produce requested documents by the document production deadline, or with non-agreement, in which case such issues will be ripe for a lead counsel meet-and-confer.
   c. As soon thereafter as lead counsel's schedules allow, lead counsel will meet-and-confer on any remaining documents disputes, and any issues on which the parties reach impasse can be raised with the Court.
   d. With regard to specific document(s) identified at a deposition that fall into either (1) previously agreed-upon categories, or (2) the bullet-point lists generated during the process described above, a party may request production of such specific document(s). But, a party cannot use deposition discovery to request new categories of documents.
   e. This process will not address document production pursuant to third-party subpoenas.

III. OTHER PROVISIONS
   a. This agreement is without prejudice to Apple seeking further claim narrowing in advance of trial, and Core Wireless seeking further prior art narrowing in advance of trial.
   b. The parties agree that for the purposes of this case (including limits on the number of prior art references), a standard specification (*e.g.*, the 3GPP UMTS specification) shall count as a single prior art reference.

**So ORDERED and SIGNED this 5th day of November, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE