IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | ) ) ) | |
| | ) | CIVIL ACTION NO.  6:12-CV-100 |
| Plaintiff, | ) ) | |
| vs. | ) | JURY TRIAL DEMAND |
| | ) | |
| APPLE INC., | ) ) | |
| Defendant. | ) ) | |

## AMENDED DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| DATE | DEADLINE |
|---|---|
| Mon., January 12, 2015 at 9:00 am | **JURY TRIAL**<br><br>9:00 a.m., United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas |
|  | **Order Regarding Exhibits, Exhibit Lists and Witness Lists** |

| | | |
|---|---|---|
| A. | | On the first day of trial, each party is required to have on hand the following: |
| | (1) | One copy of their respective original exhibits.  Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.  In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles. |
| | (2) | Three (3) hard copies of their exhibit list and witness list.  The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms." |
| B. | | During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day.  A description of the exhibits is not necessary, just a list containing the exhibit numbers.  For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on *(the date)*."  Said daily lists are to be tendered the following day.  (If trial commences on Monday, Monday's list will be due |

| DATE | DEADLINE |
|---|---|
| | Tuesday morning and so on until the conclusion of trial). |
| | C. At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. |
| | D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom. |
| | E. Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:<br>(1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in Word format.<br>(2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.<br>(3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition. |
| | F. After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office. |
| Mon., Jan. 5, 2015 at 9:00 am | **JURY SELECTION**<br><br>9:00 a.m., United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas |
| Thurs., Dec. 18, 2014 at 9:00 am | **PRETRIAL CONFERENCE**<br><br>9:00 a.m., United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas<br><br>All pending motions will be heard. |
| Tues., Dec. 16, 2014 | **Parties to file estimates of the amount of time they request for jury selection and trial for** (1) voir dire, (2) opening statements,(3) direct and cross-examinations, and (4) closing arguments |
| Thurs., Dec. 11, 2014 | **Responses to Motions in *Limine* due** |
| Fri., Dec. 5, 2014 | **Motions in *Limine* Due**<br><br>The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference |
| Fri., Dec. 5, 2014 | **Pretrial Objections due** |

| DATE | DEADLINE |
|------|----------|
| Fri., Nov. 21, 2014 | **Objections to Rebuttal Deposition Testimony due** |
| Fri., Nov. 14, 2014 | **Rebuttal Designations and Objections to Deposition Testimony due**<br><br>Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| Fri., Oct. 31, 2014 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.**<br><br>**Proposed Findings of Fact and Conclusions of Law due with citation to authority for issues tried to the bench.**<br><br>**Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.** If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| Fri., Oct. 3, 2014 | **Pretrial Disclosures due**<br><br>**Video and Stenographic Deposition Designation due.** Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| Fri., Sept. 12, 2014 | **Second mediation to be completed.** |
| Fri., Sept. 5, 2014 | **Reply to Dispositive Motions (including *Daubert* motions)** |
| Fri., Aug. 1, 2014 | **Response to Dispositive Motions (including *Daubert* motions)**<br><br>Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. |
| Fri., June 27, 2014 | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. |
| Fri., June 6, 2014 | **Parties to identify Rebuttal Trial Witnesses** |

| DATE | DEADLINE |
|---|---|
| Fri., May 30, 2014 | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing).  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| Fri., May 2, 2014 | **Expert Discovery Deadline** |
| Fri., Apr. 4, 2014 | **Parties designate rebuttal expert witnesses** (non-construction issues), **Rebuttal expert witness reports due**.  Refer to Local Rules for required information. |
| Mon., Mar. 3, 2014 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.**  See the Court's website for further information. |
| Mon., Mar. 3, 2014 | **Party with the burden of proof to designate Expert Witnesses** (non-construction issues); **Expert Witness Reports due**.  Refer to Local Rules for required information. |
| Mon., Mar. 3, 2014 | **Apple shall make an election of no more than ten (10) prior art references per patent.** |
| Fri. Jan. 31, 2014 | **Core Wireless shall make an election of no more than four (4) asserted claims per patent.** |
| Fri., Jan. 24, 2013 | **Fact Discovery Deadline.**<br><br>Last date for parties to file notice of no disputes regarding privilege logs exchanged under paragraph 5 of the Discovery Order, if applicable |
| Fri., Dec. 20, 2013 | **Document Production Deadline.**<br><br>**Comply with P.R. 3-7** – Furnishing documents and privilege logs pertaining to willful infringement.<br><br>Exchange privilege logs as directed in paragraph 5 of the Discovery Order |
| Thurs., Oct. 3, 2013 at 9:00 am | ***Markman*** hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.<br><br>In order to streamline the *Markman* hearing, the Court will propose |

4

| DATE | DEADLINE |
|------|----------|
|  | a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' argument under advisement and issue a claim construction opinion at a later date. |
| Thurs., September 26, 2013 | **P.R. 4-5(d) Chart –Joint Claim Construction Chart due.** The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word form at listing each party's proposed construction for each of the terms to be addressed at the Markman hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit.  See Local Rules CV-7(a)(3).  Motions to extend page limits will only be granted in exceptional circumstances. |
| Thurs., September 19, 2013 | **Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.** The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** – Reply brief and supporting evidence due re response to claim construction.  The filing party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.**  The filing party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed.  If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit.  *See* Local Rules CV-7(a)(3).  Motions to extend page limits |

| DATE | DEADLINE |
|------|----------|
| | will only be granted in exceptional circumstances. |
| Fri., September 6, 2013 | **Tutorials due.** Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| Thurs., August 22, 2013 | **Comply with P.R. 4-5(b)** – Responsive brief and supporting evidence due to party claiming patent infringement. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| | **Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing their brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. See Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |
| Thurs., July 25, 2013 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The filing party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| Tues., July 16, 2013 | **Discovery Deadline - Claim Construction Issues.** |
| Wed., July 10, 2013 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| Tues., July 2, 2013 | **Respond to Amended Pleadings.** |
| Thurs., June 27, 2013 | **Proposed technical advisors due** if one has not already been appointed. Parties to provide name, address, phone number, and |

| DATE | DEADLINE |
|---|---|
|  | curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court.  If the parties feel a technical adviser is unnecessary, they shall alert the Court at this time. |
| Tues., June 25, 2013 | **Reply to Combined Motion for Summary Judgment and claim construction brief due.**  Brief shall not exceed 5 pages.<br>* If an earlier *Markman* is scheduled. |
| Fri., June 21, 2013 | **Amended Pleadings (pre-claim construction) due from all parties.**  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |
| Tues., June 18, 2013 | **Comply with P.R. 4-3** – Parties jointly file Joint Claim Construction and Prehearing Statement<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive.  A maximum of 10 terms will be construed, unless parties have received other instruction from the Court.  If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>**Response to Combined Motion for Summary Judgment and claim construction brief due.**  Brief shall not exceed 15 pages.<br>* If an early *Markman* hearing is scheduled.<br><br>**The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony** it intends to rely on in its response to the moving party's indefiniteness challenge.  The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
| Mon., June 3, 2013 | **Joint Submission to Construe More Than 10 Terms Due.**  Motions shall be limited to 10 pages.<br><br>**Combined Motion for Summary Judgment and claim construction brief due.**<br>Brief shall not exceed 15 pages.<br>* If an early Markman hearing is scheduled. |

| DATE | DEADLINE |
|---|---|
| Wed., May 29, 2013 | **Proposed Technical Advisors due.** Parties shall provide the name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for the *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time.<br>\* If an early *Markman* hearing is scheduled. |
| Fri., May 17, 2013 | **Comply with P.R. 4-2** – Parties to make Exchange of Preliminary Claim Construction and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents).<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness,** it must provide a preliminary identification of any expert testimony it intends to rely in its motion. The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it must inform the nonmoving party. |
| Fri., May 10, 2013 | **First mediation to be completed.** |
| Fri., May 10, 2013 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| Fri., April 26, 2013 | **Deadline to File Letter Brief Requesting Early *Markman* Hearing/Summary Judgment.** The Court will permit Defendant to submit, if desired, a request to construe no more than three "case dispositive" claim terms in a letter brief. The letter brief shall explain the Defendant's proposed constructions of the term(s) and why such a construction will dispose of the case. See the Court's website for further information.<br><br>The early claim construction proceeding is intended to address dispositive issues with regard to noninfringement, not indefiniteness. The Docket Control Order outlines a different procedure for motions for summary judgment of indefiniteness. |

| DATE | DEADLINE |
|---|---|
| | Such issues will be addressed at the *Markman* hearing during the regular course of litigation |
| Fri., March 15, 2013 | **Comply with P.R. 4-1** – Parties to make Exchange of Proposed Terms and Claim Elements for Construction |
| Fri, Dec. 14, 2012 | **Comply with P.R. 3-3 and 3.4 –Preliminary Invalidity Contentions and accompanying document production.** Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b). |
| Mon., Oct. 15, 2012 | **Defendant shall join additional parties.** It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>**Defendant shall assert any counterclaims.**  After this deadline, leave of Court must be obtained to assert any counterclaim. |
| Thurs., Oct. 4, 2012 | Parties to provide computation of damages pursuant to ¶ 2.C of Discovery Order |
| Thurs., Oct. 4, 2012 | Parties to complete production of additional documents relevant to claims or defenses pursuant to ¶ 2.B of the Discovery Order |
| Wed., Sept. 19, 2012 | Parties to make disclosure of parties, bases for claims and defenses, and other disclosures required in ¶ 1 of Discovery Order |
| Wed., Sept. 5, 2012 | Parties to submit proposed Docket Control Order and Discovery Order to Court |
| N/A | **Deadline to file Motion to Transfer Venue.**  In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| August 10, 2012 | **Comply with P.R. 3-1 and 3-2– Disclosure of Asserted Claims and Infringement Contentions and accompanying document production.** Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>**Plaintiff shall joint additional parties.** It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>**Plaintiff shall add new patents and/or claims for patents-in-suit.** It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |

| DATE | DEADLINE |
|------|----------|
| August 6, 2012<br>11:30 am | Initial Status Conference |
| No. of trial days | 8 trial days |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 17 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a)     All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b)     The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i)     The fact that there are motions for summary judgment or motions to dismiss pending;

    (ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(c)   COMPLETING PARTY (NON THIRD-PARTY) DOCUMENT DISCOVERY

(i)   On Friday, November 1, 2013, the parties will exchange bullet-point lists that specifically describe the remaining documents that each side seeks from the other.  These should be as specific as practicable and not open-ended.

(ii)   On Wednesday, November 6, 2013, the parties will exchange responses to the bullet-point lists, with specific agreements to produce requested documents by the production deadline, or with non-agreement, in which case such issues will be ripe for a lead counsel meet-and-confer.

(iii)   As soon thereafter as lead counsel's schedules allow, lead counsel will meet-and-confer on any remaining documents disputes, and any issues on which the parties reach impasse can be raised with the Court.

(iv)   With regard to specific document(s) identified at a deposition that fall into either (1) previously agreed-upon categories, or (2) the bullet-point lists generated during the process described above, a party may request production of such specific document(s).  But, a party cannot use deposition discovery to request new categories of documents.

(v)   This process will not address document production pursuant to third-party subpoenas.

(d)     OTHER PROVISIONS

    (i)     This agreement is without prejudice to Apple seeking further claim narrowing in advance of trial, and Core Wireless seeking further prior art narrowing in advance of trial.

    (ii)    The parties agree that for the purposes of this case (including limits on the number of prior art references), a standard specification (*e.g.*, the 3GPP UMTS specification) shall count as a single prior art reference

**IT SO ORDERED:**

**So ORDERED and SIGNED this 12th day of November, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE