**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **APPLE INC.,** | ) ) ) |
| **Defendant.** | ) |

**CIVIL ACTION NO. 6:12-CV-100**

**JURY TRIAL DEMANDED**

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN
NON-PARTY QUALCOMM INCORPORATED, NON-PARTY INTEL CORPORATION,
PLAINTIFF, AND DEFENDANT**

WHEREAS, The Honorable John D. Love, United States Magistrate Judge, entered a Protective Order to govern discovery in the above-referenced action ("this action") on November 12, 2012 (Dkt. No. 63) ("Protective Order"); and

WHEREAS, Plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless"), Defendant Apple Inc. ("Apple" or "Defendant"), Intel Corporation ("Intel"), a non-party to this action, and QUALCOMM Incorporated ("QUALCOMM"), a non-party to this action, may produce source code and other documents in this action that include or incorporate Confidential Material, including Apple, Intel and QUALCOMM confidential source code;

WHEREAS Core Wireless, Apple, Intel, and QUALCOMM have agreed to additional provisions to protect against misuse or disclosure of such Confidential Material;

Core Wireless, Apple, Intel and QUALCOMM HEREBY STIPULATE AND AGREE that source code or documents that incorporate Confidential Material produced in connection with the above-captioned matter shall be subject to the following restrictions:

A.      **Definitions**

1.      "Confidential Material":   all information, documents, testimony, and things produced, served, or otherwise provided in this action by any Party or by a Non-Party that include or incorporate Apple, Intel, or QUALCOMM confidential information.

2.      "Apple – OUTSIDE ATTORNEYS EYES ONLY Material":   information, documents, and things that include or incorporate Apple's confidential information.

3.      "Intel – OUTSIDE ATTORNEYS EYES ONLY Material":   information, documents, and things that include or incorporate non-Party Intel's confidential information.

4.      "QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY Material":   information, documents, and things that include or incorporate non-Party QUALCOMM's confidential information.

5.      "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

6.      "Party" shall mean any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

7.      "Producing Party" shall mean any Party or Non-Party, who produces "Confidential Material" as defined herein.

8.      "Receiving Party" shall mean a Party that receives "Confidential Material."

9.      "Authorized Reviewer(s)" shall mean persons authorized to review "Confidential Material" in accordance with this Order and the Protective Order.

10.     "Source Code" and "Chip-Level Schematics"

a.      "Source Code" includes human-readable programming language text that defines software or firmware (collectively "software source code").  Text files containing source code shall hereinafter be referred to as "source

code files." Software source code files include, but are not limited to files containing source code in "C", "C++", assembler, digital signal processor (DSP) programming languages, hardware description language (HDL), and firmware source code. Software source code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.

    b.    "Chip-Level Schematics" means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

11.    "APPLE – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material":  Source Code and Chip-Level Schematics that Apple believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that Apple would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.

12.    "INTEL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material":  Source Code and Chip-Level Schematics that Non-Party Intel believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that Non-Party Intel would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.

13.    "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material":  Source Code and Chip-Level Schematics that Non-Party QUALCOMM believes in good faith is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and that Non-

Party QUALCOMM would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.

14.     "Designated Material":   material that is designated "APPLE – OUTSIDE ATTORNEYS' EYES ONLY," "APPLE – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "Intel – OUTSIDE ATTORNEYS' EYES ONLY," "INTEL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY," or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

15.     "Designated Source Code Material": material that is designated "APPLE – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "INTEL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

16.     "Counsel of Record":  (i) outside counsel who appears on the pleadings, or have entered an appearance in this action, as counsel for a Party, and/or (ii) partners, principals, counsel, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

17.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee or non-litigation consultant of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party Intel or 4) a competitor of Non-Party QUALCOMM.

4

18.     "Professional Vendors":   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party Intel, or 4) a competitor of Non-Party QUALCOMM.  This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.     Relationship to Protective Order**

19.     This Order shall not diminish any existing restriction with respect to Designated Material.  Core Wireless and Apple acknowledge and agree that this Order is a supplement to the Protective Order entered in this action as ECF Dkt. No. 63.  The Protective Order applies to all material designated pursuant to this Order.  To the extent that any provisions in this Order and the Protective Order conflict or otherwise differ, the provisions providing the higher level of protection to documents and information shall govern.  To the extent that there is any confusion or conflict between protective orders with respect to Designated QUALCOMM and Intel Material, then this Order governs.  Similarly, to the extent that there is any confusion or conflict between protective orders with respect to APPLE – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material, then this Order governs.

20.     In addition to the restrictions outlined in this Order, material designated as "Apple – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "Intel – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to obligations with respect to "RESTRICTED CONFIDENTIAL SOURCE CODE" materials outlined in the Protective Order.

21.     In addition to the restrictions outlined in this Order, material designated as "Apple – OUTSIDE ATTORNEYS' EYES ONLY" "Intel – OUTSIDE ATTORNEYS' EYES ONLY "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to obligations with respect to "RESTRICTED – ATTORNEYS' EYES ONLY" material outlined in the Protective Order.

**C.     Scope**

22.     The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

23.     This Order shall not prevent a disclosure to which a Producing Party consents in writing before that disclosure takes place.

24.     This Order shall apply to all Apple, Intel and QUALCOMM Source Code or Chip-Level Schematics that are produced or provided for inspection in this action, including all Apple, Intel, and QUALCOMM Source Code or Chip-Level Schematics that are in the possession, custody or control of Apple, Intel, QUALCOMM or any Party in this action or that is otherwise relevant to this action.

**D.     Access To Designated Material**

25.     Access to Designated Material:   Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Receiving Party may disclose any Designated Material only to:

      a.      Persons who appear on the face of Designated Material as an author, addressee or recipient thereof, or persons who have been designated as a witness by Producing Party.

      b.      Counsel of Record;

c.      Up to six (6) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have been approved by the Producing Party, and who have signed the acknowledgement form annexed to the Protective Order as Exhibit A, the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B.  A Receiving Party may in good faith request the Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE be provided to additional outside consultants or experts; Producing Party shall not unreasonably withhold such consent, and the Receiving Party may seek leave of Court to designate such additional outside consultants or experts if the receiving Party believes the other party has unreasonably withheld such consent;

d.      Court reporters and videographers employed in connection with this case; and

e.      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the acknowledgement form annexed to the Protective Order as Exhibit A, and the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached hereto as Exhibit A.

26.     Absent a court order or agreement of the Producing Party, Designated Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

27.     The Parties acknowledge that Designated Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control

7

Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

28.     Absent written permission from the party whose materials are being disclosed, persons not permitted access to Designated Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the approval of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Designated Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

**E.      Access By Outside Consultants**

29.     **Notice.** If a Receiving Party wishes to disclose Designated Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated Material, provide notice to counsel for the Producing Party, which notice shall include:   (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with the Producing Party or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief

description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

30.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by the Producing Party, Designated Material may not be disclosed to mock jurors.

31.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by the Producing Party, Designated Material may not be disclosed to any in-house counsel for the Receiving Party, including in the 60 days prior to mediations(s) and in the 60 days prior to trial.

32.     Objections. Producing Party shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all the information required by Paragraph 29 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission).  After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by the Producing Party, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by the Producing Party must be made for good cause, and must set forth in detail the grounds on which it is based.  Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with the Producing Party. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by the Producing Party, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. The Producing Party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and the

Producing Party, the discovery material shall not be disclosed to the person objected to by the Producing Party.

**F.      Production of Designated Source Code Material**

33.      Source Code and Chip-Level Schematics:

a.      To the extent that a Producing Party makes Designated Source Code Material available for inspection, the Producing Party shall make such Designated Source Code Material available electronically and in text searchable form in a secure room at a secure facility selected by the Producing Party that is mutually agreeable to both the Producing Party and the Receiving Party.   QUALCOMM agrees to make such Designated Source Code Material available electronically and in text searchable form at the Iron Mountain facility in San Diego. The Producing Party shall make the Source Code or Chip-Level Schematics available for inspection on a stand-alone, non-networked personal computer running OS X or a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. The Authorized Reviewer(s) may use appropriate software tools on the Source Code Computer, which shall be installed by the Producing Party, and which may include, but are not limited to, at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Araxis Merge, and at least one multi-file text search tool such as "dtSearch" or "grep." Should it be necessary, other mutually agreed upon tools may be used. Permission to use such other tools shall not be unreasonably withheld by the Producing Party. Licensed copies of

other mutually agreed upon software tools shall be installed on the Source Code Computer by the Producing Party, and shall be paid for by the Receiving Party.  The Producing Party shall make all relevant and properly requested Chip-Level Schematics in its possession available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by the Producing Party that is mutually agreeable to both the Producing Party and the Receiving Party. QUALCOMM agrees to make such Chip-Level Schematics available on a Source Code Computer at the Iron Mountain facility in San Diego.  The Producing Party shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

b.    The Source Code Computer shall be equipped to print copies of the Source Code and Chip-Level schematics on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and pre-Bates numbered sides of the paper provided by the Producing Party.  The Designated Source Code Material is to be reviewed and analyzed using the Source Code Computer.  The Receiving Party is not to print or otherwise make copies of Designated Source Code Material except as provided in paragraph (e) below. Upon request, the Producing Party will print a reasonable number of pages of Designated Source Code Material from the material maintained on the Source Code Computer.  Printouts of Designated Source Code Material are to be provided by the Producing Party solely for the purpose of post-analysis reference and to assist the parties during preparation of pleadings, preparation for depositions, and

the like.   A reasonable request for printed Designated Source Code Material shall be presumed to extend for no more than 20 contiguous pages and no party shall request more than 750 total printed pages of code or Chip Level Schematics for each Producing Party.   A Receiving Party may in good faith request for these limits to be increased and shall provide an explanation of the need for such an increase.   A Producing Party shall not unreasonably withhold such consent, and the Receiving Party may seek leave of Court to increase these limits if the Receiving Party believes the other party has unreasonably withheld such consent.   The Producing Party will deliver up to 10 sets of copies per party of the requested source code to the offices of the parties' Counsel of Record.   A Receiving Party may in good faith request additional copies and shall provide an explanation of the need for such an increase.   A Producing Party shall not unreasonably withhold such consent, and the Receiving Party may seek leave of Court to request additional sets of copies if the Receiving Party believes the other party has unreasonably withheld such consent. Except as permitted pursuant to paragraph 33(d) and (f), Receiving Party may not copy any Designated Source Code Material.   All source code printouts must include (1) directory path information and filenames from which the source code came and (2) line numbers.   The Producing Party may refuse to provide copies of source code printouts that fail to include this information.

c.     Upon election in writing to each Receiving Party of its intention to rely on this provision (c), a Producing Party will provide copies of Designated Source Code Material for use in depositions and as exhibits at trial. The Producing Party will deliver the Designated Source Code Material to the location where it is required and pick up the copies of the code after the

12

use at deposition or trial is complete. Parties should provide no less than seven days advance notice of any request to give the Producing Party time to arrange for delivery and pickup.

d.    Where a Producing Party does not elect to provide copies of Designated Source Code Material for use in depositions and as exhibits at trial as provided for in paragraph 33(c), a Receiving Party may bring the source code printouts provided under paragraph 33(b) for use at deposition or trial.

e.    The Producing Party shall, on request, make access to the Designated Source Code Material in its possession available on a stand-alone computer during depositions of Producing Party's witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such request no later than two weeks before the date of deposition.

f.    A Receiving Party may make copies of excerpts of no more than 5 lines of Designated Source Code Material for the sole purpose of providing these excerpts in a pleading, exhibit, expert report, discovery document, or other Court document filed with the Court under seal in accordance with the Court's rules, procedures and orders (or drafts thereof) and should designate each such document OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.  Longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines.  A Receiving Party shall provide notice to Producing Party or its counsel for each occasion on which it submits portions of Designated Source Code Material in a pleading or other Court document.  In the event copies of Source Code or Chip-Level Schematics printouts are used as exhibits in a deposition, the printouts shall not be provided to the court

reporter, and the further copies of the original Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.

g.    Authorized Reviewer(s) in this Action shall not request printing of Designated Source Code Material which has not been reviewed on the computer, or in order to review the Designated Source Code Material elsewhere in the first instance, *i.e.*, as an alternative to reviewing them electronically on the Source Code Computer, as Core Wireless, Apple, Intel, and QUALCOMM acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

h.    Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason. If any Authorized Reviewer(s) seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secured room.  Any notes taken shall be treated as OUTSIDE ATTORNEYS' EYES ONLY material. Any notes taken shall be treated as being derived from Designated Material and shall be subject to the provisions of paragraph 39. The Producing Party may visually monitor the activities of Authorized Reviewer(s) from within the Source Code review room, but only to ensure that no unauthorized

electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

i.  A Producing Party will, where practical, provide another room in addition to the secure room (the "additional room") in which Authorized Reviewers may use cellular telephones, tablets, or laptops.   The Source Code Computer may not be brought into the additional room.   No portion of Source Code may be copied, removed, or transferred onto any device allowed in the additional room.

j.  In addition to other reasonable steps to maintain the security and confidentiality of Designated Source Code Material, printed copies of Intel and Apple Source Code and Chip-Level Schematics must be maintained by Receiving Party's Outside Counsel in a locked storage container when not being actively reviewed.   Printed copies of QUALCOMM Source Code and Chip-Level Schematics must be maintained by Authorized Reviewer(s) in a locked storage container when not being actively reviewed. Designated Source Code Material may also be removed for transfer to deposition or trial pursuant to paragraph 33(d), when the Producing Party has not elected the procedure of paragraph 33(c). The locked storage container may only be accessed by Authorized Reviewers. In addition, upon request of a Receiving Party, Intel and Apple will make the printouts provided under paragraph 33(b) available in up to three (3) additional locations in reasonable proximity to Authorized Reviewers where it is practical for the Producing Party to find a secure facility within the requested geographic area.   The selection of the facility for review will be at the Producing Party's discretion.   Once printed copies are provided to such a location, a Producing Party will allow Authorized Reviewers

15

access during regular business hours with notice provided three (3) business days in advance.

k. The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Source Code or Chip-Level Schematics was provided and when it was provided to that person. Each Producing Party's outside counsel may request in writing (including email) the Receiving Party's Counsel of Record to serve the log relating to Source Code or Chip-Level Schematics produced by the Producing Party upon the Producing Party's outside counsel at any time after the issuance of a final, non-appealable decision resolving all issues in this case, and the Receiving Party's Counsel of Record must serve the log upon the Producing Party's outside counsel within thirty (30) days of any such written request from the Producing Party's outside counsel. In addition, at any time after the issuance of a final, non-appealable decision resolving all issues in this case, Each Producing Party's outside counsel may also request any Authorized Reviewer(s) to whom the paper copies of the Source Code or Chip-Level Schematics were provided to certify in writing that all copies of the Source Code or Chip-Level Schematics were returned to the counsel who provided them the information and that they will make no use of the Source Code or Chip-Level Schematics or of any knowledge gained from the Source Code or Chip-Level Schematics in any future endeavor, whereupon such certification shall be provided to each Producing Party's outside counsel within thirty (30) days of that request.

l. In any instance where a Receiving Party transfers printouts of Designated Source Code Material, apart from under paragraph 33(f) but including pursuant to paragraphs 33(d) and 33(j), the printouts shall be transported

in person by Counsel of Record undertaking all reasonable precautions to safeguard the copies, including not leaving them unattended at any time. A Receiving Party may not transfer printouts of Designated Source Code Material through a courier or any other delivery service.

**G.      Prosecution and Development Bar**

34.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any Designated Material shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the protocol stack and hardware for GSM, UMTS / WCDMA, CDMA2000 and LTE capable modems, or to the particular technologies or information disclosed in the Designated Material, from the time of receipt of such material through the time the individual person(s) cease to have access to Designated Materials, as well as any materials that contain or disclose Confidential Material. This provision shall not preclude counsel from participating in post-grant adversarial proceedings, including reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts, provided that the patentee does not amend any claims in such proceedings.  For the avoidance of doubt, the patentee may not amend any claims in any post-grant adversarial proceeding in which counsel of record in this litigation participates or has participated in any capacity.

35.      Unless otherwise permitted in writing between Producing Party and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to Designated Materials produced by a Producing Party must agree in writing not to perform hardware or software development work or product development work intended for commercial purposes substantially related to the protocol stack and hardware for GSM, UMTS / WCDMA, CDMA2000 and LTE capable modems, or to the particular technologies or information disclosed in the Designated Material, from the time of first receipt of such material through one year after

17

the date the Outside Consultant ceases to have access to any Designated Materials as well as any materials that contain or disclose Confidential Material.

**H.      Protected Material Subpoenaed or Ordered Produced In Other Litigation**

36.      If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Confidential Material, Receiving Party must endeavor to so notify the Producing Party of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated Material is at issue in the other case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Material. Nothing in these provisions should be construed as authorizing or encouraging any Authorized Reviewer(s) in this action to disobey a lawful directive from another court.

**I.      Unauthorized Disclosure Of Designated Material**

37.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Order.

**J.      Duration**

38.      Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until all Producing Parties agree otherwise in writing or a court order otherwise directs.

**K.      Final Disposition**

39.      Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including outside counsel for each Receiving Party, will destroy all Designated Material produced by any other Party in this action, as well as all work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence containing information from such Designated Material ("derivations") and all copies thereof, with the exception of copies stored on back up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve all Producing Parties with a certification stating that it, including its outside counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated Material or derivations thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**L.      Effective Date**

40.     Core Wireless, Apple, Intel and QUALCOMM agree that this Supplemental Protective Order will be legally binding from the date upon which it is submitted to the Court for entry, in the form that it is submitted to the Court.  The parties acknowledge that this is a reasonable measure to allow for the review of Source Code to proceed immediately.

**SO ORDERED:**

**So ORDERED and SIGNED this 9th day of December, 2013.**

_____
                  JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION IN THIS CASE**

I, _____ [print or type full name], state:  My business address is _____;

    1.    My present employer is _____;

    2.    My present occupation or job description is _____;

    3.    I have been informed of and have reviewed the STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON-PARTY QUALCOMM INCORPORATED, NON-PARTY INTEL CORPORATION, PLAINTIFF, AND DEFENDANT ("Supplemental Protective Order) entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *Core Wireless S.A.R.L. v. Apple, Inc.,* Civil Action No. 6:12-cv-100-LED (E.D. Tex.) in the United States District Court for the Eastern District of Texas, Tyler Division, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to this Supplemental Protective Order.

    4.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On_____.

_____
[Printed Name]

_____
[Signature]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party, Non-Party Intel, or Non-Party QUALCOMM and will not

use any information, documents, or things that are subject to STIPULATED SUPPLEMENTAL

PROTECTIVE ORDER BETWEEN NON-PARTY QUALCOMM INCORPORATED, NON-

PARTY INTEL CORPORATION, PLAINTIFF, AND DEFENDANT in the matter of *Core*

*Wireless S.A.R.L. v. Apple, Inc.,* Civil Action No. 6:12-cv-100-LED (E.D. Tex.) for any purpose

other than this litigation.  I agree not to perform hardware or software development work or

product development work intended for commercial purposes relating to protocol stack and

hardware for GSM, UMTS / WCDMA, CDMA2000 and LTE capable modems, or to the

particular technologies or information disclosed in the Designated Material, from the time of

receipt of such material through one year after the date that I cease to have access to any material

designated "Apple – OUTSIDE ATTORNEYS EYES ONLY" or "Apple – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE."  "Intel – OUTSIDE ATTORNEYS EYES

ONLY" or "Intel – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

"QUALCOMM – OUTSIDE ATTORNEYS EYES ONLY" or "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed On_____.

_____
[Printed Name]

_____
[Signature]

22