**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**        ) ) ) | |
| ) | **CIVIL ACTION NO. 6:12-CV-100** |
| Plaintiff,        ) ) | |
| v.        ) ) | |
| ) | **JURY TRIAL DEMANDED** |
| **APPLE INC.,**        ) ) | |
| Defendant.        ) | |

**CORE WIRELESS S.A.R.L.'S UNOPPOSED MOTION
FOR LEAVE TO AMEND ITS P.R. 3-1 DISCLOSURE OF
ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

Pursuant to Patent Local Rule 3-6 (P.R. 3-6), Plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless") files this unopposed Motion for Leave to Amend its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions.

Apple Inc. ("Apple") recently announced (1) the iPad mini with Retina display on October 22, 2013; (2) the iPad Air on October 22, 2013; (3) the iPhone 5s on September 10, 2013; and (4) the iPhone 5c on September 10, 2013 (collectively "new Apple products"). Core Wireless asserts that all of four of these products incorporate the GSM and UMTS standardized technology in the same manner as the Accused Instrumentalities currently at issue in this case.

On November 11, 2013, Core Wireless notified Apple of its intent to file a motion for leave to amend its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions to accuse iPad mini with Retina display, iPad Air, iPhone 5s, and iPhone 5c of infringement of the patents-in-suit. Along with this the notice, Core Wireless included the proposed updated P.R.3-1

Disclosure of Asserted Claims and Infringement Contentions. After several communications with Apple on this topic and after making certain changes to the amended Infringement Contentions at the request of Apple, on December 4, 2013, Apple informed Core Wireless that it would not oppose a motion to amend the Core Wireless infringement contentions.

Pursuant to P.R. 3-6(b), a patent owner may amend or supplement its Infringement Contentions with leave of the Court "upon a showing of good cause." In determining whether a party should be permitted to amend its infringement contentions, the Court considers four factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Arbitron, Inc. v. Int'l Demographics Inc.*, CIVIL ACTION NO. 2:06-CV-434 (TJW), 2009 U.S. Dist. LEXIS 3191, at *3-4 (E.D. Tex. Jan. 16, 2009).

Each of these factors favors amendment of Core Wireless' Infringement Contentions. First, the new Apple products could not have been included in Core Wireless' prior infringement contentions because they were not on the market and had not been announced yet (and indeed the plans for their launch were a closely held secret of Apple) when the previous contentions were served in October 2012. Core Wireless therefore had no knowledge of the new Apple products before the P.R. 3-1 Disclosure deadline.

Second, the addition of the new Apple products is indeed important to Core Wireless' claims in this case. Based on public information, Core Wireless reasonably believes that the sales amount of the new Apple products will be significant and will increase the damages owed to Core Wireless substantially.

Third, there is no potential prejudice to Apple from the addition of the new Apple products and thus no continuance is necessary. The Infringement Contentions regarding the four new products are based on the same standards and functionality identified for the products already accused in this case. The only difference between the new Infringement Contentions and the prior Infringement Contentions is the inclusion of the new Apple products, and added citations to Apple's document production as further support for the identification of particular components contained in Apple's products. In addition, the trial is not scheduled until January 2015, and Apple's non-infringement expert reports are not due until April 2014. Apple will be able review, understand, and take expert discovery on the amended Infringement Contentions in preparation for trial without any change in the current schedule, making a continuance unnecessary. *See MacLean-Fogg Co. v. Eaton Corp.*, Civil No. 2:07-cv-472, 2008 U.S. Dist. LEXIS 78301, at *7 (E.D. Tex. Oct. 6, 2008) ("the respective deadlines in this case provide [the defendant] ample time to prepare its case. The absence of prejudice eviscerates the need for a continuance."). Moreover, because Core Wireless' infringement allegations for the new Apple products do not differ from those already disclosed to Apple, the addition of the new Apple products does not increase the complexity of the case, nor does it prejudice Apple.

Further, the present case is comparable to *Adaptix, Inc. v. AT&T Mobility, Inc., et. al.*, No. 6:12-cv-00017-MHS-CMC, slip op. 154 (E.D. Tex. Aug. 19, 2013). In *Adaptix*, the plaintiff, Adaptix, moved pursuant to P.R. 3-6(b) for leave to amend and supplement its original infringement contentions to add new accused devices to its P.R. 3-1(c) claim charts that were not on the market or known at the time the original contentions were prepared and served. *Id*. at 3. Similar to the new Apple products, the new devices that Adaptix sought to add incorporated the same cellular chipset as the originally accused devices. *Id*. at 3. Also, the timing in *Adaptix* is

-4-

similar to the case here, where the trial was set for October 2014, over a year out from when the plaintiff sought to amend its infringement contentions. Accordingly, in *Adaptix*, this Court found "good cause exist[ed] to allow amendment of Adaptix's infringement contentions to add new products, some of which were not on the market at the time of the original P.R. 3-1 deadline." *Id*. at 4. Just as in *Adaptix*, the same good cause exists here because the new Apple products were not on the market when Core Wireless served its prior contentions and the products implement the same standards, functionality, and cellular chipsets identified for the products already accused in this case.

      Accordingly, Core Wireless respectfully requests that the Court grant leave for service of its amended P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions.

Dated: December 11, 2013

Respectfully Submitted,

By: */s/ Craig Y. Allison*

Henry Bunsow – Lead Attorney
California State Bar # 60707
Denise M. De Mory
California State Bar # 168076
Brian A.E. Smith
California State Bar # 188147
Craig Y. Allison
California State Bar # 161175
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: callison@bdiplaw.com

T. John Ward, Jr.
Tex. Bar No. 00794818
Wesley Hill
Tex. Bar No. 24032294
**WARD & SMITH LAW FIRM**
111 W. Tyler Street
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

**Attorneys For Plaintiff
Core Wireless Licensing S.A.R.L.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies pursuant to Local Rule CV-7(h) that the relief requested in this motion is unopposed.

*/s/ Craig Y. Allison*
Craig Y. Allison

-6-

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, Federal Express and/or U.S. First Class Mail

Dated: December 11, 2013

*/s/ Craig Y. Allison*
Craig Y. Allison