# United States Court of Appeals
# for the Federal Circuit

---

**IN RE APPLE INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 156

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 12-CV-100, Judge Leonard Davis.

---

JOSEPH J. MUELLER, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, for petitioner. With him on the petition were JOHN J. REGAN and MICHAEL WOLIN, of Boston, Massachusetts, and CYNTHIA D. VREELAND, of New York, New York.

HENRY CHARLES BUNSOW, Bunsow De Mory Smith & Allison LLP, of San Francisco, California for respondent Core Wireless Licensing S.a.r.l. With him on the response was Craig Y. Allison of Redwood City, California.

---

## ON PETITION

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* REYNA.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

REYNA, *Circuit Judge*.

# ORDER

Apple Inc. seeks a writ of mandamus ordering the United States District Court for the Eastern District of Texas to transfer this case to the Northern District of California.   Core Wireless Licensing S.a.r.l. opposes. Apple replies.

## I

In February 2012, Core Wireless sued Apple for patent infringement in the Eastern District of Texas.  Core Wireless, a Luxembourg company having one employee, is a wholly-owned subsidiary of MOSAID Tech, a Canadian corporation.[1]  Core Wireless Licensing Ltd. ("Core Wireless USA"), also a Texas corporation, was created in September 2011 and is a wholly-owned subsidiary of Core Wireless.   Core Wireless USA shares office space with MOSAID TX in Plano, Texas.[2]

Apple is a California corporation with a principal place of business in Cupertino, California.  The accused products contain baseband processing chips which are at the heart of the patent dispute.  Qualcomm Incorporated, based in San Diego, California, and Intel Corporation, based in Santa Clara, California, supply the chips to Apple for inclusion in the accused devices.

Apple moved to transfer the case to the Northern District of California.  The district court denied the motion, finding "that Apple ha[d] not met its burden of establishing that the Northern District of California is 'clearly

---

[1]     In 2009, MOSAID Tech hired its first Texas-based employee.

[2]     MOSAID TX is a Texas company formed in February 2011 and located in Plano, Texas – it is a wholly-owned subsidiary of MOSAID Tech.

more convenient'" than the Eastern District of Texas. *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.,* No. 6:12-CV-100, slip op at 5 (E.D. Tex. Feb. 22, 2013) ("*Transfer Order*"). The court emphasized the lack of specificity in Apple's assertions as to why the transfer factors favored the Northern District of California. Apple subsequently filed a motion to supplement the record. The district court denied the motion, noting that "[t]here is no indication that all of this relevant information was not accessible at the time Apple had filed its transfer motion." *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.,* No. 6:12-CV-100, slip op at 1 (E.D. Tex. May 17, 2013) ("*Supplement the Record Order*"). Apple then filed a motion for reconsideration, which was denied. *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.,* No. 6:12-CV-100, slip op at 1 (E.D. Tex. May 21, 2013) ("*Reconsideration Order*").

Apple now petitions for a writ of mandamus instructing the district court to vacate its *Transfer Order*, *Supplement the Record Order*, and *Reconsideration Order* and to transfer the case to the Northern District of California.

## II

The question before the court on mandamus is whether there was such a "'clear' abuse of discretion" that refusing transfer would produce a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). We will only disturb the district court's decision if it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 317 n.7 (quoting *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361, 363 (8th Cir. 1965)).

The district court examined the private and public interest factors but was stymied in its analysis by Apple's lack of evidence. Specifically, the court noted that it was

unable to evaluate the convenience of witnesses in its transfer analysis because of Apple's failure to identify willing witnesses who would need to travel to the Eastern District of Texas or any third party witnesses not subject to the compulsory process of that court.  Similarly, in light of "Apple's vague assertions and unknown relevance and location of potential sources," the district court was unable to weigh the relative ease of access to sources of proof factor in its transfer analysis, because "the weighing of this factor would be merely speculative."

As to the remaining factors, the district court determined that the local interest factor weighed "slightly" in favor of transfer and the remaining public interest factors were neutral.  The court concluded, however, that the "local interest of the Northern District of California is not enough to establish it is a clearly more convenient forum on its own." *Id.*

Nothing suggests the district court conducted an improper transfer analysis.  The district court simply determined that the evidence before the court was so general in nature that the court was unable to evaluate its relevance in the transfer analysis.  Based on the sparse, and general, record before the district court,[3] we cannot say "that

---

[3]  The dissent analogizes the facts of *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009).  In that case, however, the petitioner identified at least ten specific witnesses in the transferee forum, two of which were attorneys responsible for the prosecution of the patents-in-suit, and at least four additional witnesses with relevant knowledge that were located outside of the original venue but within the transferee venue.  *See id.* at 1343.  We decline to find that the district court was "patently erroneous" based only on inferences drawn from the number of employees at Apple's headquarters, which only reflects the parties' relative size and not necessarily the location

5                                                          IN RE APPLE INC.

the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 317 n.7. Accordingly, we will not overturn the court's conclusion that Apple failed to submit sufficient evidence to suggest that transfer was appropriate.

Finally, Apple asserts that the district court erred by failing to permit Apple to supplement the record following the court's denial of Apple's transfer motion. The district court noted that there was no indication that Apple could not have submitted this information with its motion to transfer. The district court did not abuse its discretion in denying Apple's motion to supplement the record.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

February 27, 2014                    /s/ Daniel E. O'Toole
        Date                              Daniel E. O'Toole
                                          Clerk of Court

---

of potential witnesses—particularly as Apple has not shown that it did not have more granular facts at its disposal to support its original motion.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE APPLE INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 156

---

On Petition for Writ of Mandamus to the United
States District Court for the Eastern District of Texas in
No. 12-CV-100, Judge Leonard Davis.

---

**ON PETITION**

---

NEWMAN, *Circuit Judge*, dissenting.

The plaintiff, Core Wireless Licensing, S.A.R.L., is a
Luxembourg company having one employee.  Core Wire-
less maintains a wholly-owned subsidiary, Core Wireless
USA, a Texas corporation with 6 employees who live in or
near Plano, Texas.   Core Wireless USA's employees
manage Core Wireless's patent portfolio, including any
licensing agreements deriving therefrom.   Neither Core
Wireless nor Core Wireless USA makes, uses, or sells the
patented subject matter in Texas or elsewhere.

The accused products are versions of Apple Incorpo-
rated's iPhone and cellular iPad products.  Apple has been
headquartered in Cupertino, California since 1976.
Apple's management and primary research and develop-
ment facilities are also located in Cupertino where Apple
employs over 13,000 people.  The record also states that

the research, design, and development of the accused products took place in Cupertino and that virtually all Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue for the accused products are located in or near Cupertino.  Additionally, Apple has stated that its foreseeable witnesses with knowledge of the research, design, and development of the accused products reside or work in or near Cupertino.

Refusal to transfer this case should be reversed, and the writ of mandamus should issue to account for the extreme imbalance of convenience as between California and Texas.

My colleagues defend the district court's conclusion that it was unable to evaluate the convenience of witnesses in its transfer analysis because Apple failed to name its witnesses.  The district court has greatly mischaracterized Apple's proffered evidence.  Apple may not have identified specific witnesses or singled out individual documents; however, the evidence proffered makes it clear that all relevant Apple witnesses and documents are located in the Northern District of California.  The evidence also shows that the suppliers of the accused components are located in California—Qualcomm Incorporated is based in San Diego and Intel Corporation is based in Santa Clara.  Under a proper transfer analysis, these facts lead to only one conclusion—this case should be transferred to the Northern District of California.

This case is analogous to *In re Genentech,* 566 F.3d 1338 (Fed. Cir. 2009).  In that case, we granted a petition for a writ of mandamus directing the court to transfer the case to the Northern District of California because the Eastern District of Texas had no meaningful connection to the litigation.  Such is the case here, as nothing else ties this case to Texas.

In *Genentech* we observed that there were "a substantial number of witnesses with material and relevant information residing in either the transferee venue or the state of California who will be unnecessarily inconvenienced in having to travel to Texas to testify." 566 F.3d at 1348. We further noted that two of the three parties were headquartered in the Northern District of California or had facilities in San Diego, California, realizing that this would greatly reduce any transportation of documents related to the accused products. *Id.* We also explained that the Northern District of California would have the authority to compel many witnesses to appear at trial if necessary. *Id.* The similarities between the facts of this case and *Genentech* are striking.

In *Genentech* we also explained that "[i]n patent infringement, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* at 1345 (quotation marks omitted) (citation omitted). There is nothing to suggest to the contrary in this case.

Finally, I am struck by how heavily the local interest factor favors the Northern District of California. Apple is a robust company that supports the local economy of Cupertino, California, employing over 13,000 people. Core Wireless, on the other hand, is a non-United States corporation with one employee that exists solely to license its patent portfolio. To carry out this task, Core Wireless employs 6 people through a subsidiary in Plano, Texas. Apple's impact on the local economy in the Northern District of California is clearly much greater than that of Core Wireless in the Eastern District of Texas.

Thus, although transfer is within the sound discretion of the district court, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no

IN RE APPLE, INC.                                                    4

convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  This is such a case.  From my colleagues' denial of the petition, I must, respectfully, dissent.