# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING, S.A.R.L.,** § | | |
| **Plaintiff,** § | Cause No. 6:12-cv-100-LED-JDL | |
| § | | |
| § | **JURY TRIAL REQUESTED** | |
| **v.** § | | |
| § | | |
| **APPLE INC.,** § | | |
| **Defendant.** § | | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the Court is Apple Inc.'s ("Apple") Motion for Partial Summary Judgment that Claim 9 of the U.S. Patent No. 6,266,321 ("'321 Patent") is Invalid based on 35 U.S.C. § 112, ¶2 (Doc. No. 126) ("MOTION"). Plaintiff Core Wireless Licensing S.A.R.L. ("Core") has responded (Doc. No. 133) ("RESPONSE") and Apple has replied (Doc. No. 136) ("REPLY"). For the reasons stated below, the Court **RECOMMENDS** that Apple's Motion be **DENIED**.

## BACKGROUND

The '321 Patent is one of fourteen patents that have been asserted by Core against Apple. The claims of the '321 Patent have not been construed by this Court previously.[1]

Apple asserts that method claim 9 of the '321 Patent, which depends from method claim 8, is insolubly ambiguous and therefore indefinite under 35 U.S.C. § 112, ¶2. The alleged insoluble ambiguity arises from the fact that both claims 8 and 9 recite "calculating" substeps, each "calculating" substep must be performed twice to infringe claim 9, while the specification suggests the "calculating" substep occurs only once. MOTION at 1, 4. Core responds that "Apple

---

[1] A *Markman* hearing was held on October 2, 2013, addressing terms in seven of the asserted patents, but the '321 Patent was not among them, and this motion was not heard. *See* Doc. No. 61; 139.

is causing confusion where none exists" because "when read in view of the specification, any person of ordinary skill in the art would clearly understand Claim 9 of the '321 Patent – that the sum and difference calculation substeps are [each] performed only once." RESPONSE at 1.

## LEGAL STANDARD

### I. Summary Judgment Standard

Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994); FED. R. CIV. P. 56(c). The moving party bears the initial burden "of informing the district court of the basis for its motion, and identifying [the matter] which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

### II. Indefiniteness

A party seeking to invalidate a patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *United States Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996); *Hibritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986). This presumption places the burden on the challenging party to prove the patent's invalidity by clear and convincing evidence. *United States Gypsum Co.*, 74 F.3d at 1212. Close questions of indefiniteness "are properly resolved in favor of the patentee." *Datamize, LLC v. Plumtree Software*, *Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1380 (Fed. Cir. 2001).

Claims must be particular and distinct. "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. The primary purpose of the requirement of definiteness is to provide notice to those skilled in the art of what will constitute infringement. *See United Carbon Co. v. Binney Co.,* 317 U.S. 228, 236 (1942). The definiteness standard is one of reasonableness under the circumstances, requiring that, in light of the teachings of the prior art and the invention at issue, the claims apprise those skilled in the art of the utilization and scope of the invention with a reasonable degree of precision and particularity. *See Shatterproof Glass Corp. v. LibbeyOwens Corp.,* 758 F.2d 613, 624 (Fed. Cir. 1985). To rule on a claim of patent indefiniteness, a court must determine whether one skilled in the art would understand what is claimed when the claim is read in light of the specification. *Bancorp. Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1372 (Fed. Cir. 2004). "A determination of indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims, [and] therefore, like claim construction, is a question of law." *Amtel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999).

## ANALYSIS

Claim 8 recites two "calculating" substeps:

> 8. A method for simultaneously transmitting data related to two channels using code division, comprising the steps of:
>
> spreading data related to a first channel in parallel using a first spreading code and a second spreading code,
>
> spreading data related to a second channel in parallel using said first spreading code and said second spreading code,
>
> changing the power level of said data related to the second channel with respect to the power level of the data related to the first channel, and

> compiling a transmission from spread data related to the first channel and spread data related to the second channel the power level of which has been changed, said compiling step comprising the substeps of:
>
> *calculating* the difference between data related to a first channel, spread with a first spreading code, and data related to a second channel, spread with a second spreading code and the power level of which has been changed, and
>
> *calculating* the sum of data related to the first channel, spread with the second spreading code, and data related to the second channel, spread with the first spreading code and the power level of which has been changed.

'321 Patent col. 10:21-44 (emphasis added). Claim 9 also repeats two "calculating" substeps:

> 9. The method of claim 8, wherein the step of compiling a transmission further comprises the substeps of:
>
> *calculating* the difference between the data related to the first channel, spread with the first spreading code, and the data related to the second channel, spread with the second spreading code, the power level of which has been changed,
>
> multiplying said difference by a certain first oscillation signal,
>
> *calculating* the sum of the data related to the first channel, spread with the second spreading code, and the data related to the second channel, spread with the first spreading code, the power level of which has been changed,
>
> generating a second oscillation signal from said first oscillation signal by performing a 90-degree phase shift,
>
> multiplying said sum by said second oscillation signal, and
>
> combining said difference multiplied by the first oscillation signal and said sum multiplied by the second oscillation signal.

*Id*. at col. 10:45-67 (emphasis added) (demonstrating that the "calculating" substeps of claims 8 and 9 are verbatim the same, except for an antecedent basis change).

Apple contends that claim 9 is insolubly ambiguous because it is unclear whether the two substeps repeated in claim 9 are performed once or twice. Specifically, Apple argues that

"application of [customary claim construction] principles cannot resolve whether claim 9 requires that the 'calculating' substeps be performed once or twice." MOTION at 3-4.

With respect to Apple's argument that claim 9 requires both "calculating" substeps to be performed twice, Apple alleges that because claim 9 depends from claim 8, and repeats the "calculating" substeps of claim 8 verbatim, the "calculating" substeps of claim 9 must be performed twice. *See* MOTION at 4 (citing *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1242 (Fed. Cir. 2003) (citing 35 U.S.C. § 112, ¶4 for the proposition "[a] claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.")). Additionally, Apple cites the use of "further" in claim 9 as some evidence that claim 9 imposes "additional requirements" on claim 8, thereby necessitating performance of the "calculating" substeps twice. MOTION at 4 (citing *Pause Tech., LLC v. TiVo, Inc.*, 419 F.3d 1326, 1334 (Fed. Cir. 2005) (cited for the proposition that "each claim term [must be given] the respect that it is due")).

With respect to Apple's argument that the "calculating" substeps of claim 9 are only performed once, Apple nebulously refers to the specification, alleging only that there is some preferred embodiment wherein the "calculating" substeps are performed only once. MOTION at 5 (citing '321 Patent col. 5:14-21, col. 6:4-6, Fig. 2a, Fig. 2b); *see* MOTION at 4-5 (citing the '321 Patent without addressing how the portions of specification cited indicate that the "calculating" substeps of claim 9 are performed only once, and failing to explain why a person of ordinary skill in the would not understand that the calculation substeps of claim 9 are performed only once). Thus, Apple asserts claim 9 is insolubly ambiguous, and is therefore indefinite.

Core counters that claim 9 is not insolubly ambiguous. Core cites to Figure 2a of the '321 Patent for the proposition that "any person of ordinary skill in the art who reads the '321

5

Patent would understand that the substeps of calculating the difference and calculating the sum should only be performed once." RESPONSE at 5.  Specifically, Core argues that Figure 2a shows two calculating substeps, one at a sum calculating step performed by an adder at 58, and one at a difference calculating substep performed by an adder 57:



*Id.*; '321 Patent, Fig. 2a.  Core also notes that "no figure show[s] that the steps are performed twice" and that "nothing in the specification shows or even suggests performing the steps twice." RESPONSE at 5; *see* '321 Patent at col. 6:4-7 ("In FIGS 2a and 2b, the roles of the adders 57 and 58 are interchangeable, i.e. adder 57 can calculate the sum of the signals brought to it and adder 58 can calculate the difference of the signals brought to it."); *see also* '321 Patent col. 1:1-8:44 (nowhere does the specification suggests that the substeps are performed twice).  In so far as nothing in the specification even suggests performing the substeps twice, Apple appears to agree with Core, given that Apple rests its entire argument that the substeps are performed twice on the claims alone.  MOTION at 4.

Core also addresses the specific claim language, arguing that while "claim 9 repeats verbatim the 'calculating the difference' and 'calculating the sum' steps found in claim 8," "claim 9 [further] calls for . . . multiplying the result of [the difference and sum steps] by a certain

oscillation signal." RESPONSE at 6. Moreover, Core explains that "one of ordinary skill in the art would understand that the calculation steps [of claim 8] are reiterated in claim 9 to show that the two distinct calculated values from claim 8 are to be further multiplied by two distinct oscillation signals recited in claim 9." *Id*.

The Court agrees with Core and Apple that the specification clearly teaches the calculating substeps are only performed once. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314–15 (Fed. Cir. 2005) (en banc) ("[C]laims 'must be read in view of the specification, of which they are a part.'" (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc))); *id*. ("[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'" (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996))); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002); *see also* MOTION at 4-5 (Apple alleges that the preferred embodiment and/or specification indicate that the "calculating" substeps of claim 9 are performed only once, but provides no meaningful explanation in the scant eight lines of text Apple's motion dedicates to the issue.). The specification resolves the ambiguity—"calculating" substeps recited in claim 9 are performed only once.

## CONCLUSION

In light of Apple's failure to "show by clear and convincing evidence that one skilled in the art would not understand the scope of the claim when read in light of the specification," the Court recommends that Apple's Motion (Doc. No. 126) be **DENIED**. *CEATS, Inc. v. Cont'l Airlines.*, 6:10cv120, 2011 U.S. Dist. LEXIS 80376, at *14 (E.D. Tex. July 21, 2011) (Chief Judge Davis) (citing *Intellectual Prop. Dev., Inc. v. UA Columbia Cablevision of Westchester, Inc.*, 336 F.3d 1308, 1319 (Fed. Cir. 2003)); *see Accuhale LLC v. AstraZeneca LP*, 6:11cv707,

7

2013 U.S. Dist. LEXIS 114129, at *39 (E.D. Tex. Aug. 7, 2013) (Chief Judge Davis) ("It is well established that whether a claim complies with the 'definiteness' portion of § 112 ¶2 depends on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the specification.").

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in this Report. A Party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusion, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 7th day of March, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE