**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**   Plaintiff,   v.   **APPLE INC.,**   Defendant. | Civil Action No. 6:12-CV-100-LED-JDL   JURY TRIAL REQUESTED   <u>ORAL ARGUMENT REQUESTED</u> |

**APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO COMPEL DEPOSITION TESTIMONY UNDER RULE
<u>30(B)(6) REGARDING COMMERCIAL SUCCESS OF THE ACCUSED PRODUCTS</u>**

Core Wireless's opposition to Apple's Motion To Compel Deposition Testimony Under Rule 30(B)(6) Regarding Commercial Success of the Accused Products ("Motion") only underscores Apple's right to discovery on this subject.

Core Wireless now proposes a new representation that it will not offer corporate testimony on this subject but that it may offer whatever evidence it has—which it continues to refuse to disclose in fact discovery—through its experts:

> For these reasons, Core Wireless represents to Apple that it will not solicit testimony at trial from any Core Wireless corporate witness regarding Apple's commercial success or any reasons for Apple's commercial success. ***To the extent that Core Wireless has any information on Apple's commercial success or the reasons for Apple's commercial success, and to the extent that we believe that such information would be relevant, we will provide it through testimony of our experts*** or through Apple's witnesses. Apple will have a full opportunity to question Core Wireless's experts on opinions they provide on these topics (if any such opinions are provided) during expert discovery.

(Opp. Ex. A (emphasis added).)

As with its earlier proposals, Core Wireless continues to take a "hide the ball" approach. If Core Wireless *does not* have any factual information regarding the reasons for Apple's commercial success, then it should stipulate to this—in which case, Apple would not pursue discovery. If Core Wireless *does* have factual information regarding the reasons for Apple's commercial success, then it should allow for discovery into this subject—including the 30(b)(6) deposition testimony that Apple seeks.

Core Wireless also cannot escape its discovery obligations by channeling information through its experts. (*See* Opp. at 3 ("Apple will have a full opportunity to question any evidence Core Wireless's experts present on this topic").) Factual and expert discovery are separate matters governed by separate Rules of Civil Procedure and allowing expert discovery on the

- 2 -

issue cannot take the place of factual discovery.[1]  *See, e.g.*, *Roberts v. Heim*, 130 F.R.D. 424, 428 (N.D. Cal. 1998) ("if Plaintiffs possess factual information independent of that to be furnished by their experts, it should be provided in Plaintiffs' responses to Defendants' contention interrogatories.  This is required even if Plaintiffs have conveyed this information to their experts who may later use it as a portion of their testimony").

Core Wireless does not dispute that the subject of commercial success is relevant, and a 30(b)(6) deposition is not unduly burdensome. (Opp. at 1.)  This testimony could and should have been provided during discovery when Core Wireless designated and then de-designated two separate witnesses on this subject. (Mot. at 3-4.)  Any burden is now only of Core Wireless's own making.

*** 

Apple respectfully requests that the Court issue an order compelling Core Wireless to designate a witness to be deposed pursuant to Fed. R. Civ. P. 30(b)(6) on Topic No. 36 of

---

[1] For that reason, Core Wireless's suggestion that Apple's proposed stipulation about Core Wireless's lack of knowledge is overbroad is misplaced. (Opp. at 2-3.) Whether or not Core Wireless has corporate information regarding the success of the accused products is a separate matter from opinions its experts may offer on that subject based on evidence that is already in the record (including evidence produced by Apple) and any cross examination it may make of Apple's witnesses.

Apple's First 30(b)(6) Deposition Notice and produce documents in its possession regarding this topic before the deposition.

Dated: April 3, 2014

                                                       */s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing document was served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service are being served with a true and correct copy of the foregoing by email.

Dated: April 3, 2014

*/s/ Joseph J. Mueller*
Joseph J. Mueller