# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.** | ) ) ) |
| **Plaintiff,** | ) **CIVIL ACTION NO. 6:12-CV-100** ) ) **JURY TRIAL DEMANDED** ) |
| v. | ) ) |
| **APPLE, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

## APPLE INC.'S ANSWER TO CORE WIRELESS LICENSING S.A.R.L'S COUNTERCLAIMS-IN-REPLY

This is Apple Inc.'s ("Apple") responsive pleading under Fed. R. Civ. P. 12 to the Counterclaims-in-Reply asserted by plaintiff Core Wireless Licensing S.A.R.L. ("Core Wireless") in its Answer and Counterclaims to Apple's First Amended Counterclaims. (Dkt. No. 115.) On July 31, 2013, Apple timely moved to dismiss Core Wireless's Counterclaims-in-Reply as procedurally improper and legally deficient. (Dkt. No. 124.) On May 2, 2014, the Court entered an Order on Apple's Motion to Dismiss, staying "[a]ll of Core's Counter-Claims-in-Reply (Doc. No. 115 at 15-26) related to Core's entire portfolio of patents and unjust enrichment." (Dkt. No. 207 at 1.) Thus, the only of Core Wireless's Counter-Claims-in-Reply currently pending in this case are those related to Core Wireless's breach of contract theories with respect to the "eight remaining patents-in-suit." (*Id.*) Apple responds herein only to the claims that are now actively before the Court. In the event that the Court lifts the stay as to any stayed aspect and/or claim of Core Wireless's Counterclaims-in-Reply, Apple will respond at that time. All aspects of Apple's positions set out below were previously discussed in Apple's earlier submissions regarding Core Wireless's contract claims. For convenience, Apple has included certain illustrative citations to its earlier submissions, below.

To the extent Apple does not specifically admit any of the allegations in Core Wireless's Counterclaims-in-Reply, such allegations are denied.

### THE PARTIES

1. Apple admits that Plaintiff, Core Wireless, avers that it is a corporation duly organized and existing under the laws of the Grand Duchy of Luxembourg. Apple denies that Core Wireless produced all pertinent documents and discovery at Core Wireless USA's local address. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies the same.

2. Apple admits it is a corporation duly organized and existing under the laws of the

State of California, having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple further admits that its registered agent, registered with the Texas State Secretary of State's Office, is CT Corp. Systems.

## JURISDICTION

3. Apple admits that this Court has subject matter jurisdiction over this Action.

4. Apple admits that this Court has personal jurisdiction over Apple with respect to this Action. Apple denies that it has voluntarily submitted to the jurisdiction of the Court by commencing litigation within the State of Texas or registering with the Texas Secretary of State.

## VENUE

5. Apple admits that venue is proper in this District but denies that venue in this District would be most convenient and denies that it has committed any acts of infringement.

## FIRST COUNT

**(Breach of Contract—Apple Breached Its License Agreement with Core Wireless[1])**

6. Apple incorporates by reference the responses set forth in Paragraphs 1-5 of this Answer to Core Wireless's Counterclaims-in-Reply as though fully set forth herein.

7. Apple admits that Core Wireless purports to own the patents-in-suit and the right to sue on them.

8. Apple admits that the patents-in-suit were declared essential to certain cellular standards that were promulgated, at least in part, by the European Telecommunications Standards Institute ("ETSI").

9. Apple admits that the standard known as Global System for Mobile Communication ("GSM") is a mobile wireless technology that was developed, at least in part, by

---

[1] Apple repeats herein the headings for the counts in Core Wireless's Counterclaims-in-Reply for convenience. Apple denies the allegations in this heading for the First Count as well as for the Second Count.

ETSI.

10. Apple admits that the standards known as GSM Packet Radio Service ("GPRS") and Enhanced Data Rates for GSM Evolution ("EDGE") are mobile wireless technologies that were developed after, and add functionalities to, GSM and are in the same family as GSM.

11. Apple admits that the standard known as Universal Mobile Telecommunications System ("UMTS") supports wideband CDMA technology, commonly known as "WCDMA." Apple further admits that UMTS was developed after, and added functionalities to, GSM and that it is in the same family as GSM.

12. Apple admits that UMTS was developed by the 3rd Generation Partnership Project ("3GPP"), which is a collaboration of standard-setting organizations, including ETSI.

13. Apple admits that the United States patent applications related to the patents-in-suit were originally filed by Nokia Corp. Apple denies that these applications disclose any inventive and/or novel idea, or that they resulted in any valid, enforceable patent.

14. Apple admits that it has argued in other litigation that, under French law, it is licensed to patents that are actually essential to a technology standard, and are also valid, infringed, and enforceable. (Dkt. No. 213-2 [Apple's Letter Br. on Summary Judgment] (May 27, 2014) at n1; Dkt. No. 228-1 [Apple's Rely Letter Br. on Summary Judgment (June 12, 2014) at 2.) Specifically, Apple has argued in litigation against Samsung that: "to the extent any of the alleged inventions described in and allegedly covered by the Declared-Essential Patents are used, manufactured, or sold by or for Apple . . . Apple is licensed to any valid patents covering those alleged inventions." (*Id.* (quoting Ex. 2 to Dkt. No. 124 [Apple's Amended Answer & Counterclaims from Samsung litigation] ¶49).) The court in the Samsung litigation rejected this

argument[2], and Apple has not advanced such arguments in the present Action.  Apple further admits that it alleges that "Nokia has entered into certain contractual agreements with ETSI members (including Apple)" and that these contractual obligations are binding on Core Wireless with respect to the patents-in-suit.

15.     Apple incorporates by reference the responses set forth in Paragraph 14 of this Answer to Core Wireless's Counterclaims-in-Reply as though fully set forth herein.

16.     Apple incorporates by reference the responses set forth in Paragraph 14 of this Answer to Core Wireless's Counterclaims-in-Reply as though fully set forth herein; moreover, Core Wireless's reference to and reliance upon an incomplete excerpt from settlement negotiations between Apple and a third party is improper.

17.     Apple admits that the asserted patents have been *declared* essential by Nokia to the UMTS standard, and Core Wireless's assertion of those patents is subject to the ETSI IPR licensing obligation.  Apple denies the remaining allegations in this paragraph.

18.     Apple admits that it has acted in good faith with respect to its involvement with standard-setting activities, but denies that it is under any obligation to negotiate a FRAND royalty for declared-essential patents with Core Wireless or any other patentholder merely because such patents were declared as essential.  (Dkt. No. 220-1 [Apple Opp. to Core Wireless Letter Br. on Summary Judgment] (June 3, 2014) at 1-3.)  Apple denies the remaining allegations in Paragraph 18.

19.     Denied.

20.     Denied.

21.     Apple admits that Core Wireless's outside counsel sent an email to Apple on the

---

[2]     *See Apple Inc. v. Samsung Electronics Co.,* No. 11–CV–01846, 2012 WL 1672493, at *13 (N.D. Cal. May 14, 2012).

same day that Core Wireless filed the present Action, and that in this email Core Wireless's outside counsel suggested that Apple meet with Core Wireless to discuss "a resolution" to Core Wireless's infringement claims. Apple denies that it ignored this email, and indeed, the parties had subsequent communications. (Dkt. No. 220-1 at 2.)

22. Admitted.

23. Apple admits that Core Wireless wrote letters to Apple dated May 10, 2012 and July 24, 2012; with respect to the content of those letters, the documents speak for themselves. Apple denies that these letters, or any other correspondence by Core Wireless, were ignored by Apple, and indeed, the parties had subsequent communications.

24. Apple admits that it sent a letter to Core Wireless dated October 20, 2012; with respect to the content of that letter, the document speaks for itself. Apple denies Core Wireless's characterizations of the document or events beyond what is stated in the document.

25. Denied.

26. Apple admits that it did not feel an immediate meeting with Core Wireless was appropriate because Apple needed the licensing information it had requested from Core Wireless in its October 30, 2012 letter in order to fully assess any proposed license terms, and also because Apple was undertaking an analysis of Core Wireless's asserted patents and infringement claims. (Dkt. No. 220-1 at 2.)

27. Apple admits that Core Wireless wrote a letter to Apple dated November 14, 2012; with respect to the content of that letter, the document speaks for itself.

28. Denied.

29. Apple admits that it sent a letter to Core Wireless dated January 30, 2013; with respect to the content of that letter, the document speaks for itself.

30.     Apple denies that is has intentionally refused to meet or negotiate with Core Wireless; indeed, Apple has corresponded and met with Core Wireless on multiple occasions since Core Wireless filed this Action. (Dkt. No. 220-1 at 2; Dkt. No. 213-2 at 2.) Apple further denies that Core Wireless has ever made Apple a license offer for the individual patents-in-suit. Finally, Apple denies that it has not responded to Core Wireless's only license offer, which was (i) not FRAND, and (ii) would have forced Apple to license Core Wireless's entire patent portfolio, including unasserted patents.[3]

31.     Denied.

32.     Denied.

33.     Denied.

## SECOND COUNT

**(Breach of Contract—Apple Breached Its Agreement with ETSI)**

34.     Apple incorporates by reference the responses set forth in Paragraphs 1-33 of this Answer to Core Wireless's Counterclaims-in-Reply as though fully set forth herein.

35.     Apple admits that it is a member of ETSI and that it is bound to follow the ETSI IPR Policy with respect to its standard-setting activities related to ETSI standards.

36.     Apple avers that the text of the ETSI IPR Policy speaks for itself.

37.     Apple admits that it complies with the ETSI IPR Policy with respect to its standard-setting activities related to ETSI standards. Apple denies that the ETSI IPR Policy imposes any requirement on Apple that it pay royalties for a license to any declared-essential patents merely because such patents were declared essential by a patent holder. (Dkt. No. 213-2 at 3-5; Dkt. No. 228-1 at 1-2.)

---

[3]     Apple notes that Core Wireless's allegations set forth in ¶ 30 rely upon and cite to a letter that Core Wireless designated as a confidential settlement offer, pursuant to Fed. R. Evid. 408.

38. Apple admits that Core Wireless acquired the asserted patents from an ETSI member, Nokia, on or around September 1, 2011. The remaining allegations in Paragraph 38 state conclusions of law to which no response is required.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## THIRD COUNT

### (Unjust Enrichment)

43. Core Wireless's unjust enrichment claims has been stayed by the Court pursuant to Dkt. No. 207. As such, no response to Paragraphs 43-48 is required at this time.

## DEMAND FOR JURY TRIAL

Apple hereby demands trial by jury on all issues so triable raised by Core Wireless's Counterclaims-in-Reply.

Dated: July 28, 2014

*/s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM

111 West Tyler Street
Longview, TX 75601
(903) 757-8449
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules on this day, July 28, 2014.

                                          */s/ Joseph J. Mueller*
                                          Joseph J.Mueller