# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**APPLE INC.,**<br><br>    Defendant. | Civil Action No. 6:12-CV-100-LED-JDL<br><br>**JURY TRIAL REQUESTED** |

## APPLE INC.'S RESPONSE TO
## CORE WIRELESS'S SUBMISSION REGARDING BENCH TRIAL

Core Wireless's July 27, 2014 Submission Regarding Bench Trial ("Submission") in advance of this Friday's status conference is an invitation to legal error, and would neither promote efficiency nor advance the possibility of settlement. The Seventh Amendment, the Patent Act, and Supreme Court precedent require that the jury decide the threshold issues of infringement and validity before any patent compensation can be awarded. Moreover, patent royalties—if any—should be set against the full record of the patent merits. The most efficient course is to try the merits—which, if Apple prevails on liability, may resolve the dispute entirely—and then address any remaining issues. Apple thus respectfully requests that the Court deny Core Wireless's proposal and proceed to the jury trial on the current schedule.

1.  **The Patent Merits Must Go First**

The full record on the merits of infringement and validity should be adjudicated by the jury—on the current schedule—*before* there is any assessment of damages. The Seventh Amendment and the patent laws do not allow an award of patent damages for the alleged infringement of patents without a determination that the patents are (i) valid and (ii) infringed by the accused products. *See* 35 U.S.C. § 284; *see generally Ross v. Bernhard*, 396 U.S. 531, 533 (1970) ("The Seventh Amendment . . . entitled the parties to a jury trial in actions for damages to a person or property, for libel and slander, for recovery of land, and for conversion of personal property."); *compare Tegal Corp. v. Tokyo Electron America, Inc.*, 257 F.3d 1331, 1341 (Fed. Cir. 2001) ("[A] defendant, asserting only affirmative defenses and no counterclaims, does not have a right to a jury trial in a patent infringement suit if the only remedy sought by the plaintiff-patentee is an injunction."). Even where there is an existing license to the patents—which is not the case here—the Supreme Court has long recognized that the burden remains on the patent holder to prove infringement. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct.

843, 849 (2014) (affirming the longstanding rule in patent law that "the burden of proving infringement generally rests upon the patentee") (citing *Imhaeuser v. Buerk*, 101 U.S. 647, 662 (1880) ("[T]he burden to prove infringement never shifts [to the alleged infringer] if the charge is denied in the plea or answer"); *Agawam Co. v. Jordan*, 7 Wall. 583, 609 (1869) ("Infringement is an affirmative allegation made by the complainant, and the burden of proving it is upon him . . .")).

### 2. Trying The Patent Merits First Is The Most Efficient Approach

Trying the merits first—including the issues of validity, infringement, and an award of FRAND damages in the event that a patent is found valid and infringed—would promote efficiency, reduce the burden on the Court, and avoid potential prejudice to Apple. This is because the parties' contract claims and any additional FRAND rate-setting issues would either be mooted—if the patents-in-suit are properly found not infringed and/or invalid—or, in the case of Core Wireless's claims purporting to seek FRAND royalties, must be critically informed by the technical testimony presented at the merits trial and any jury damages award. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("the trial court must carefully tie proof of damages to the claimed invention's footprint in the marketplace"); *In re Innovatio IP Ventures, LLC Patent Litig.*, No. 11-C-9308, 2013 WL 5593609, at *19 (N.D. Ill., Oct. 3, 2013) ("Modified *Georgia–Pacific* Factor 9 [for determining a RAND rate] requires the court to consider the utility and advantages of the patented property over alternatives that could have been written into the standard instead of the patented technology in the period before the standard was adopted."); *see also Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473, 2013 WL 4046225, at *21 (E.D. Tex. Aug. 6, 2013) (setting prospective FRAND rate the same as jury damages award). Moreover, because Core Wireless's portfolio claims have been stayed by the

Court,[1] all proceedings will be limited to the eight patents-in-suit—which, in turn, underscores the need to first have the jury adjudicate the merits on infringement and validity as to those eight patents.

Core Wireless's suggestion that the Court could set a FRAND rate after a one-day hearing with only damages experts, ETSI experts, and party witnesses but **no testimony on the technical merits of the asserted patents** (*see* Submission at 9) is legally incorrect.[2] Technical evidence is required to perform a legally-sufficient valuation of those patents, and this testimony would require far more than one day. *See, e.g., ResQNet.com*, 594 F.3d at 869. That same technical evidence would have to be presented again to the jury as part of the patent merits case—and thus Core Wireless's rate-setting-trial-before-liability-trial proposal would be

---

[1] Core Wireless's submission seems to suggest that its legally-deficient portfolio claims are active and ready for trial, and that pursuant to those claims the Court should set a FRAND rate for all of its declared-essential patents; Core Wireless suggests this would aid the parties in assessing settlement. For example, Core Wireless argues that because Apple has not "agree[d] to take a portfolio license" from Core Wireless, it should be subject to injunctive relief. (Submission at 1 n.1.) This is simply not correct. The Court has **explicitly stayed** Core Wireless's "portfolio" claims. Dkt. 207 at 1 ("All of Core's Counter-Claims-in-Reply (Doc. No. 115 at 15-26) related to Core's entire portfolio of patents and unjust enrichment are STAYED."). The Court not only stayed the claims, but also ordered the parties not to engage in any further expert discovery on those claims, and they followed that directive. *Id*. ("Furthermore, it is ORDERED that no expert may opine on any patents other than the eight remaining patents-in-suit until such a time as the aforementioned stay is lifted."). There is, simply put, no "portfolio" case to try at this time.

[2] In both *Innovatio* and *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013)—where both parties agreed to have the court set a RAND rate without simultaneously addressing infringement—there was considerable evaluation by the courts of the relative technical merits of the patents, not the cursory proceeding Core Wireless proposes. The *Innovatio* court first held a two-day bench trial to determine essentiality and then an eight-day bench trial to set a RAND rate. 2103 WL 5593609, at *2. In *Microsoft*, the court held the bench trial over the course of six days. 2013 WL 2111217, at *1. Here, not only has Apple not agreed to such a bench proceeding before the jury trial—and to the contrary, wants the jury trial on the merits to occur first, on the current schedule—but Core Wireless is proposing that the Court conduct a summary proceeding that would fall well short of the rigor applied by those courts in setting RAND rates.

duplicative and inefficient. Given the legal requirements, judicial economy in this case strongly favors trying the patent merits *before* any rate-setting or FRAND issues. That is precisely what this Court did in *Ericsson Inc. v. D-Link Sys.*, where it first held a trial on the patent merits and then "conducted a bench trial on the issue of Ericsson's RAND obligations."[3] 2013 WL 4046225, at *21.

Finally, to the extent that Core Wireless's current position is that its FRAND contract claims are bench issues that cannot be resolved by the jury, this is both incorrect and a reversal of its prior position. It is black letter law that contract claims involving disputed issues of fact[4]— including any damages resulting therefrom—are to be tried before, and weighed by, a jury. *See Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 459 U.S. 430, 459 (1977) ("Thus, suits for damages for breach of contract, for example, were suits at common law with the issues of the making of the contract and its breach to be decided by a jury; but specific performance was a remedy unavailable in a court of law, and, where such relief was sought, the case would be tried in a court of equity with the facts as to making and breach to be ascertained by the court."). Indeed, at the most recent hearing in this case, Core Wireless's lead counsel explicitly stated that its contract claims should be tried to the jury. He explained that the facts related to its breach of contract claims "dovetail[] very nicely" with damages on its patent infringement claims, and represented to the Court that Core Wireless would like to try both claims "once and be done":

---

[3] Moreover, the Court set the future royalty for Ericsson based on the rate already determined by the jury. *See id.*

[4] Core Wireless suggests there are no disputed issues of fact on its contract claims. Apple moved for summary judgment on those claims on the ground that they failed as a matter of law—even under Core Wireless's incorrect view of the facts—not that there are no disputed issues of fact. If those claims are to be addressed at trial, there remain disputed issues of fact to resolve—as Apple explained in its letter briefing opposing Core Wireless's request for leave to move for summary judgment on those claims.

> We believe that we have sufficient evidence for either the judge or the jury to make that determination. ***I believe it's a jury issue because I believe that the obligation, while that's a Court issue as a matter of law, the quantification of that obligation I believe is a jury issue.***
>
> So we would propose to present that to the jury, ***just like you would present any breach of contract case to the jury. In the context of this case it dovetails very nicely with the damages claim, because part of the damages claim is going to be for the jury to determine what a FRAND obligation is,*** and we would like to do this once and be done.

(Tr. Mot. Hearing (May 1, 2014) at 9-10 (emphases added).) Core Wireless's shift in position is legally incorrect and procedurally inefficient, for all the reasons explained above.

### 3. Any Remaining Issues Could Be Adjudicated After The Patent Merits Trial

To the extent that any issues remain after the jury's adjudication of Core Wireless's infringement claims and any past damages on those claims, those could be taken up in separate proceedings at that stage. There was a similar staging of proceedings in *Ericsson v. D-Link*, where this Court recognized that the patent infringements claims should be tried first, and staged follow-on proceedings as follows:

*Staging of issues for trial in <u>Ericsson</u>:*



The claims here could be staged as follows:

*Potential staging of issues for trial in <u>Core Wireless</u>:*



As illustrated by the above graphic, if the jury returns a verdict of no infringement or finds that any infringed patents are also invalid, the proceedings could conclude. For example, if

- 6 -

Core Wireless does not prove infringement of valid patents, it surely cannot maintain its contract claims (which are deficient to start but would be even more so after a finding of invalidity or non-infringement). Only in the event that the jury finds one or more patents to be valid and infringed would a follow-on proceeding be necessary to adjudicate facts related to the parties' contract claims, equitable defenses, and willfulness. Again, judicial efficiency will be served by having the jury decide infringement first.

* * *

For the reasons stated above, the jury merits trial on Core Wireless's patent infringement claims should commence on January 12, 2015, in accordance with the schedule set by the Court more than two years ago, with any remaining jury and bench issues to be tried subsequently.

Dated: July 31, 2014

*/s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated:  July 31, 2014

/s/ *Joseph J. Mueller*
Joseph J. Mueller