IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DATE: 8/1/14

| JUDGE<br>JOHN LOVE | REPORTER: Mechele Morris<br>LAW CLERK: Wes Samples |
|---|---|
| CORE WIRELESS S.A.R.L.<br>Plaintiff | CIVIL ACTION NO: 6:12CV100 |
| vs. | STATUS CONFERENCE |
| APPLE INC.<br>Defendant | |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Henry Bunsow<br>Jiri Smetana<br>Wes Hill | Eric Albritton<br>Joe Mueller |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:32 am           **ADJOURN:** 10:50 am

| TIME: | MINUTES: |
|---|---|
| 9:32 am | Case called. The parties introduced themselves and announced they are ready to proceed. |
| | The Court greeted the partes and stated we are here for a status conference. Court wanted to discuss issues related to these Rand interactions between the parties occurred and what the parties positions are. Also, Court wanted to discuss the RAND rates and royalties. Discussion made on how these issues should be resolved. Court wanted to discuss possibility of the Court making appropriate determinations on certain issues, but not taking it away from the jury. It may make it more streamline or help parties get to a resolution. There is no agreement by the parties for a bench trial. Court read the parties briefs but wanted to ask some questions for Apple, then Core Wireless. Is there a possibility for a bench trial on certain rates and RAND issues for Apple? Could Court give some help to settle the matter to resolve some matters? Can the Court resolve anything here with some issues? |

DAVID J. MALAND, CLERK

FILED: 8/1/14

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:40 am | Mr. Mueller responded. A pre jury trial, bench trial would not advance the merits and could lead to some inefficiencies. The FRAND issues are important to the parties and beyond this case. The basis patent merits are also important, not just the FRAND issues. If they prevail on liability. If they do, this is a moot point. The merits proceeding is the threshold hurdle the parties need to clear. If they can't clear that hurdle, the case is over and he does not believe they can. Before the jury trial takes place as scheduled, they have moved for Daubert and the Court will resolve. They have also asked for jury instructions that reflect the law in this area. There is more as well for the Court. Once trial ends, if there were any liability, there would be additional questions for the Court. There may could be some following on willfulness proceeding. Also, there could be some patent on enforceability. His position is the jury trial needs to go first to see if this is a live issue. The valuation of the patents from a FRAND perspective will be instructed for all from the evidence from the trial. The evidence that goes in will be very important to further this. Discussion made on setting a FRAND rate process. He hopes to go forward with the technical evidence and have the jury decided FRAND instructed damages. The jury should decide the damages. |
| 9:47 am | The Court asked if the Court should be involved post trial? Apple's position is all should be resolved by the jury. |
| | Mr. Mueller stated the jury should decide the damages. He thinks they can decide the properly instructed FRAND damages. He thinks the contract claims could be staged after the merits trial. Breach of contract is a jury claim. He suggests to have the patent merits trial. If there is no liability, he can't imagine how the contract claims could go forward. If the jury found liability, the jury could be held over for the contract issues after the trial, if necessary. Discussion made on Rule 408 issues. |
| | The Court will hear from Mr. Bunsow. If the Court does not proceed with a pre jury trial, bench trial, is his position that a jury trial would be appropriate on FRAND issues? Is there a post jury trial role for the Court to play on these FRAND issues? |
| 9:51 am | Mr. Bunsow stated what Mr. Mueller suggested, it is putting the cart before the horse. A determination on the merits should proceed in January. The question is what is the impact of the Etsy contract issues? Discussion made on the Etsy obligations. A jury cannot decide what the Etsy rules mean and what the language is. The Court can clear this out first, before the jury trial. Their claim is that Apple has not complied with its obligations with Etsy. The Court should frame the issues appropriately for the jury. The FRAND issues are important. You can't do it after, because you would have to reset what the jury has done. |
| 9:56 am | The Court asked what does he do with Apple not agreeing to a pretrial determination? If there are purely legal issues for the Court to decide, identify them. |
| | Mr. Bunsow responded. The Court would be asked to decide is what the regulations mean, legally. That is not a question for the jury. These are pure legal determinations for the Court. Discussion made on what the legal issues specifically are for the Court. Apples claim is based on the wording of Esty regulations. Court will be asked as a matter of law, to determine the extend of Apple's obligation as a member of Etsy, who seeks to take advantage of the FRAND benefit that comes with that membership. These obligation are based on the written documents. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:59 am | Mr. Mueller responded. There may be some room for some agreement on these issues. If we are talking about pure questions of law, it is possible to have some form of summary judgment hearing on the legal questions before the Court. Discussion made on contract claims for the jury trial. The Court can decide whether the Etsy obligations could be discharged. Discussion made on injunctions. The Court will have to have evidence and testimony to decide unenforceability. Some form of dispositive motion briefing should be done instead of a bench trial. |
| 10:03 am | Mr. Bunsow responded. Further discussion made on the Etsy obligations. Discussion made on uninforceability. We should not go through a ful blown jury trial when we have a legal issue of enforceability of yes or no to be decided before the Court only to give Apple to another bite after the jury trial on whether or not they are liable. Equitable defenses are tried to the Court. |
| 10:08 am | Mr. Mueller responded. Discussion made on the unenforcability issues. There could be some piece of this that can be decided by the Court, outside of the jury. He believes this trial can be staged and be held over for the jury or His Honor. |
| 10:11 am | Mr. Bunsow further responded. The Etsy issues would overload the jury. Until Apple's equitable defense of unenforceability is determined, there is likely no chance of resolving this case. |
| 10:12 am | Mr. Mueller stated he agreed the first jury trial should be easy. To the extent that there are pieces of unenforceability case that could be sequenced after the the verdict on the core merits, they are in favor. They want a patent merits case decided first. |
| 10:13 am | The Court stated he is no way is trying to take anything away from the jury. The jury is capable of deciding this case. Court is exploring the possibility to streamline things and looking at pretrial or post trial matters for the Court. If the parties want a full blown jury trial, they can have it. Court is not trying to take away any jury issue. The Court will take a recess for 5 or 10 minutes, then may have some orders for the parties. |
| 10:16 am | Recess for 10 minutes. |
| 10:33 am | Court resumed. The Court stated there seems to be some agreement here from earlier discussions. There are some narrow issues that the Court can resolve that characterizes legal issues. Court ordered the parties to meet and confer. By August 15, submit to the Court, issues the parties can agree to that are legal issues. Submit findings and conclusions the Court needs to make on that issue as well. On same date, submit jury instructions and verdict form related to the issues submitted. This is not the full jury instructions or FRAND instructions. If possible, Court would like to see the full instructions early on. He would like the full FRAND instructions by August 31. He is not locking anyone into anything, but parties need to sit down and agree on some of these issues. Any quesitons? |
| 10:39 am | Mr. Bunsow responded. Discussion made on the disagreements that the parties have on what the Court should decide. |
| 10:49 am | The Court only wants what the parties can agree to. Court is wanting to resssolve these legal issues with testimony. If there is a legal issue, identify it regardless of agreement or disagreement. |

PAGE 4 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 10:41 am | Mr. Mueller stated he believes they can come to some common ground on some things that the Court can resolve. August 15, those are things that are agreed to? Would we be including issues for non agreements? |
| 10:43 am | The Court stated he will limit to agreements. What is talked about today and agreed to, lay those out. File these as a joint submission. This is just a notice to the Court. |
| | Mr. Mueller further discussed the deadline of August 31 and the FRAND jury instructions and verdict form. |
| 10:46 am | The Court wants to get a general feel on where the parties are and how each party is presenting this. On the 15th, Court wants jury instruction on what we have talked about today on legal issues, and the 31st os is a more broad damages submission. He is not locking anyone in, but wants to see where the parties are going on this. |
| | Mr. Bunsow further responded about the FRAND issues and the deadlines. Mr. Mueller further responded. |
| 10:48 am | The Court just wants agreements of legal issues on the 15th. Court wants how the jury instructions would look based upon the Courts determination on such. On the 31st, he is broadening this out. The more the better for the Court to understand. Submit everything on the damages issues as well. |
| 10:50 am | There being nothing further, Court is adjourned. |
| | |
| | |
| | |
| | |
| | |