**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) | **CIVIL ACTION NO.  6:12-CV-100** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **vs.** | ) | |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT NOTICE OF COMPLIANCE REGARDING ORDER ON BENCH TRIAL**

On August 1, 2014, the Court held a hearing regarding what claims, if any, the parties agree to try to the Court prior to the jury trial on Core Wireless Licensing S.a.r.l.'s ("Core Wireless") patent infringement claims.  On August 7, 2014, the Court ordered the parties to meet and confer regarding this issue and to submit to the Court "a summary of any legal issues the parties agree are for the Court to decide."  (Dkt. 262.)  In accordance with the Court's Order, Core Wireless and Apple have met and conferred on this issue, and jointly submit this Notice of Compliance stipulating to the following:

1.   At a date convenient for the Court in November of this year, the parties consent to
     a bench trial before the Honorable John D. Love, pursuant to 28 U.S.C. §636
     (b)(1)(B) and L.R. CV-72(F), to issue a report and recommendation for review by
     District Court Judge Leonard Davis, on the following issues:

     a.   Whether Core Wireless breached a contractual obligation with respect to
          the presently asserted patents: U.S. Patent Nos. 7,529,271, 7,447,181,
          8,259,689, 6,978,143, 7,383,022, 7,599,664, 7,804,850, 6,266,321

(together, the "Presently Asserted Patents") as set forth in Apple's
Twenty-Ninth Cause of Action ("Breach of Contract") in Apple's First
Am. Answer, Defenses and First Am. Countercls. to Core Wireless's
Third Am. Compl. (Dkt. 107), ¶¶ 109-114, June 21, 2013.

b.  Whether Apple breached a contractual obligation to Core Wireless with
respect to the Presently Asserted Patents as set forth in Core Wireless's
First Count ("Breach of Contract—Apple Breached Its License Agreement
With Core Wireless") in Core Wireless's Answer & Countercls. to
Apple's First Am. Countercls. (Dkt. 115), ¶¶ 6-33, July 2, 2013.

c.  Whether Apple breached a contractual obligation to ETSI with respect to
the Presently Asserted Patents as set forth in Core Wireless's Second
Count ("Breach of contract—Apple Breached Its Agreement With ETSI")
in Core Wireless's Answer & Countercls. to Apple's First Am.
Countercls. (Dkt. 115), ¶¶ 34-42, July 2, 2013.

d.  Whether the Presently Asserted Patents are unenforceable against Apple
and/or whether Apple has the authority to practice these patents as set
forth in Apple's Third Defense ("Unenforceability and/or Authority to
Practice"), in Apple's First Am. Answer, Defenses and First Am.
Countercls. to Core Wireless's Third Am. Compl. (Dkt. 107), p. 253, June
21, 2013.

2.  In the event that the Court concludes, following the November bench trial, that
one or more of the parties is in breach of a contractual obligation and that an
award of monetary damages is appropriate—and both parties dispute that any

such award should be made against them—the Honorable John D. Love shall issue a report and recommendation on the question of contract damages after the jury trial on Core Wireless's patent infringement claims, in order to allow full consideration of the evidentiary record presented at that trial.

3. This stipulation does not indicate—and shall not be construed as—agreement by the parties that the issues identified above are legal issues for the Court, and they reserve their respective positions, including as previously briefed to the Court. But the parties consent to a bench trial as to those issues on the terms set forth in this stipulation in order to streamline the jury trial.  The parties' agreement and consent is expressly limited to those aspects of the claims and defenses set forth above.  This agreement and consent does not apply to the aspects of Core Wireless's contract claims that go beyond the Presently Asserted Patents.  When Apple moved to dismiss those claims, the Court stayed the claims except as they applied to the Presently Asserted Patents, and this agreement does not address the stayed aspects of the claims.  Apple maintains its right to a jury as to all other claims and defenses, including as to Core Wireless's contract claims that were stayed, infringement, invalidity, and patent damages including FRAND royalties (if any royalties at all were due, which Apple disputes), and Core Wireless's other claims.

4. The parties agree that the jury hearing Core Wireless's patent infringement claims shall not be made aware of the preceding bench trial on the claims and defenses set forth in paragraph 1, above.  Thus, the parties agree that neither the fact of the bench trial, nor any outcome of the trial, shall be disclosed to the jury.

5. The January jury trial will be limited to infringement, validity, and damages of the remaining patents in suit at that time.  The parties will discuss with the Court when the jury would consider willful infringement (if a finding of infringement were made and the Court deemed the objective prong of the willfulness test to be satisfied), including the possibility of sequencing that consideration after the jury verdict on infringement, validity, and patent damages.

6. Core Wireless will inform Apple and the Court by the earlier of (a) one week after the Court issues any Order regarding the parties' objections to the Markman Order; or (b) September 22, 2014, as to which specific patents that Core Wireless intends to try during the jury trial on patent infringement.  The parties make this agreement without prejudice to Apple's right to separately request notice of which of the other patents Core Wireless intends not to pursue at trial.

7. The parties agree that their license negotiations and discussions (including but not limited to those negotiations/discussions between Apple and anyone from Conversant Intellectual Property Management (or any predecessor) acting on behalf of Core Wireless) may be introduced into evidence in the bench trial as relevant to the parties' respective contract claims, but not in the patent jury trial in January.  That is, negotiations/discussions between the parties (or their representatives) will be admissible in the bench proceedings, but inadmissible in the jury trial.  The parties' agreement on licensing negotiations/discussions is limited to negotiations/discussions between the parties as set forth above.  Each party reserves all rights to object, either in pretrial briefing or during trial, to the admission of any evidence regarding third-party license negotiations/discussions

during either the bench or jury trial.  The parties further agree that mediation negotiations/discussions (or any reference to mediation) shall not be admissible for any purpose at either trial.  The parties will not make arguments at either trial that suggest the evidence that they have agreed is inadmissible (as set out in this paragraph) does not exist.

8.  Because of the time required to meet and confer to reach this agreement, the parties are simultaneously jointly moving the Court to extend the deadline to submit proposed findings of fact and conclusions of law corresponding to the issues above that the parties agree are for the Court to decide.  The parties believe that the additional time to prepare these findings will benefit the Court and the parties, by allowing the parties to prepare a more refined set of materials that will squarely and precisely present the legal and factual issues for the bench trial.

9.  The parties agree that all other pre-trial submissions related to the bench trial will be made in accordance with the schedule set forth in the Court's Amended Docket Control Order (Dkt. 210).

10. As stated in Paragraph 1 above, the parties propose that the bench trial before Judge Love be held in November, on a date convenient for the Court.  The parties are conferring with their witnesses on availability in November and will propose

potential dates for the Court's consideration this week.  The parties expect the

trial will require a week or less.

***

Dated:  August 18, 2014

Respectfully Submitted,


By:   _/s/   Henry Bunsow_____
Henry Bunsow (Cal. State Bar # 60707)
Denise M. De Mory (Cal. State Bar #168076)
Brian A.E. Smith (Cal. State Bar # 188147)
Craig Y. Allison (Cal. State Bar # 161175)
Dino Hadzibegovic (Cal. State Bar # 267489)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
55 Francisco Street, 6th Floor
San Francisco, CA  94133
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  ddemory@bdiplaw.com
Email:  bsmith@bdiplaw.com
Email:  callison@bdiplaw.com
Email:  dhadzibegovic@bdiplaw.com


T. John Ward, Jr. (Texas Bar # 00794818)
Wesley Hill (Texas Bar # 24032294)
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
Email:  jw@wsfirm.com
Email:  wh@wsfirm.com


**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

By:   _/s/   Joseph J. Mueller_____
Joseph J. Mueller (Mass. Bar No. 647567)
John J. Regan (Mass. Bar No. 415120)
Cynthia D. Vreeland (Tex. Bar No.
20625150; Mass. Bar No. 635143)
Kate Saxton (*pro hac vice*)
**WILMER CUTLER PICKERING HALE &
DORR LLP**
60 State Street
Boston, Massachusetts 02109 USA
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
Email:  joseph.mueller@wilmerhale.com
Email:  John.Regan@wilmerhale.com

Eric M. Albritton (Texas Bar No. 00790215)
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
Email:  ema@emafirm.com


**COUNSEL FOR APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, Federal Express and/or U.S. First Class Mail.

Dated:  August 18, 2014

                                              */s/ Joseph J. Mueller*
                                              Joseph J. Mueller