**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.  6:12-CV-100** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **APPLE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CORE WIRELESS LICENSING S.A.R.L.'S RESPONSE TO
APPLE'S OBJECTIONS TO SUBSTITUTE CLAIM CONSTRUCTION ORDER AND
MOTION FOR RECONSIDERATION OF SAME**

Apple's objections to this Court's claim construction order related to the U.S. Patent Nos. 7,383,022 ("'022 patent") and 7,599,664 ("'664 patent") (Dkt. No. 263) should be rejected in their entirety.

Consistent with the Magistrate Judge's recommended constructions, the term "modifying the default forgetting factor" ('022 Patent, claims 1, 13 and 17)[1] does not need to be construed. Apple incorrectly argues that "modifying the default forgetting factor" cannot include "replacing" the default forgetting factor because the patent specification discusses "replacing" separate from other types of modifications.  Apple is wrong for several reasons.  First, Apple's interpretation is contrary to the plain meaning of the word "modifying." The plain and ordinary meaning of modifying something is to change it, and changing something includes, among other things, replacing it. (Dkt. No. 122 at 14.)  To overcome this, Apple must show a clear intent on the part of the inventors to define the term in the special, non-standard way Apple advances.[2] But Apple fails to show any evidence in the intrinsic record that the inventors intended the term "modify" to be mutually exclusive of the term "replace."[3]  In fact, the specification uses many different terms to describe modifying the default forgetting factor: '022 Patent cols. 3:26 ("modify"), 7:3 ("modified or replaced forgetting factor"), Fig. 4 ("adjust or replace"), 1:57 ("replace"), 3:29 ("replace"), 2:2 ("adjusted"), 6:48 ("adjust"), 4:11 ("change"), 6:52 ("refined"), 7:17 ("correct or refine"), 6:65 ("revised"); '664 Patents cols. 3:34 ( "modify"), 7:3 ("modified

---

[1] This term also appears as "modify the default forgetting factor" ('022 Patent, claim 7); "modifying the default forgetting factor" ('664 Patent, claims 5 and 18); and "modifying the default factor" ('664 Patent, claims 11 and 24).

[2] *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365, 1367-68 (Fed. Cir. 2012) (holding the plain meaning of the term "attached" encompasses either an external or internal attachment because there was no clear and explicit intent to redefine this term).

or replaced forgetting factor"), Fig. 4 ("adjust or replace"), 1:61 ("replace"), 3:37 ("replace"), 2:7 ("adjusted"), 6:48 ("adjust"), 4:17 ("change"), 6:51 ("refined"), 7:16 ("correct or refine"), 6:66 ("revised").  Nowhere in the specifications is there evidence for the theory that the inventors intended to redefine the word "modify" to mean "modify in any way except replace."

Nor does the file history show that "modify" was intended to be an alternate to "replace." Apple's only file history argument is that proposed claim 13 of the abandoned '952 application used the word "modify," and claim 14 used "replace." But there is no evidence that the applicants intended the two terms to be mutually exclusive alternatives; it is just as likely that claim 13 was intended to be the broader claim covering any type of modification, and claim 14 covered the special case of replacing.[4]

Further, the additional 15 words "by adjusting it upwards or downwards by an amount determined by the application of a mathematical computation" should not be part of the construction of the term "modify." First, the language "by adjusting it upwards or downwards" is used in describing the preferred embodiment, and should not be a claim limitation.  *See* '022 patent cols. 6:49-54.  Second, the phrase "application of a mathematical computation" should be rejected as it is not supported by the claim language, specification, or the prosecution history.[5]

Accordingly, the Magistrate Judge's recommendation that no construction is necessary should be adopted by the Court.

_____

(...Continued)

[3] *See id.* at 1367 (using "attached to" and "embedded within," separately in different embodiments "does not rise to the level of either lexicography or disavowal.").
[4] *See id*. ("The fact that the specification uses the two terms "attached" and "embedded" as alternatives does not require [finding of disavowal] … The plain and ordinary meaning of embedded, 'attached within,' is narrower than 'attached.'").
[5] *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318-19 (Fed. Cir. 2005) (en banc).

Dated:  September 11, 2014                    Respectfully Submitted,


By:    /s/ Henry C. Bunsow
    Henry C. Bunsow (California State Bar # 60707)
    Denise M. De Mory (California State Bar #168076)
    Brian A.E. Smith (California State Bar # 188147)
    Craig Y. Allison (California State Bar # 161175)
    **BUNSOW, DE MORY, SMITH & ALLISON LLP**
    351 California Street, Suite 200
    San Francisco, CA  94133
    Telephone:  (415) 426-4747
    Facsimile:  (415) 426-4744
    Email:  hbunsow@bdiplaw.com
    Email:  ddemory@bdiplaw.com
    Email:  bsmith@bdiplaw.com
    Email:  callison@bdiplaw.com

    T. John Ward, Jr. (Texas Bar # 00794818)
    Wesley Hill (Texas Bar # 24032294)
    **WARD & SMITH LAW FIRM**
    1127 Judson Road, Suite 220
    Longview, Texas 75601
    Telephone:  (903) 757-6400
    Facsimile:  (903) 757-2323
    Email:  jw@wsfirm.com
    Email:  wh@wsfirm.com

    *Attorneys for Plaintiff*
    **CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, Federal Express and/or U.S. First Class Mail.


Dated:  September 11, 2014

_/s/ Henry C. Bunsow_
Henry C. Bunsow