**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) | Civil Action No. 6:12-CV-100-LED-JDL |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL REQUESTED |
| **APPLE INC.,** | ) ) | |
| Defendant. | ) ) ) | |

**APPLE INC.'S RESPONSE TO CORE WIRELESS LICENSING S.A.R.L.'S
OBJECTIONS TO MAGISTRATE JUDGE LOVE'S CLAIM CONSTRUCTION ORDER
AND MOTION FOR RECONSIDERATION OF THE SAME**

## I.      The Court Correctly Construed The Structures For The Term "means for comparing …" To Exclude The List of Parameters In Columns 4 And 5

Core Wireless's Objections assert–for the first time–that the "means for comparing . . ." claim limitation should include the language "[e]xamples of channel selection parameters are provided at 4:1-34; 5:62-67; 6:20-21." Core Wireless's argument fails for at least two reasons.

*First*, Core Wireless's "objection" is not an objection at all, but instead an entirely new and untimely claim construction proposal.[1] Core Wireless's original claim construction proposal requested inclusion of the phrase "[e]xamples of ***threshold values*** are provided at 4:1-34; 5:62-67; 6:20-21." Dkt. No. 108-1, Ex. 1, at 15-16 (emphasis added). Core Wireless's "objection" now seeks to change its proposed construction to include "[e]xamples of ***channel selection parameters*** are provided at 4:1-34; 5:62-67; 6:20-21." Objs. at 2 (emphasis added). As a matter of basic English grammar, the reference in the claim language to "threshold value *of* the channel selection parameter" makes clear that a "threshold value" and a "channel selection parameter" are not the same thing. The specification likewise makes clear that the "threshold value" is distinct from the "channel selection parameter." *See, e.g.*, 5:60-62 ("threshold values are determined *for* the channel selection parameters") (emphasis added). Simply put, the parties never briefed, and Magistrate Judge Love never decided—because he was not asked to do so— the issue that Core Wireless is now raising by an improper "objection."

*Second*, because the disputed term is "means for comparing," the relevant inquiry must focus on the correct disclosed structure corresponding to the "means for comparing." As the Court correctly held, the corresponding structure is control unit 803 programmed to control the

---

[1]     Claim construction submissions were completed in September 2013, and the Court conducted a *Markman* hearing on October 3, 2013. Thereafter, the parties engaged in extensive expert discovery predicated on the record developed during the *Markman* process. If adopted, Core Wireless's new claim construction proposal would likely require further expert discovery, potentially delaying the January 2015 trial.

comparison of the threshold value of the channel selection parameter to the current value of the

channel selection parameter in accordance with the *algorithm* shown in Fig. 6, step 650, and

described in 6:20-39; 7:17-20; and 7:24-28 of the '143 patent.  *See, e.g. id.* at 15 (emphasis

added); *see also WMS Gaming v. Internat'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999).

Indeed, the algorithm described by Fig. 6, step 650, and 6:20-39; 7:17-20; and 7:24-28 of the

'143 patent is the only disclosed **algorithm** that compares a threshold value of a channel

selection parameter to a current value of a channel selection parameter.  The construction is

therefore limited to this structure and algorithm (and to statutory equivalents thereof).

Columns 4:1-34 and 5:62-67 of the '143 patent are not part of the corresponding structure

or algorithm.  The corresponding structure in a means-plus-function claim must be structure that

"**performs** [the] function."  *Baran v. Medical Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir.

2010) (emphasis added).  Columns 4:1-34 and 5:62-67 do not perform any function at all, much

less perform the "comparing" function.  Instead, 4:1-34 and 5:62-67 simply identify certain

parameters without explaining how they are utilized—and in particular, without explaining how

they could be compared to a threshold.  Indeed, the parameters identified in 4:1-34 of the '143

patent are described in the "Background of the Invention" section discussing prior art.  *Cf. ePlus,*

*Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 518 (Fed. Cir. 2012) (language cited by patentee did

not disclose structure for means-plus-function limitation where language "appear[ed] in the

'background' section of the specification and only describe[ed] various types of requisition and

purchasing systems in the prior art[] [and] there [was] not even a mention of a structure").[2]

---

[2]     The Court should reject Core Wireless attempts to use claim 7 as an example of a
disclosure of structure.  Core Wireless **never** raised this argument during *Markman* proceedings,
and should not be permitted to raise it now.  Moreover, claim 7 is a method, not means-plus-
function, claim and does not depend from claim 17.  Claim 7, unlike claim 17, does not require

## II.      The Court Correctly Determined That The Corresponding Structure For Terms 18 And 20a Is The Algorithm Disclosed In The Specification

Core Wireless's contention that the rule of *WMS Gaming* does not apply here ignores the plain language of *WMS Gaming* and of the '143 patent itself.  *WMS Gaming* is clear that "[i]n a means-plus-function claim in which the disclosed structure is a computer, or microprocessor, ***programmed to carry out an algorithm***, the disclosed structure is not the general purpose computer, ***but rather the special purpose computer programmed to perform the disclosed algorithm***."  *WMS Gaming*, 184 F.3d at 1349 (emphases added).  Core Wireless itself concedes that the "control unit" is the disclosed structure for terms 18 and 20a.  *See* Objs. at 4.  The '143 patent makes clear that the "control unit" is a "computer, or microprocessor, ***programmed to carry out an algorithm***."  *See* '143 patent at 7:24-28 ("However, the ***control unit*** that controls the other blocks ***executes the block control functions according to special software***, thus realizing the above-described block functions according to the invention.").  Thus, the *WMS Gaming* rule plainly applies.  Core Wireless's contention that certain language in the patent indicates that the unit performs its functions "in an ordinary way" is just attorney argument— Core Wireless cites no supporting patent language.[3]

For the reasons stated above, Apple respectfully requests that Court overrule Core Wireless's objections to the Order, and deny its motion for reconsideration.

---

disclosure of a specific algorithm in the specification, and claim 7 does not disclose an algorithm for using the parameters Core Wireless has identified.

[3]      Moreover, even assuming *arguendo* that the control unit does perform an "ordinary" algorithm, this in no way affects the applicability of *WMS Gaming*, which does not require the disclosed algorithm to not be ordinary.  Core Wireless's reliance on *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303 (Fed. Cir. 2011), is misplaced.  Objs. at 4-5.  In *Katz*, the Federal Circuit remanded to the district court to determine in the first instance (for invalidity purposes) whether or not the proposed functions of "'processing,' 'receiving,' and 'storing' . . . can be achieved by any general purpose computer without special programming."  *Id.* at 1316, 1317.  But here, the patent language itself makes perfectly clear that those functions for terms 18 and 20 ***are*** in fact performed by "special" programming in the control unit.  *See* '143 Patent at 7:24-28.

- 4 -

Dated:  September 11, 2014

/s/ Joseph J. Mueller
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING
 HALE  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via

electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated:  September 11, 2014

/s/ *Joseph J. Mueller*
Joseph J. Mueller
