**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) |
| Plaintiff, | ) **CIVIL ACTION NO.  6:12-CV-100** ) ) |
| v. | ) **JURY TRIAL DEMAND** ) |
| **APPLE INC.,** | ) ) |
| Defendant. | ) ) |

**CORE WIRELESS LICENSING S.A.R.L.'S NOTICE OF
SUPPLEMENTAL AUTHORITY REGARDING
APPLE'S MOTION TO PRECLUDE TESTIMONY AND OPINIONS
<u>OF CORE WIRELESS'S DAMAGES EXPERT ROY WEINSTEIN</u>**

Plaintiff Core Wireless Licensing S.a.r.l. ("Core Wireless") respectfully submits this notice of supplemental authority regarding Apple Inc.'s ("Apple's") June 27, 2014 Motion to Preclude Testimony and Opinions of Core Wireless's Damages Expert Roy Weinstein. Core Wireless wishes to make the Court aware of a relevant Federal Circuit ruling that issued the day after Core Wireless filed its sur-reply—*VirnetX, Inc. et al. v. Cisco Systems, Inc., et al.*, --- F.3d ---- (Fed. Cir. September 16, 2014) (Attached as Exhibit 9). The *VirnetX* case makes clear that Apple's argument to preclude Core Wireless expert Mr. Roy Weinstein from testifying at trial regarding his analysis of licenses using the *Georgia-Pacific* factors is contrary to Federal Circuit law and should be denied.

In *VirnetX*, the Federal Circuit affirmed Judge Davis's decision to allow expert testimony regarding six separate license agreements with varying degrees of similarity to the hypothetical negotiation. *Id.* at 33-34. The holding notes that one of the licenses "covered sixty-eight VirnetX patents, and was therefore much broader than the license to four patents Apple would be seeking in the hypothetical negotiation." *Id*. And in reaching its conclusion, the Federal Circuit considered the precedent cited in Apple's Motion to Preclude papers. *Id.* at 34-35 (discussing *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (2012); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010); and *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009)). With those cases in mind, the Federal Circuit held that Judge Davis did not abuse his discretion by allowing the testimony because "four of those licenses did indeed relate to the actual patents-in-suit, while the others were drawn to related technology," and "all of the other differences that Apple complains of were presented to the jury, allowing the jury to fully evaluate the relevance of the licenses." *Id* at 34.

Here, Apple's main argument seeking to exclude Mr. Weinstein's *Georgia-Pacific* analysis is the same argument that the Federal Circuit rejected in *VirnetX*. Apple incorrectly argues that Mr. Weinstein's analysis is fatally flawed because he relied on licenses that contained more than eight patents—the number of Patents-in-Suit. D.I. 240 at 3-7. But *VirnetX* held that

1

testimony regarding broader licenses was admissible and that ascertaining the "degree of comparability" of licenses was a factual issue that was properly left to the jury to weigh:

> Nevertheless, we concluded that the "degree of comparability" of the license agreements was "[a] factual issue[] best addressed by cross examination and not by exclusion." Similarly, here, though there were undoubtedly differences between the licenses at issue and the circumstances of the hypothetical negotiation, "[t]he jury was entitled to hear the expert testimony and decide for itself what to accept or reject."

Ex. 9 at 35 (Citing *Finjan*, 626 F.3d at 1212 and *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed. Cir. 2010), *aff'd* 131 S. Ct. 2238 (2011)).  Furthermore, there is no dispute here that Mr. Weinstein limited the licenses he relied on to those "drawn to related technology." *See, e.g.*, Mueller Decl. Ex. A, ¶204 (narrowing licenses to only the 2G and 3G technologies-in-suit). Accordingly, the principles set forth in *VirnetX* direct that evaluating the "degree of comparability" of licenses is a task for the jury, and Apple's motion to exclude Mr. Weinstein's testimony should be denied.

Dated:  September 17, 2014                       Respectfully Submitted,

By:   */s/ Henry C. Bunsow*
Henry C. Bunsow (California State Bar # 60707)
Denise M. De Mory (California State Bar #168076)
Brian A.E. Smith (California State Bar # 188147)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW DE MORY SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA  94104
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  ddemory@bdiplaw.com
Email:  bsmith@bdiplaw.com
Email:  callison@bdiplaw.com

Wesley Hill
State Bar No. 24032294
E-mail: wh@wsfirm.com
T. John Ward, Jr.

State Bar No. 00794818
E-mail: jw@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  September 17, 2014

                                                  */s/ Henry C. Bunsow*
                                                    Henry C. Bunsow