**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS LICENSING S.A.R.L,** | ) ) ) | |
| Plaintiff, | ) ) ) | **CIVIL ACTION NO. 6:12-CV-100** |
| vs. | ) ) | **JURY TRIAL DEMAND** |
| **APPLE INC.,** | ) ) ) | |
| Defendant. | ) ) | |

**CORE WIRELESS LICENSING S.A.R.L.'S REPLY IN SUPPORT OF ITS
OBJECTIONS TO MAGISTRATE LOVE'S CLAIM CONSTRUCTION ORDER AND
MOTION FOR RECONSIDERATION OF SAME**

I.  **Whether the Language "Examples Of Threshold Values …" or "Examples Of Channel Selection Parameters …" Is Used as Part of the Structure Does Not Make a Substantive Difference for the Claim Construction Purposes**

Apple's assertion that Core Wireless's proposal to include the language "examples of channel selection parameters are provided at 4:1-34; 5:62-67; 6:20-21" as part of the structure for the "means for comparing …" claim term is an entirely new and untimely claim construction proposal that, if adopted, "would likely require further expert discovery, potentially delaying the January 2015 trial" is incorrect and misleading on the spurious basis that Core Wireless used the term "threshold value" in its construction instead of the term "channel selection parameter." Apple Resp. at 1.  This is a distinction without a difference, and as can be seen from Apple's responsive brief, Apple makes what is essentially a grammatical argument.

Apple argues that Core Wireless is asking for a new construction because in its objections, it asks the Court to include additional examples of "channel selection parameters" found, for example, at 4:1-31 in the '143 patent, whereas, in its *Markman* proposal, it asked to include additional examples of what it called "threshold values," referring to the same examples in the same part of the specification.  Apple argues that this change in terminology – from "channel selection parameters" to "threshold values" – is an "entirely new and untimely claim construction proposal." Apple Resp. at 1.  Nothing could be further from the truth.

We know that the examples provided at 4:1-31 are examples of "channel selection parameters," because that is what the patent calls them: "The decision about whether to use a common or a dedicated channel may be based on a plurality of *channel selection parameters* such as . . . ." 4:1-3, followed by the list of examples Core Wireless believes are part of the claim construction.   The examples listed at 4:1-31, however, could just as easily be called threshold values.  A threshold value is simply a specific, numerical value of a channel selection parameter that is used as the basis for channel selection. *See* '143 patent at 5:60-67.  One example of a channel selection parameter provided by the patent is the "size of data packet." '143 patent at 4:4.  The "threshold value" corresponding to this "channel selection parameter" would simply be

a specific size of the data packet used for comparison – e.g., a data packet with a size of 4 bytes or 4 kilobytes, or the like.

Whatever abstract difference Apple may attempt to make between these two phrases is entirely irrelevant to the claim construction issue. Core Wireless is indifferent as to whether the jury is informed that examples of "channel selection parameters" or "threshold values" are found in column 4, so long as the jury understands that what is disclosed there includes examples of corresponding structures for the "means for comparing" element of claim 17. The difference is not substantive.

**II.     Examples of "Channel Selection Parameters" From the Specification Should Be Explicitly Included in the Structure**

Contrary to what Apple asserts, the Court's construction of the structure for the "means for comparing…" claim term should include all examples contained in the specification, including the following examples from the specification that were originally proposed by Core Wireless in its claim construction brief: "Examples of [channel selection parameters] are provided at 4:1-34; 5:62-67; 6:20-21." CW's Opening CC Br. at 15-16. First, as Apple admits, the structure described by Figure 6, step 650, and 6:20-39; 7:17-20; and 7:24-28 of the '143 patent "compares a *threshold value of a channel selection parameter* to a current value of a channel selection parameter." Apple Resp. at 2. Thus, any examples of threshold values (or channel selection parameters) contained should be included as part of the corresponding structure. One of ordinary skill in the art would understand that the patent contemplates using many different channel selection parameters for comparison, examples of which are listed at the '143 patent Abstract, columns 4:1-34; 5:62-67; 6:20-27, and claims 7, 8, 9, 10 and 20.

Second, looking at claim 20 of the '143 patent, which depends on the asserted claim 17, in light of Court's construction for "means for comparing …" term is instructive. Claim 20 states in relevant part, "… said value corresponding to the channel selection parameter is the amount of data in the RLC buffer(s)." '143 patent at 10:12-13. Certainly, a comparison described in the specification on 6:20-39; 7:17-20; and 7:24-28 that is part of the structure for an

independent claim 17 is also intended to be used for comparison of other channel selection parameters from dependent claims, such as "the amount of data in the RLC buffer(s)" from a dependent claim 20.[1] Therefore, the examples of channel selection parameters at 4:1-34; 5:62-67; 6:20-21 should be included within or as part of the corresponding structure.

Apple's argument that "[c]olumns 4:1-34 and 5:62-67 do not perform any function at all" and therefore cannot be part of the corresponding structure is incorrect. Apple Resp. at 2. The columns 4:1-34 and 5:62-67 are part of the corresponding structure because they describe the types of channel selection parameters that are used in the comparison function and are thus linked to the comparison function described in the claim. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1321 (Fed. Cir. 2004) ("Structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim.") (citation omitted).

Apple's other argument that the channel selection parameters disclosed at 4:1-34 are not part of the corresponding structure because they are described in the background section that discusses prior art is also incorrect. Apple Resp. at 2. Nothing in the patent states that these examples are part of the prior art, and the fact that they happen to appear in a section labeled "Background" does not establish that. But even if these examples could be found in the prior art, patents typically combine previously known concepts in a novel way. There is certainly no case law that restricts a means plus function structure only to non-background sections of a patent specification, or to structures that were not in the prior art.[2]

---

[1] In addition to being claimed in claim 20, the "amount of data in the RLC buffer(s)" channel selection parameter is also described in the '143 patent at Abstract, column 4:4 and claim 8.

[2] In fact, the *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 518 (Fed. Cir. 2012) case cited by Apple shows that a means plus function structure can include parts of the background section of a patent specification. In *ePlus*, the Court stated that the "background" section of the specification contained only the prior art systems and not the requisite structures claimed by the plaintiff, which indicates that the Court was reading the background section into the claims, but the requisite structures were not disclosed in the background section. *Id*.

Dated: September 22, 2014        Respectfully Submitted,

By:    */s/ Henry C. Bunsow*
Henry C. Bunsow (California State Bar # 60707)
Denise M. De Mory (California State Bar #168076)
Brian A.E. Smith (California State Bar # 188147)
Craig Y. Allison (California State Bar # 161175)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94133
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: callison@bdiplaw.com

T. John Ward, Jr. (Texas Bar # 00794818)
Wesley Hill (Texas Bar # 24032294)
**WARD & SMITH LAW FIRM**
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: wh@wsfirm.com

*Attorneys for Plaintiff*
**CORE WIRELESS LICENSING S.A.R.L.**

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, Federal Express and/or U.S. First Class Mail.

Dated:  September 22, 2014

                        */s/ Henry C. Bunsow*
                        Henry C. Bunsow