**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | Civil Action No. 6:12-CV-100-LED |
| Plaintiff, | |
| | JURY TRIAL REQUESTED |
| v. | |
| **APPLE INC.,** | |
| Defendant. | |

**APPLE INC'S SUR-REPLY IN OPPOSITION TO CORE WIRELESS LICENSING S.A.R.L.'S OBJECTIONS TO MAGISTRATE JUDGE LOVE'S CLAIM CONSTRUCTION ORDER AND MOTION FOR RECONSIDERATION OF SAME**

I. **"Threshold Values" and "Channel Selection Parameters" Are Distinct Concepts**

Despite claiming that the differences are "not substantive," Core Wireless's own reply demonstrates that "threshold values" and "channel selection parameters" are *distinct* concepts. *See* Reply at 1, Dkt. No. 285 (stating a threshold value is "a specific, numerical value of a channel selection parameter that is used as the basis for channel selection"). To be sure, "threshold values" and "channel selection parameters" can be related to each other. But the difference between them is substantive, and Core Wireless should not be permitted to raise on reconsideration a new claim construction interpretation, which the parties did not have the opportunity to explore in discovery or brief to the Magistrate Judge.

II. **Examples of "Channel Selection Parameters" Should Not Be Included In the Structure**

The corresponding structure in a means-plus-function claim must be structure that "*performs* [the] function." *Baran v. Medical Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010) (emphasis added). The function at issue here is "*comparing* said threshold value of the channel selection parameter to a current value of the channel selection parameter for basis of said channel selection." Substitute Memorandum Opinion and Order at 15, Dkt. No. 263 (emphasis added) ("Substitute *Markman* Order"). Thus, the corresponding structure must be whatever structure or structures in the patent *perform the act* of "comparing." As the Court correctly identified, the structure that performs the act of "comparing" is the control unit 803 programmed in accordance with the algorithm identified in the Court's Substitute *Markman* Order. *See id.*

Core Wireless's argument is fundamentally flawed because it asks the Court to view *the thing being compared* as the structure that *performs the act of comparing*. The plain meaning of the language of the "means for comparing . . ." limitation is that the threshold value of the channel selection parameter is something that *gets compared to* a current value of the channel

selection parameter *by* the means for comparing: "means for *comparing said threshold value* of the channel selection parameter *to a current value* of the channel selection parameter for basis of said channel selection." '143 patent, claim 17 (emphasis added). Moreover, there is no language in the patent to suggest that a "channel selection parameter" can be something that performs an action.

Because "channel selection parameters" do not perform any action, there is no basis in the law for including the examples of channel selection parameters in the structure for the "means for comparing . . ." limitation. *Linear Tech. Corp. v. Impala Linear Corp.* does not support Core Wireless's position. *See* Reply at 3 (citing *Linear Tech.*, 379 F.3d 1311, 1321 (Fed. Cir. 2004)). The issue in *Linear Tech.* was whether the patent's reference to a "pulse-width modulator circuit" was a sufficiently specific disclosure of a structure for means-plus-function purposes. The Federal Circuit held that it was, reasoning that "persons of skill in the art would understand that 'PWM circuit' references a discrete class of circuit structures that *perform* known functions." *Id.* at 1322 (emphasis added). Here, in contrast, no person of ordinary skill could possibly understand a "channel selection parameter" to be a structure that performs an action, especially given that the claim refers to it as something upon which an action (namely, comparing) is performed.

Because a structure must be something that can perform the function, Core Wireless's argument regarding claim 20 is irrelevant. Claim 20 describes a specific type of channel selection parameter that can be *compared by* the "means for comparing." Nothing in claim 20 can be read as somehow converting the channel selection parameter from a thing that is compared to a thing that does the comparing.

Finally, even assuming *arguendo* that the "channel selection parameters" could be read as

performing a function, the examples cited at 4:1-34 cannot be included in the corresponding structure because those structures describe the prior art. *See* Response at 2, Dkt. No. 280. While it may the case that prior art *can* disclose structure for a means-plus-function claim, the patent must "clearly link[] or associate[]" a structure with the claimed function. *Linear Tech.*, 379 F.3d at 1321. Column 4:1-34 of the '143 Patent simply identifies certain parameters without explaining how they are utilized or how they could be compared to a threshold.[1]

### III. CONCLUSION

For the reasons stated above, Apple respectfully requests that the Court overrule Core Wireless's objections to the Substitute *Markman* Order, and deny its motion for reconsideration.

Dated: October 2, 2014

*/s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM

---

[1] Core Wireless's attempt to distinguish *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 518 (Fed. Cir. 2012) is based on a misinterpretation of Apple's argument. Apple does not contend that *ePlus* categorically forbids prior art structures from serving as the corresponding structure for a means-plus-function term. Rather, *ePlus* stands for the proposition that where, as here, the "background" section of a patent merely describes the prior art but does not link it to the function in a claim limitation, that prior art cannot be the corresponding structure for the claim limitation. *See id.* at 518 (descriptions of "various types of requisition and purchasing systems in the prior art" did not constitute sufficient disclosure of structure for "means for processing").

- 4 -

          111 West Tyler Street
          Longview, TX 75601
          (903) 757-8449
          ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated:  October 2, 2014

          */s/ Joseph J. Mueller*
          Joseph J. Mueller