IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| APPLE INC., | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.  6:12-CV-100

JURY TRIAL DEMAND

**CORE WIRELESS LICENSING S.A.R.L.'S OBJECTIONS AND REBUTTAL DESIGNATIONS TO APPLE INC.'S DEPOSITION DESIGNATIONS**

Pursuant to the Docket Control Order [as amended, *see* Dkt. No. 311], Core Wireless hereby provides objections and rebuttal designations to Defendant Apple Inc.'s ("Apple") affirmative deposition designations, attached hereto as Exhibit A.[1]  Core Wireless reserves the right to supplement, amend, or otherwise modify these objections or rebuttal designations based on circumstances as they may evolve prior to the commencement of trial, including the *motions in limine* that will be filed on December 5, 2014.  Additionally, Core Wireless reserves the right to add designations for the depositions of Apple's and Core Wireless's "will call" trial witnesses in the event these witnesses are not called at trial or these witnesses' designation as "will call" changes.  Core Wireless reserves the right to use its affirmative designations, Apple's

---

[1] On October 3, 2014 Apple filed its initial disclosure of deposition designations [Dkt. No. 290]. On October 13, 2013, Apple filed amended disclosures [Dkt. No. 297].  Apple served Core Wireless with further amended designations on October 28, 2014, and on November 13, 2014 further agreed to de-designate certain additional pages of testimony.  Accordingly, the below objections and counter-designations correspond to only the most recent set of designations that Apple has represented it will be designating.

designations or its rebuttal designations as affirmative or rebuttal testimony at trial if the need arises, subject to the Court's ruling on objections. Core Wireless's identification of rebuttal designations should not be construed to waive any objections to Apple's affirmative designations or use of exhibits. In many instances Apple has designated testimony that is incomplete, misleading, or taken out of context. Out of an abundance of caution, Core Wireless has designated, as rebuttal testimony, portions of the transcripts that in fairness ought to be played for completeness should the Court overrule Core Wireless's other objections. Core Wireless does not in any way concede that this testimony is appropriate and reserves the right to object to Apple's attempted use of such testimony.

### I. GENERAL OBJECTIONS

1. On October 3, 2014 Apple filed its initial disclosure of deposition designations [Dkt. No. 290]. These designations exceeded the Court's standing order which limits deposition designations to 10 hours. In accordance with the Court's October 8, 2014 Order, Apple filed amended disclosures on October 13, 2013 [Dkt. No. 297]. By Core Wireless's account, these designations still exceed the 10 hour limit. Apple contends however that its designations are appropriately within the 10 hour limit due to the way in which the witness answers will be cut using specific trial software. Because Core Wireless cannot determine how the deletion of pauses in witness' answers will affect the credibility of the testimony, and will not be able to determine this until Apple provides Core Wireless with the deposition videos, Core Wireless maintains a standing objection that such pauses, to the extent they are significant, must be played and counted against Apple's allotted time at trial.

2. Core Wireless objects to Apple's designations to the extent they include questions without answers, or answers without questions, or to the extent they take testimony out of context. These objections to testimony are set forth below and Core Wireless's completion designations should also be counted toward Apple's allotted time at trial.

## II. SPECIFIC OBJECTIONS

Subject to and without waiving the General Objections stated herein, Core Wireless further identifies the following specific objections, as indicated in the chart attached as Exhibit A. The following is a key for the objection codes used in the chart:

| | |
|---|---|
| OS | Outside the scope of F.R.C.P. 30(b)(6) topics. Core Wireless objects to this designation because it is beyond the scope of the 30(b)(6) Notice. |
| R26 | F.R.C.P. 26. Core Wireless objects to this designation because it is outside the scope of Apple's Rule 26 Disclosures and contains information that Apple precluded Core Wireless from exploring and/or information that was not produced in discovery. |
| 106 | F.R.E. 106. Core Wireless objects to this designation as incomplete testimony. |
| 402 | F.R.E. 402. Core Wireless objects to this designation as testimony irrelevant to any material issue. |
| 403 | F.R.E. 403. Core Wireless objects to this designation as its probative value is outweighed by unfair prejudice, confusion of the material issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. |
| 602 | F.R.E. 602. Core Wireless objects to this designation because it calls for speculation and testimony for which the witness has no personal knowledge and/or the foundation necessary for its admission has not been laid. |
| 611 | F.R.E. 611. Core Wireless objects to this designation because it contains questioning that wastes time, harasses the witness, and/or is beyond the scope of the direct examination. |
| 701 | F.R.E. 701. Core Wireless objects to this designation because it constitutes or contains improper opinion by a lay witness, including for example, improper hypotheticals or improper legal conclusions or opinions. |
| 802 | F.R.E. 802. Core Wireless objects to this designation because it constitutes or contains inadmissible hearsay. |
| 901 | F.R.E. 901. Core Wireless objects to this designation because it contains evidence that is not authenticated. |
| 1002 | F.R.E. 1002. Core Wireless objects to this designation on the grounds of the Best Evidence Rule. |

Dated:  November 17, 2014　　　　　　　　　　Respectfully Submitted,

By:  */s/ Henry C. Bunsow*
　　　Henry C. Bunsow (California State Bar # 60707)
　　　Denise M. De Mory (California State Bar #168076)
　　　Brian A.E. Smith (California State Bar # 188147)
　　　Craig Y. Allison (California State Bar # 161175)
　　　**BUNSOW DE MORY SMITH & ALLISON LLP**
　　　351 California Street, Suite 200
　　　San Francisco, CA  94104
　　　Telephone:  (415) 426-4747
　　　Facsimile:  (415) 426-4744
　　　Email:  hbunsow@bdiplaw.com
　　　Email:  ddemory@bdiplaw.com
　　　Email:  bsmith@bdiplaw.com
　　　Email:  callison@bdiplaw.com

　　　Wesley Hill
　　　State Bar No. 24032294
　　　E-mail: wh@wsfirm.com
　　　T. John Ward, Jr.
　　　State Bar No. 00794818
　　　E-mail: jw@wsfirm.com
　　　**WARD & SMITH LAW FIRM**
　　　P.O. Box 1231
　　　1127 Judson Rd., Ste. 220
　　　Longview, Texas 75606-1231
　　　(903) 757-6400 (telephone)
　　　(903) 757-2323 (facsimile)

　　　**ATTORNEYS FOR PLAINTIFF**
　　　**CORE WIRELESS LICENSING S.A.R.L.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.



                                                    */s/ Henry C. Bunsow*
                                                      Henry C. Bunsow