CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**APPLE INC.,** )<br>)<br>Defendant. )<br>) | Civil Action No. 6:12-CV-100-LED<br><br><br>JURY TRIAL REQUESTED |

## NOTICE OF DISCLOSURE OF DEPOSITION OBJECTIONS AND COUNTER-DESIGNATIONS

Pursuant to the Discovery Control Order (Dkt. No. 65) and the Amended Docket Control Order (Dkt. No. 311), Defendant Apple Inc. ("Apple") provides its Objections and Counter-Designations to Plaintiff Core Wireless Licensing S.a.r.l's ("Core Wireless") Deposition Designations. Apple's Objections and Counter-Designations are attached hereto as Exhibit 1.[1]

Apple's Objections and Counter-Designations are not an admission that any particular testimony and/or exhibit is admissible. Apple specifically reserves the right to object to any testimony and/or exhibit as inadmissible under the Federal Rules of Evidence. Apple further reserves the right to seek to introduce any designated testimony, call any witness, or seek to introduce any exhibit listed in Core Wireless's Pretrial Disclosures and/or Deposition Designations if otherwise admissible; Apple's reservation of rights in this respect includes, but is not limited to, any deposition testimony that Core Wireless has affirmatively designated as part of its pre-trial submissions, but ultimately does not present to the jury. In addition, out of an

---

[1] On November 6, 2014, the parties jointly moved to dismiss U.S. Patent Nos. 7,529,271, 7,447,181, and 8,259,689. Pursuant to the parties' agreement to dismiss these patents, Apple has withdrawn certain affirmative designations relating to these patents. Apple has additionally agreed to withdraw certain other affirmative designations. Apple's 2nd Amended Deposition Designations are attached hereto as Exhibit 2.

abundance of caution, Apple has included designated testimony solely for rebuttal purposes which may be subject of motions *in limine* and/or objections at trial, and, if so, Apple will withdraw such designated testimony as necessary. Further, Apple has included testimony meant to rebut evidence that Apple may object to as inadmissible or move *in limine* to exclude.

Additionally, although Core Wireless has represented that it will seek to call Jukka Vialen live at trial, Apple has provided objections and counter-designations for Mr. Vialen out of an abundance of caution in the event that Core Wireless changes its position. The parties have agreed that any testimony that Apple has affirmatively designated or counter-designated for Mr. Vialen will not be counted towards Apple's limit of 10 hours of designated testimony pending the determination of whether Mr. Vialen will actually testify at trial.

*/s/ Joseph J. Mueller*
Joseph J. Mueller
(Massachusetts Bar No. 647567)
John J. Regan
(Massachusetts Bar No. 415120)
Cynthia D. Vreeland
(Texas Bar No. 20625150,
Massachusetts Bar No. 635143)
Kate Saxton
(Massachusetts Bar No. 150150)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Eric Miller Albritton
ALBRITTON LAW FIRM
111 West Tyler Street
Longview, TX 75601
(903) 757-8449
ema@emafirm.com

Dated: November 17, 2014

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated:  November 17, 2014

*/s/ Joseph J. Mueller*
Joseph J. Mueller