IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.,** | ) ) ) **CIVIL ACTION NO. 6:12-CV-100** |
| Plaintiff, | ) ) |
| | ) **JURY TRIAL DEMAND** |
| v. | ) ) |
| **APPLE INC.,** | ) ) |
| Defendant. | ) ) ) |

**JOINT NOTICE OF AGREED UPON PARAGRAPHS OF MOTIONS *IN LIMINE*** 

Pursuant to the Court's Docket Control Order (Dkt. No. 311), the parties hereby notify the Court that they have conferred on the pending motions *in limine* and agree as follows:

**I.    ISSUES RAISED IN CORE WIRELESS'S MOTION *IN LIMINE*[1]**

**ISSUE NO. 1: APPLE SHOULD BE PRECLUDED FROM MAKING DEROGATORY STATEMENTS, ARGUMENTS, OR CHARACTERIZATIONS ABOUT CORE WIRELESS OR ITS BUSINESS MODEL -** *Partially Agreed*

As stated in Apple's opposition (Dkt. 342), Apple agrees not to use the terms "patent troll," "lawsuit factory," or "litigation shop."

Apple agrees that it will not argue that Core Wireless's status as a foreign entity has any bearing on its ability to enforce patents in this case.

Apple agrees that it will not inform the jury that Core Wireless decided to incorporate in Luxembourg for purposes of avoiding taxes.

---

[1] *See* Core Wireless's Motion (Dkt. 334) and Apple's opposition (Dkt. 342).

Core Wireless agrees that Apple may refer to the relationship Core Wireless has with Conversant, Nokia and Microsoft.

Core Wireless agrees that Apple or Core Wireless may establish that Core Wireless is a "non-practicing entity," but maintains that any reference to its presence in Luxembourg is improper.

**ISSUE NO. 2: APPLE SHOULD BE PRECLUDED FROM MAKING REFERENCES TO PRIOR CLAIMS, CAUSES OF ACTION, OR FORMS OF RELIEF ASSERTED IN THIS LAWSUIT THAT HAVE BEEN DISMISSED, ABANDONED, OR DROPPED** – *Partially agreed*

Apple agrees not to refer to dropped claims.

All other issues remain in dispute.

**ISSUE NO. 3: APPLE SHOULD BE PRECLUDED FROM PRESENTING EQUITABLE DEFENSES TO THE JURY** – *Contested*

**ISSUE NO. 4: APPLE SHOULD BE PRECLUDED FROM MENTIONING, OR PRESENTING ARGUMENT OR QUESTIONING INTENDED TO DIVULGE THAT PLAINTIFF'S DAMAGES EXPERT, ROY WEINSTEIN, HAS HAD DAMAGE THEORIES REJECTED** – *Contested*

**ISSUE NO. 5: APPLE SHOULD BE PRECLUDED FROM REFERENCING OR PRESENTING EVIDENCE CONCERNING THE COST AND/OR PROFITABILITY OF THE BASEBAND CHIP AS THE SMALLEST SALEABLE UNIT FOR CALCULATING DAMAGES** – *Contested*

**ISSUE NO. 6: APPLE SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF ROYALTY STACKING OR PATENT HOLDUP** – *Contested*

**ISSUE NO. 7: APPLE'S DAMAGES EXPERT, DR. LYNDE, SHOULD BE PRECLUDED FROM REFERENCING THE PURPORTED ECONOMIC PURPOSES OF FRAND AND/OR CORE WIRELESS'S CONTRACTUAL FRAND OBLIGATIONS** – *Contested*

**ISSUE NO. 8: APPLE SHOULD BE PRECLUDED FROM PROVIDING TESTIMONY ABOUT HOW SOURCE CODE OPERATES DIFFERENTLY IN DIFFERENT VERSIONS OF ACCUSED IPHONES AND IPADS** – *Contested*

**ISSUE NO. 9: APPLE SHOULD BE PRECLUDED FROM INTRODUCING LITIGATION OR OTHER DOCUMENTS OF THIRD PARTIES REGARDING THEIR**

**UNDERSTANDING OF FRAND POLICIES OR TESTIMONY ON THIS SUBJECT** – *Contested\**

Apple agrees that the motion should be granted with respect to litigation documents if the Court grants Apple's motion to exclude documents related to its own litigations (Motion *in Limine* No.7). To the extent, however, that Core Wireless is permitted to introduce positions taken by Apple in contexts outside of this litigation, Apple maintains that it should similarly be allowed to introduce positions taken by Nokia and Microsoft, parties with a financial interest in the litigation and, in the case of Nokia, the former patent holder. Moreover, to the extent Core Wireless seeks to mislead the jury in arguing that Apple is alone in its positions on FRAND or ETSI policy, Apple maintains that it should be allowed to rebut that argument by demonstrating that third parties have expressed positions consistent with Apple's.

Core Wireless believes that the above paragraph that Apple seeks to introduce in this pleading, starting with the second sentence, is improper as it is argumentative and contains new arguments not included in Apple's briefing.

Core Wireless also maintains that Apple's and Core Wireless's motions raise distinct issues since Core Wireless's motion seeks to exclude positions taken by third-parties whereas Apple's seeks to exclude positions taken by a party to this case.

**ISSUE NO. 10: APPLE SHOULD BE PRECLUDED FROM REFERENCING OR PRESENTING ANY EVIDENCE CONCERNING ALLEGED DAMAGES RELATING TO ITS BREACH OF CONTRACT COUNTERCLAIMS.** – *Contested*

## II.     ISSUES RAISED IN APPLE'S MOTION *IN LIMINE*[2]

**ISSUE NO. 1: TO EXCLUDE EVIDENCE OF PA CONSULTING DATABASE** – *Contested*

**ISSUE NO. 2: TO EXCLUDE EVIDENCE OF THIRD-PARTY VALUATIONS OF CORE WIRELESS'S ENTIRE PATENT PORTFOLIO** – *Contested*

**ISSUE NO. 3: TO EXCLUDE EVIDENCE OF ONGOING SETTLEMENT NEGOTIATIONS** – *Contested*

**ISSUE NO. 4: TO EXCLUDE ANY REFERENCE TO CERTAIN STATEMENTS ALLEGEDLY MADE BY STEVE JOBS** – *Contested*

**ISSUE NO. 5: TO EXCLUDE EVIDENCE REGARDING THE LOCATION OF APPLE'S SUPPLIERS, MANUFACTURERS, OR ASSEMBLERS, INCLUDING EVIDENCE RELATING TO WORKING CONDITIONS OR LABOR ISSUES** – *Contested*

Core Wireless agrees that the motion should be granted if Core Wireless's first Motion *in Limine* is granted.

**ISSUE NO. 6: TO EXCLUDE EVIDENCE OF THE TOTAL PROFITS OR REVENUES FOR APPLE PRODUCTS, THE PRICE OF THE ACCUSED PRODUCTS, OR APPLE'S NET WORTH OR STOCK VALUE** – *Partially agreed*

Core Wireless agrees not to reference Apple's total worldwide profits or revenue, market capitalization or stock value.  Core Wireless does not agree that it should be excluded from presenting testimony related to the revenues, prices, and profits of the accused Apple products – *i.e.*, iPhones and iPads sold or imported into the United States.

**ISSUE NO. 7: TO EXCLUDE ANY REFERENCE TO, OR DOCUMENTS FROM, OTHER LITIGATIONS INVOLVING APPLE** – *Contested*

**ISSUE NO. 8: TO EXCLUDE REFERENCES TO THE CLEAR AND CONVINCING STANDARD OF PROOF IN TEXAS FAMILY CODE** – *Agreed*

**ISSUE NO. 9: TO PRECLUDE ANTTI TOSKALA FROM OFFERING AN EXPERT OPINION OR IMPROPER LAY OPINION** – *Contested*

---

[2] *See* Apple's Motion (Dkt. 333) and Core Wireless's opposition (Dkt. 341).

**ISSUE NO. 10: TO EXCLUDE REFERENCES TO APPLE'S ETSI DISCLOSURE PRACTICES** – *Contested*

Dated:  December 17, 2014

Respectfully Submitted,

| | |
|---|---|
| By: */s/ Henry C. Bunsow* <br> Henry Bunsow <br> (California State Bar # 60707) <br> Denise M. De Mory <br> (California State Bar #168076) <br> Brian A.E. Smith <br> (California State Bar # 188147) <br> Craig Y. Allison <br> (California State Bar # 161175) <br> **BUNSOW, DE MORY, SMITH & ALLISON LLP** <br> 351 California St. <br> San Francisco, CA  94101 <br> Telephone:  (415) 426-4747 <br> Facsimile:  (415) 426-4744 <br> Email:  hbunsow@bdiplaw.com <br> Email:  ddemory@bdiplaw.com <br> Email:  bsmith@bdiplaw.com <br> Email:  callison@bdiplaw.com <br><br> T. John Ward, Jr. (Texas Bar # 00794818) <br> Wesley Hill (Texas Bar # 24032294) <br> **WARD & SMITH LAW FIRM** <br> 1127 Judson Road, Suite 220 <br> Longview, Texas 75601 <br> Telephone:  (903) 757-6400 <br> Facsimile:  (903) 757-2323 <br> Email:  jw@wsfirm.com <br> Email:  wh@wsfirm.com <br><br> **ATTORNEYS FOR PLAINTIFF** <br> **CORE WIRELESS LICENSING S.A.R.L.** | By: */s/ Joseph J. Mueller* <br> Joseph J. Mueller <br> (Massachusetts Bar No. 647567) <br> John J. Regan <br> (Massachusetts Bar No. 415120) <br> Cynthia D. Vreeland <br> (Texas Bar No. 20625150 and <br> Massachusetts Bar No. 635143) <br> Kate Saxton (*pro hac vice*) <br> (Massachusetts Bar no. 150150) <br> **WILMER CUTLER PICKERING HALE & DORR LLP** <br> 60 State Street <br> Boston, Massachusetts 02109 USA <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 <br> Email:  joseph.mueller@wilmerhale.com <br> Email:  john.regan@wilmerhale.com <br> Email:  cynthia.vreeland@wilmerhale.com <br> Email:  kate.saxton@wilmerhale.com <br><br> Eric M. Albritton <br> (Texas State Bar No. 00790215) <br> **ALBRITTON LAW FIRM** <br> P.O. Box 2649 <br> Longview, Texas 75606 <br> Telephone: (903) 757-8449 <br> Facsimile: (903) 758-7397 <br> Email:  ema@emafirm.com <br><br> **COUNSEL FOR APPLE INC.** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail.

Dated:  December 17, 2014

*/s/ Henry C. Bunsow*
Henry C. Bunsow

Case 6:12-cv-00100-LED-JDL   Document 351   Filed 12/17/14   Page 7 of 7 PageID #:  18387