IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., § § § § Plaintiff, § § v. § § APPLE INC., § § Defendant. § | § § § § § § § § § § § | CASE NO. 6:12-CV-100-JRG |

## MEMORANDUM ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motion for Attorneys' Fees and Bill of Costs (Dkt. No. 441) ("Mot."). Plaintiff Core Wireless Licensing S.a.r.l. ("Core") opposes the motion.

The Court, having reviewed the Parties' briefing and the evidence in light of the applicable law, finds, for the reasons stated below, that Apple's motion (Dkt. No. 441) should be **DENIED-IN-PART** and **GRANTED-IN-PART**.

### APPLE'S MOTION FOR ATTORNEYS' FEES

"A court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). *See also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination whether a case is 'exceptional' under § 285 is a matter of discretion."). "After determining that a case is exceptional, the district court must determine whether attorney fees are appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460

(Fed. Cir. 1998) (citations omitted). An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756.

The reasonableness of a party's litigation conduct does not ultimately depend upon that party's success at trial. Similarly, the Court agrees with Apple's counsel that counsel's use of every available tool in litigation in zealous advocacy of their client does not automatically make a case exceptional. *See* July 1, 2015, Hearing Tr., Dkt. No. 586 in *Smartflash LLC, et al. v. Apple Inc.*, Case No. 6:13-CV-447, at 128:3–8 ("But if you find that we engaged in zealous representation of our client, vigorous defense, I would submit, Your Honor, that's the truth, and that's what the record reflects, then that absolutely is not exceptional conduct. That is conduct to be [expected] of professional advocates."). Rather, the analysis must be done on a case-by-case basis. *See Octane Fitness*, 134 S. Ct. at 1756. Considering the totality of the circumstances in this case, the Court finds that Apple has not demonstrated by a preponderance of evidence that the case stands out from others with respect to the litigation conduct by the Plaintiff so as to be deemed exceptional. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014).

## CONCLUSION

For the reasons discussed above, the Court **DENIES-IN-PART** Apple's Motion for Attorneys' Fees and Bill of Costs (Dkt. No. 441) as to attorneys' fees. However, the Court finds that Apple is the prevailing party and should be awarded reasonable, taxable costs in this matter. Accordingly, the Court **GRANTS-IN-PART** Apple's Motion as it relates to Apple's costs and **ORDERS** the following:

- As the prevailing party, Apple is awarded taxable costs.  Apple is **ORDERED** to produce individualized invoices within fourteen (14) days providing, in detail, its support for its requests for costs in the subcategory of "Graphics."  Thereafter, the Court will enter an order supplementing this order by specifying the approved monetary amount of such costs.

**So ORDERED and SIGNED this 11th day of August, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE