**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CORE WIRELESS LICENSING S.A.R.L., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 6:12-cv-100-JRG |
| APPLE INC., | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Core Wireless Licensing S.A.R.L.'s ("Core") Motion to Alter or Amend Judgment Regarding Costs. (Dkt. No. 474.) Defendant Apple Inc. ("Apple") opposes the motion. (Dkt. No. 478.)

The Court, having reviewed the Parties' briefing and the evidence in light of the applicable law, finds, for the reasons stated below, that Core's motion (Dkt. No. 474) should be **DENIED.**

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); accord *Tex. Instruments, Inc. v. Hyundai Elecs Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). Only three grounds permit granting a motion to reconsider: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

- 2 -

Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim*, 212 F.R.D. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id.* at 331. Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Commc'ns. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Prior to issuing its Final Judgment (Dkt. No. 470), the Court previously considered the briefing from both parties on the issue of costs in denying-in-part and granting-in-part Apple's Motion for Attorneys' Fees and Bill of Costs (Dkt. No. 441). After granting Apple's request on the issue of costs, the Court ordered Apple to produce detailed invoices of the costs it alleged were recoverable. After reviewing the parties' arguments regarding the appropriateness of various categories of costs and the entire record, as well as Apple's invoices, the Court deemed that the costs requested by Apple were reasonable and appropriate. Core has not presented any new evidence, intervening change in case law, or a clear error that casts doubt on the Court's decision to award costs.

Accordingly, the Court hereby **DENIES** Core's Motion to Alter or Amend Judgment Regarding Costs (Dkt. No. 474).

**So ORDERED and SIGNED this 26th day of January, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE